# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA EX REL. VERMONT NATIONAL TELEPHONE COMPANY,**<br><br>          Plaintiff,<br><br>v.<br><br>**NORTHSTAR WIRELESS, L.L.C., et al.,**<br><br>          Defendants. | Case No. 1:15-cv-00728-CKK |

### DEFENDANTS' REPLY IN SUPPORT OF MOTION
### TO TEMPORARILY STAY CASE PENDING RELATED APPEAL

Defendants respectfully submit this short reply memorandum in support of their motion for an order staying the proceedings in this matter pending resolution of *SNR Wireless LicenseCo, LLC & Northstar Wireless, LLC v. FCC*, Nos. 15-1330, 15-1331, 15-1332, 15-1333 (D.C. Cir. argued Sept. 26, 2016):

1.    Relator's opposition to Defendants' motion does not dispute the significant overlap between the allegations in Relator's Complaint and the issues on appeal before the United States Court of Appeals for the District of Columbia Circuit. And for good reason: both cases involve the same auction, the same bidding activity, the same administrative proceeding, the same allegations, and the same determination regarding Northstar's and SNR's eligibility for bidding credits. Indeed, Northstar and SNR are challenging in the D.C. Circuit the Federal Communication Commission's ("FCC") determination that they are under the *de facto* control of DISH, and thus do not qualify for bidding credits as "very small businesses." Here, as Relator

itself puts it, the "central tenet" of its Complaint is that, "through the auction application and payment process," Northstar and SNR "falsely certified that they qualified as 'very small businesses'" and were entitled to bidding credits, despite being "under the *de facto* control of DISH." Dkt 48 at 3.  Relator presented this same argument to the FCC, which rejected Relator's allegations of fraud, while finding that Northstar and SNR were not "very small businesses." *See* Dkt 48 at 4; *Northstar Wireless, LLC, SNR Wireless LicenseCo, LLC, Applications for New Licenses in the 1695-1710 MHz, and 1755-1780 MHz and 2155-2180 MHz Bands*, 30 FCC Rcd. 8887 ¶¶ 9, 129, 132, 133 (Aug. 18, 2015) ("FCC Order").

      2.     Relator contends that a stay here would be appropriate only if the D.C. Circuit's decision would be "outcome-determinative."  Dkt 48 at 5-6.  But that is not the test.  Rather, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with *economy of time and effort for itself, for counsel, and for litigants*," *Wrenn v. District of Columbia*, No. 15-162 (CKK), 2016 WL 1555675, at \*1 (D.D.C. Apr. 15, 2016) (quoting *Air Line Pilots Ass'n v. Miller*, 523 U.S. 866, 880 (1998)) (emphasis added), and thus a stay is appropriate if the effect of a collateral proceeding on the underlying action is not speculative, *see id.* at \*3 (holding stay inappropriate because "Plaintiff's arguments regarding the future effect of any decision by the D.C. Circuit on the interlocutory appeal [was] highly speculative"); *id.* ("speculation … is not the proper basis for staying these proceedings"); *see also Naegele v. Albers*, 355 F. Supp. 2d 129, 140 (D.D.C. 2005) ("[A] trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." (internal quotation marks and alteration omitted)); *Al-Anazi v. Bush*, 370 F. Supp. 2d 188, 199 (D.D.C. 2005) ("In the interest of judicial economy and avoiding

unnecessary litigation, the Court will grant respondents' motion to stay the case pending appellate review of important issues relating to [the case].  Nothing will be gained by this Court addressing issues the D.C. Circuit is about to decide.").  It is anything but speculative that the D.C. Circuit's decision will address legal and factual issues (based on the same underlying auction and administrative proceeding) that are presented by this case, and thus it will promote judicial economy and efficiency for the parties to brief dispositive motions *after* the D.C. Circuit has issued its decision.  (In *Wrenn*, in contrast, the impact of a pending appeal was too speculative to support a stay in large part because the appellate decision would turn on a then-undeveloped factual record.  2016 WL 1555675, at *1.)

