IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* VERMONT NATIONAL TELEPHONE CO., <br><br> Plaintiffs, <br><br> v. <br><br> NORTHSTAR WIRELESS, L.L.C. *et al.*, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 15cv0728 (CKK) <br> ) <br> ) <br> ) <br> ) <br> ) |

## UNITED STATES' STATEMENT OF INTEREST

The United States respectfully submits this Statement of Interest pursuant to the False Claims Act ("FCA"), 31 U.S.C. §§ 3729-3733, and 28 U.S.C. § 517 to assist this Court in deciding whether to continue to stay this case pending resolution of an ongoing Federal Communications Commission ("FCC" or "Commission") proceeding regarding whether and how defendants Northstar Wireless, L.L.C. ("Northstar") and SNR Wireless LicenseCo, L.L.C. ("SNR") can alter their relationship with defendant DISH Network Corporation ("DISH") so as to entitle Northstar and SNR to the bidding credits for "very small businesses" that were previously denied.

The FCA is the "government's primary litigative tool for the recovery of losses sustained as the result of fraud against the government." *Avco Corp. v. U.S. Dep't of Justice*, 884 F.2d 621, 622 (D.C. Cir. 1989). The government, therefore, has a significant interest in how decisions by the courts, even in declined actions, may shape future enforcement of the statute. Moreover, although the United States has declined to intervene in this case, it remains the real party in interest. *United States ex rel. Eisenstein v. City of New York*, 556 U.S. 928, 934 (2009).

This Court previously stayed this case based on its belief that a decision in the ongoing FCC proceeding could constitute "guidance from the FCC" that "would [] be of assistance to the Court in ruling on a motion to dismiss." *See* Dec. 12, 2017 Memorandum Opinion and Order at 7 (Dkt. 59). As discussed below, however, the United States submits that the outcome of the FCC proceeding is unlikely to shed light on the allegations in the Relator's complaint that the Defendants failed to disclose material information to the FCC as required by the auction rules, and therefore the pending FCC proceeding does not warrant continuation of the stay.

## ARGUMENT

In his complaint, the Relator alleges that the Defendants failed to disclose material information to the FCC as required by the auction rules. For example, Paragraph 116 of the Relator's complaint states:

> Moreover, Northstar Wireless and SNR Wireless certified, pursuant to 47 C.F.R. § 1.205(viii)-(ix), that they had identified all agreements, arrangements, or understandings of any kind relating to the licenses being auctioned, including any such agreements relating to the post-auction market structure. These certification [sic] were also false. As clearly established by expert analysis of the entities' behavior during the auction, the DISH-Controlling **Defendants necessarily had an agreement or arrangement with Northstar Wireless and SNR Wireless to obtain, or use, or buy and re-sell the spectrum purchased during the auction after the five-year non-transfer period. No such agreement was disclosed by Defendants.**

(emphasis added). The allegation that the Defendants allegedly failed to disclose material information will likely not be informed by the ongoing FCC proceeding.

The focus of the FCC proceeding is whether DISH will still exercise *de facto* control over SNR and Northstar given the modifications that they have made to their contractual arrangements. As the D.C. Circuit ordered, these proceedings are intended only to provide SNR and Northstar "an opportunity to seek to negotiate a cure for the *de facto* control" exercised by DISH. *SNR Wireless LicenseCo, LLC v. FCC*, 868 F.3d 1021, 1025 (D.C. Cir. 2017), *cert.*

2

*denied*, 138 S. Ct. 2674 (2018).  As such, SNR and Northstar are being allowed to "renegotiate [their] respective agreements with DISH and the other parties and then file the necessary documentation . . . to demonstrate that, in light of such changes, each Applicant qualifies for the very small business bidding credit that it sought in Auction 97."  *Northstar Wireless, LLC; SNR Wireless LicenseCo, LLC*, FCC 18-98, 2018 WL 3414810, at *2 (July 12, 2018) (quotation marks and citations omitted).  Based upon the "necessary documentation" filed by SNR and Northstar, along with any public comments, "the Commission will determine if either Applicant qualifies for the very small business bidding credit it sought in Auction 97."  *Id.*  Thus, the ongoing administrative proceeding will likely not consider whether Defendants violated their disclosure obligations to the FCC.

In fact, the current administrative proceeding assumes full compliance with the applicable disclosure requirements.  *See, e.g.*, 47 C.F.R. § 1.17 (requiring truthful and accurate statements to the FCC).  Notably, the FCC, in its original decision to deny SNR and Northstar the bidding credits, declined to disqualify those entities from holding any wireless licenses for a lack of candor based upon a finding that "the Applicants and DISH disclosed their ownership structures and related Agreements as required, and proceeded under an incorrect view about how the Commission's affiliation rules apply to these structures" and there was "no substantial and material question of fact as to whether SNR and Northstar have shown a lack of truthfulness or reliability in their dealings with the Commission." FCC 2015 Order ¶ 132.  The FCC is thus operating under the assumption that the Defendants have made full and truthful disclosures.  Indeed, if this case were to uncover evidence that the Defendants violated their disclosure obligations, that evidence would be relevant to the ongoing administrative proceeding.  For that

3

reason, the Commission has a substantial interest in any discovery produced in this case that relates to Defendants' alleged failure to disclose material facts to the Commission.

Finally, the administrative proceeding will not likely conclude anytime soon. Final comments to the proposed structural changes by SNR and Northstar are due October 22, 2018, after which the FCC will need an appropriate period of time to reach a decision and issue an order. Moreover, SNR and Northstar may appeal any such order to the D.C. Circuit. Final resolution of the current FCC proceeding may follow a timeline similar to the original decision by the FCC, in which just over two years passed between the FCC's order denying SNR and Northstar the bidding credits and the D.C. Circuit's opinion affirming that order.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

JESSIE K. LIU
United States Attorney for the District of Columbia

~~DANIEL~~ F. VAN HORN
Chief, Civil Division

_____
DARRELL C. VALDEZ, D.C. Bar # 420232
Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia
555 4th Street, N.W., Civil Division
Washington, D.C. 20530
(202) 252-2507

MICHAEL D. GRANSTON
PATRICIA L. HANOWER
BENJAMIN C. WEI
Attorneys, Civil Division,
Commercial Litigation Branch
U.S. Department of Justice
Post Office Box 261

Washington, D.C. 20044
(202) 616-2875

Attorneys for the United States of America