3. Relator also argues that Defendants will not be subject to any hardship absent a stay.  Dkt 48 at 7.  But without a stay, Defendants and Plaintiff will have to draft and file briefs on dispositive motions without the D.C. Circuit's decision, and then will almost certainly submit supplemental briefs that address that decision when it issues.  It makes little sense to require the parties to engage in that unnecessary expenditure of time and effort, and a stay would thus protect Defendants (and the Court) from "the expenditure of unnecessary resources."  *Hicks v. Bush*, 397 F. Supp. 2d 36, 45 (D.D.C. 2005).  And the stay is of limited duration:  Oral argument was held almost four weeks ago, and Defendants believe a decision is likely within just a few months.

4. Finally, Relator contends that a stay would cause it and the United States substantial harm because, Relator argues, the United States has suffered "some $3.3 billion in reduced payments" as a result of the credits claimed by Northstar and SNR.  Dkt 48 at 7.  The United States, of course, declined to intervene in this litigation.  Perhaps more important, Relator's argument (like its Complaint) ignores entirely that as a result of the FCC Order that is

being challenged in the D.C. Circuit, Northstar and SNR were not awarded the bidding credits that are the focus of Relator's Complaint, and thus to date neither Defendant has received *any* license at a discounted price.  *See* FCC Order ¶ 4.  Instead, following the FCC Order, Northstar and SNR paid the full auction price to the FCC for spectrum licenses they retained; agreed to the re-auction of licenses they did not retain; and will reimburse the government if those licenses sell for lower prices than their full Auction 97 prices.[1]  Relator is thus incorrect to contend that the United States will somehow continue to suffer $3.3 billion in harm while this matter is stayed.

For these reasons, Defendants respectfully request that the Court stay these proceedings until the D.C. Circuit issues its decision.  Because Defendants are currently required to respond to the Complaint on November 2, they also respectfully request an extension of that deadline until fourteen days after the Court rules on the stay motion (in the event the Court denies that motion).

Dated:  October 21, 2016.

                          Respectfully submitted,

                          /s/ Carl J. Nichols

---

[1] *See* Letter from Roger C. Sherman, Chief, FCC Wireless Telecommunications Bureau, to Mark F. Dever, Counsel for Northstar Wireless, LLC (Oct. 1, 2015), https://apps.fcc.gov/edocs_public/attachmatch/DA-15-1108A1.pdf; Letter from Roger C. Sherman, Chief, FCC Wireless Telecommunications Bureau, to Ari Q. Fitzgerald, Counsel for SNR Wireless LicenseCo, LLC (Oct. 1, 2015), https://apps.fcc.gov/edocs_public/attachmatch/DA-15-1109A1.pdf.

Howard M. Shapiro (#454274)
Carl J. Nichols (#466889)
WILMER CUTLER PICKERING
HALE AND DORR LLP
1875 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
202-663-6000
howard.shapiro@wilmerhale.com
carl.nichols@wilmerhale.com

*Counsel for Defendants American AWS-3 Wireless I L.L.C., American AWS-3 Wireless II L.L.C., American AWS-3 Wireless III L.L.C, DISH Wireless Holding L.L.C., DISH Network Corporation, Charles W. Ergen, and Cantey M. Ergen*

Jonathan Diesenhaus (#423753)
David Sharfstein (#1034400)
HOGAN LOVELLS U.S., L.L.P.
555 Thirteenth Street, N.W.
Washington, D.C. 20004-1190
202-637-5600
jonathan.diesenhaus@hoganlovells.com
david.sharfstein@hoganlovells.com

*Counsel for Defendants SNR Wireless Licenseco, L.L.C., SNR Wireless Holdco, L.L.C., SNR Wireless Management, L.L.C., Atelum L.L.C., and John Muleta*

Peter B. Hutt II (#427331)
Benjamin Razi (#475946)
COVINGTON & BURLING LLP
850 Tenth Street, N.W.
Washington, D.C. 20001-4956
202-662-6000
phuttjr@cov.com
brazi@cov.com

*Counsel for Defendants Northstar Wireless, L.L.C., Northstar Spectrum, L.L.C., Northstar Manager, L.L.C., Doyon, Limited, Miranda Wright, and Allen M. Todd*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on October 21, 2016, I electronically filed the foregoing using the Court's CM/ECF system, which will send electronic notification of such filing to all parties that have entered an appearance in this action.

      /s/ Carl J. Nichols