UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* VERMONT NATIONAL TELEPHONE COMPANY,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>NORTHSTAR WIRELESS, LLC, *et al.*,<br><br>　　　　　　Defendants. | Civil Action No. 15-00728 (CKK) |

**JOINT INITIAL SCHEDULING CONFERENCE REPORT**

Plaintiff/Qui Tam Relator Vermont National Telephone Company ("Relator") and Defendants SNR Wireless Licenseco, LLC, SNR Wireless Holdco, LLC, SNR Wireless Management LLC, Atelum LLC, John Muleta, Northstar Wireless LLC, Northstar Spectrum, LLC, Northstar Manager, LLC, Doyon, Limited, Miranda Wright, Allen M. Todd, American AWS-3 Wireless I LLC, American AWS-3 Wireless II LLC, American AWS-3 Wireless III LLC, DISH Wireless Holding LLC, DISH Network Corporation ("DISH"), Charles W. Ergen, and Cantey M. Ergen (collectively, "Defendants") file this Joint Initial Scheduling Conference Report pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Rule 16.3 of the Local Civil Rules, and this Court's August 29 and September 1 Orders setting an initial scheduling conference. The parties conferred via telephone on September 30, 2022 and later exchanged drafts of this report via electronic mail, and their respective positions are set forth below.

As detailed in section III, the parties believe that there remain several issues regarding discovery that are necessary to discuss at the October 28 Rule 16 Conference.

I. **BRIEF STATEMENT OF THE CASE AND STATUTORY BASIS FOR ALL CAUSES OF ACTION AND DEFENSES**

Relator's Statement:  Relator, on behalf of the United States of America, alleges that Defendants knowingly conceived and executed a plan to buy access to wireless spectrum at heavily discounted prices, using sham entities created and financed by DISH—a publicly traded company with billions in revenues—to obtain auction bidding credits the Federal Communications Commission ("FCC") had reserved for "very small businesses."  As a result of Defendants' fraud, the sham entities paid only $10 billion to the United States on the payment due date for the wireless spectrum they won at auction instead of the approximately $13.3 billion that was owed.

The United States has thus been damaged in the amount of at least $3.3 billion as a consequence of Defendants' fraud.  Defendants' actions violated 31 U.S.C. § 3729 and entitle the United States to three times the loss it has incurred, as well as statutory penalties for each bid under false representations and certifications made or caused to be made by Defendants.  Relator also asserts that Defendants are liable for all costs of this action, including Relator's attorney's fees and expenses as required by statute.  Relator also seeks a determination that it be awarded the maximum share allowed by 31 U.S.C. § 3730(d).

Defendants' Statement:  Relator's statement of the case reflects the allegations in their initial complaint, rather than the more limited allegations that appear in their amended complaint. Defendants deny VTel's allegations of fraud in its narrower amended complaint (and the abandoned ones from the initial complaint).  Relying entirely on public information, VTel alleges in its amended complaint an undisclosed secret agreement that did not exist and damages from discounts that were never awarded.  The FCC, through exercise of its regulatory authority to police the auction at issue, withheld the discounts such that any spectrum bought was paid for in full.  There was no fraud on the FCC.  There were no damages suffered.  The government declined

to intervene, and it is improper for a losing bidder to use the False Claims Act as a cudgel against business competitors.

VTel asserts—as the amended complaint's sole theory of liability—that Defendants "necessarily" had one or more secret, undisclosed agreements *in addition to* the extensive agreements they disclosed to the FCC. That sole theory of liability is premised on nothing more than Defendants' corporate structures, the disclosed agreements between and among them, and their conduct during the auction, all of which was both made public by the FCC and reported in the press before VTel filed this suit. In fact, based on the same public information, VTel and other auction participants presented the same allegation of fraud to the FCC in post-auction administrative proceedings. The FCC rejected the allegation.

Despite finding no fraud, the FCC determined for other reasons that Northstar and SNR were not entitled to price discounts. And indeed, Northstar and SNR did not ultimately receive any discounts; they paid full price for the licenses they retained as well as a monetary penalty (in accordance with FCC rules) for the licenses they did not retain, and they remain obligated to make up the difference if the latter licenses are ultimately sold for less than Northstar's and SNR's bids. VTel nevertheless filed this FCA action and chose to pursue it after the United States declined to intervene.

VTel's fraud allegations are baseless. In addition, the alleged conduct caused no injury to the United States. VTel's claims also fall squarely within the FCA's public-disclosure bar, 31 U.S.C. §3730(e)(4), and should be dismissed on that ground. As discussed more fully below, Defendants intend to file a motion for judgment on the pleadings based, *inter alia*, on the public-disclosure bar after the United States completes its deliberations regarding any possible exercises of its statutory authority under the False Claims Act.

## II.   DISCOVERY PLAN AND PROPOSED SCHEDULE

The parties have agreed on certain time frames between each step in the proposed schedule. The parties, however, dispute several key deadlines and each party's proposed schedule is noted in the following:

| Item | Proposed Deadlines[1] |
|---|---|
| Initial Disclosures | Parties' Proposal: November 23, 2022 |
| Motion to Add Parties or Amend Pleadings | Relator's Proposal: January 10, 2023<br><br>Defendants' Proposal: November 23, 2022 |
| Deadline for Producing Documents | Relator's Proposal: February 28, 2023 [or 5 months from the commencement of discovery].  Discovery commenced with the parties' Rule 26(f) conference on September 30, 2022, and a deadline for production of documents is an important interim benchmark to keep discovery moving forward and on schedule, and to minimize requests to extend discovery due to an inadequate amount of time to conduct depositions after document production is complete.  If Defendants have concerns about potential compliance with *Touhy* requests—which Defendants have not even issued—Relator is willing to exempt the government from this deadline.<br><br>Defendants' Proposal: All discovery dates should be keyed off the Court's ruling on Defendants' forthcoming motion for judgment on the pleadings, discussed in Part III.A. below. Defendants believe that it is premature to set a deadline for completion of production of documents.  Among other things, a substantial number of documents will be requested from the government by Defendants, and there have been no discussions with the relevant agencies with respect to the timing of productions.  The Touhy process is often a lengthy one.  Relator's proposal to |

---

[1] The parties agree that email to counsel of record is a sufficient method of service as among the parties.

| | |
|---|---|
| | exempt the government from the deadline is not practical, as the documents in the government's possession are necessary for depositions and may be necessary for additional discovery requests.  If, however, the Court is inclined to set a deadline for completion of production of documents, Defendants propose five months from the Court's ruling on Defendants' motion for judgment on the pleadings. |
| Deadline for Privilege Logs | <u>Relator's Proposal:</u> March 15, 2023 [or 15 days following the deadline for producing documents]. Again, if Defendants have concerns about potential compliance with *Touhy* requests—which Defendants have not even issued—Relator is willing to exempt the government from this deadline.<br><br><u>Defendants' Proposal:</u> As noted, all discovery dates should be keyed off the Court's ruling on Defendants' Rule 12(c) motion.  Defendants believe it is premature to set a deadline for completion of production of privilege logs.  Among other reasons, the parties have not engaged with the relevant government agencies as part of the lengthy Touhy process to determine how much time is needed for the government to produce its logs.  Defendants anticipate there may be deliberative-process-privilege issues that will likely take time to address.  If, however, the Court is inclined to set a deadline for completion of production of documents, Defendants propose that privilege logs be completed six months from the Court's ruling on Defendants' motion for judgment on the pleadings. |
| Close of Fact Discovery | <u>Relator's Proposal:</u> July 31, 2023 [or 10 months from the commencement of discovery]<br><br><u>Defendants' Proposal:</u>  Twelve months after the Court's ruling on Defendants' motion for judgment on the pleadings. |
| Expert Disclosures | <u>Relator's Proposal:</u><br>- <u>Relator's Expert Disclosure:</u>  August 30, 2023 [or 30 days following the close of fact discovery]. |

|  | - <u>Defendants' Expert Disclosure</u>:  September 29, 2023 [or 30 days following service of Relator's expert disclosure].<br>- <u>Relator's Rebuttal Expert Disclosure</u>: October 30, 2023 [or 31 days following service of Defendants' expert disclosure]<br><br><u>Defendants' Proposal:</u><br>- <u>Relator's Expert Disclosure</u>:  Thirty days following the close of fact discovery.<br>- <u>Defendants Expert Disclosure</u>:  Sixty days following service of relator's expert disclosure.<br>- <u>Rebuttal Expert Disclosure</u>:  Thirty days following service of Defendants' expert disclosure. |
|---|---|
| Close of Expert Discovery | <u>Parties' Proposal:</u> Thirty days after service of relator's rebuttal expert disclosure.<br><br>[Note: Under Relator's proposed schedule, the date would be November 29, 2023.] |
| Dispositive Motions Due | <u>Parties' Proposal:</u> Forty-five days after the close of expert discovery.<br><br>[Note: Under Relator's proposed schedule, the date would be January 15, 2024.] |
| Opposition to Dispositive Motions Due | <u>Parties' Proposal:</u> Forty-five days after filing of dispositive motions.<br><br>[Note: Under Relator's proposed schedule, the date would be February 29, 2024.] |
| Reply in Support of Dispositive Motions Due | <u>Parties' Proposal</u>: Thirty days after the filing of opposition briefs.<br><br>[Note:  Under Relator's proposed schedule, the date would be April 1, 2024.] |
| Final Pretrial Conference | <u>Parties' Proposal</u>: Thirty days after resolution of dispositive motions, or at the Court's convenience. |

### III.  REPORT ON TOPICS ADDRESSED PURSUANT TO LOCAL RULE 16.3 AT 26(F) CONFERENCE

####     A.     **Dispositive Motions**

Relator's Position:  Given that dispositive pre-discovery motions have already been resolved and disputed issues of fact are now subject to discovery, Relator does not believe the case can be disposed of by an additional dispositive motion under Rule 12 of the Federal Rules of Civil Procedure. Defendants' proposed Rule 12(c) motion is improper for multiple reasons.  Among other things, the D.C. Circuit has already held that that "Vermont Telephone has adequately pleaded its claims" as to all Defendants.  *United States ex rel. Vermont Nat'l Tel. Co. v. Northstar Wireless, LLC*, 34 F.4th 29, 38–39 (D.C. Cir. 2022).  That is the law of the case.  In addition, Defendants raised the public disclosure bar in their motion to dismiss, withdrew it in their reply, and represented to this Court that "for purposes of the motion to dismiss only, Defendants now withdraw without prejudice the public-disclosure-bar arguments raised in their opening memorandum ***as a basis for dismissal of any claim in the amended complaint***." Dkt. No. 80 at 2 n.2. (emphasis added).  Defendants should not be permitted to now resurrect their 12(b)(6) argument in a seriatim Rule 12 motion—where Defendants triggered Rule 12(g)(2) by raising that argument in the initial Rule 12(b)(6) motion— following appeal and after representing to the Court that the argument had been withdrawn. Defendants are, in effect, seeking to indefinitely delay discovery while they bring each of their defenses, even those available to them when they filed Rule 12(b) motions, in seriatim.

However, even if a Rule 12(c) motion were procedurally proper, the Relator has been advised by the Department of Justice ("DOJ") that it is deciding whether to exercise any of its statutory rights under the FCA, 31 U.S.C. §§ 3729-3733, in response to any Rule 12 motion the Defendants may file. The Relator has agreed to a 14-day extension for the Defendants to respond to Relator's discovery requests to give the DOJ additional time to make that decision.

Defendants' Position: Defendants intend to file a Rule 12(c) motion for judgment on the pleadings, seeking dismissal of all of relator's claims based on the FCA's public-disclosure bar. Alternatively, the motion will seek dismissal of a number of individual Defendants and certain defendant entities on grounds briefed as part of Defendants' Rule 12(b)(6) motion, but which the Court did not need to reach because the lawsuit was dismissed in its entirety on other grounds. On October 19, 2022, the United States (the real-party-in-interest plaintiff here), asked Defendants to hold off on filing their Rule 12(c) motion for thirty days to allow the United States time to complete its deliberations regarding any possible exercises of its statutory authority under the False Claims Act. Defendants agreed to the government's request and have not yet filed their motion.

Relator's three procedural arguments that a 12(c) motion—which is of course expressly authorized by the Federal Rules—would be "improper" are borderline frivolous and serve only to underline the substantive strength of the motion.

First, relator suggests that the D.C. Circuit's statement that VTel had adequately pleaded its claims somehow precludes a public-disclosure dismissal. That is obviously wrong; the court's statement was about only Defendants' arguments that relator's overall fraud theory was implausible and that the claims overall were not pleaded with the particularity that Federal Rule of Civil Procedure 9(b) requires. Public disclosure was not raised in the appeal, and the D.C. Circuit never even mentioned that issue.

Second, relator says Defendants should not be allowed to argue the public-disclosure bar "after representing to the Court that the argument had been withdrawn." But as shown by the language relator quotes from Defendants' reply in support of their motion to dismiss, the public-disclosure argument was withdrawn "without prejudice" and "for purposes of the motion to

dismiss only." Dkt. No. 80 at 2 n.2.  Defendants never "represent[ed]" (to use relator's word) that they would not argue public disclosure at a later point in the litigation.

Third, relator says Defendants "triggered Rule 12(g)(2) by raising [public disclosure] in the initial Rule 12(b)(6) motion." But Federal Rule of Civil Procedure 12(g)(2) provides (with emphasis added) that "*[e]xcept as provided in Rule 12(h)(2)* or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion."  And Rule 12(h)(2) provides that "[f]ailure to state a claim upon which relief can be granted … may be raised … by a motion under Rule 12(c)."  As courts have unanimously held, a public-disclosure defense is a defense of "failure to state a claim upon which relief can be granted."  *See United States ex rel. Osheroff v. Humana Inc.*, 776 F.3d 805, 810 (11th Cir. 2015); *United States ex rel. Harper v. Muskingum Watershed Conservancy District*, 842 F.3d 430, 435 (6th Cir. 2016); *United States ex rel. Kraxberger v. Kansas City Power & Light Co.*, 756 F.3d 1075, 1082 (8th Cir. 2014).  As another judge in this district put it, the current public-disclosure bar (unlike the version before Congress last amended it in 2010) "does not deprive the Court of subject matter jurisdiction, but merely deprives the plaintiff of his claim." *United States ex rel. Shea v. Verizon Communications, Inc.*, 160 F.Supp.3d 16, 24 (D.D.C. 2015), *aff'd sub nom. United States ex rel. Shea v. Cellco Partnership*, 863 F.3d 923 (D.C. Cir. 2017).  A Rule 12(c) motion raising the public-disclosure bar thus falls under Rule 12(h)(2)'s exception to Rule 12(g)(2).[2]

---

[2] Even if the public disclosure bar were jurisdictional, it would fall under Rule 12(h)(3)—which provides for dismissal "[i]f the court determines at any time that it lacks subject-matter jurisdiction"—and would therefore be a proper subject of a Rule 12(c) motion.

### B. Defendants have filed a motion for a protective order to defer all discovery deadlines for thirty days.

As noted, on October 19, 2022, the government requested that Defendants defer filing their Rule 12(c) motion for thirty days. By the time the government made this request, relator had already served over *three hundred* document requests on Defendants and third parties, with nominal response deadlines just days after the initial scheduling conference set by this Court. (In fact, relator began serving these late on a Friday evening, just hours after the parties spoke by phone to begin the meet-and-confer process.) Defendants therefore suggested to the United States that any deferral of the filing of the Rule 12(c) motion should occur in conjunction with an equivalent deferral of the pending discovery deadlines. Defendants understand that the United States, in response, asked relator to agree to such an equivalent 30-day deferral, and that relator refused, stating instead that it would agree only to 14 days, and only on condition that Defendants file no motions during that time. Relator's position is set forth above. Defendants could not agree to that proposal because it was not consistent with the timeframe that the United States had stated was appropriate and necessary, and accordingly filed their motion for protective order. Once their Rule 12(c) motion is filed, Defendants plan to seek a further protective order deferring discovery until the Rule 12(c) motion is resolved, because the 12(c) motion, if successful, would obviate the need for any discovery.

### C. Joinder of Parties and Amendment of Pleadings

The parties do not anticipate joining additional parties or amending the pleadings. Relator recommends that any motion to add parties or amend pleadings be filed by January 10, 2023.

Defendants recommend that any motion to add parties or amend pleadings be filed on the same day that initial disclosures are due, which is jointly proposed to be November 23, 2022.

### D. Assignment to Magistrate

The parties do not consent to have the matter assigned to a magistrate judge.

### E. Possibility of Settlement

Relator's Position:  Relator does not believe settlement discussions will be productive at this time.  Relator remains open to discussing settlement at a later date.

Defendants' Position: Defendants agree that settlement discussions are unlikely to be productive at this time but similarly remain open to such discussions at a later date.

### F. ADR

The parties do not believe that the case could benefit from alternative dispute resolution procedures at this time.  However, the parties will continue to consider the possibility of settlement and mediation as discovery progresses.

### G. Dispositive Motions (Post-Discovery)

Following the completion of discovery, it may be appropriate to resolve this matter by dispositive motions.  As indicated in Section II above, the parties agree on the length of a briefing schedule for dispositive motions:

- Dispositive motions due:  Forty-five days after the close of expert discovery.
- Opposition to dispositive motions due: Forty-five days after filing of dispositive motions.
- Reply in support of dispositive motions due: Thirty days after the filing of opposition briefs.

Under Relator's proposed schedule, those dates would be January 15, 2024, February 29, 2024, and April 1, 2024, respectively.  Because Defendants believe that all dates should be keyed off a decision on the soon-to-be-filed Rule 12(c) motion, they cannot agree to a date certain at this point.

H.     **Initial Disclosures**

The parties agree that initial disclosures in accordance with Federal Rule of Civil Procedure 26(a)(1) should not be disposed of in this case, and they propose that the parties exchange initial disclosures by November 23, 2022.

I.     **Discovery**

    1.     **Anticipated Extent of Discovery**

Relator's Proposal:  Document discovery commenced with the Rule 26(f) conference on September 30, 2022.  Relator has served tailored requests to each group of Defendants (averaging 44 requests per group) and various third parties that invested in, provided financing to, or performed professional services for Defendants (averaging five requests per third party).  Discovery has been delayed for several years, and much of the misconduct in this case occurred more than eight years ago, creating a risk that memories will fade and evidence will be lost.  The Court should reject any requests to delay discovery further—either in a motion to stay, a motion for a protective order, or a proposal to "key off" discovery deadlines from a decision on a motion that will almost certainly be appealed and delay the case further.

While Relator agrees with Defendants that discovery will be substantial, the parties have had years to prepare for this eventuality. And since the D.C. Circuit decision almost five months ago finding that Relator had adequately pleaded its claims, Defendants have been aware that discovery would commence soon.  Each group of Defendants purports to be independent and is represented by a large and respected law firm.  Ten months of fact discovery and four months of expert discovery should be more than adequate.[3]  Moreover, establishing an interim deadline for the close of document discovery five months after the start of fact discovery will keep discovery on schedule

---

[3] Relator's current proposal reflects an effort to compromise.  Relator initially proposed seven months of fact discovery and three months of expert discovery consistent with other cases in this Court.

and allow sufficient time for both parties to take depositions. Finally, there is no current need to elongate discovery further, especially based on a concern about the Government's ability to comply with deadlines, when Defendants have not even issued a *Touhy* request. Relator has no intention of seeking discovery from the Government at this time, and Defendants' need for and the relevancy of their discovery from the Government remain unclear. The parties, and if necessary the Court, can address the appropriateness of any extensions of discovery once all requests have been issued and the Government has had an opportunity to respond.

Given that the Initial Scheduling Conference is set for October 28, 2022, Relator proposes the following dates:

Close of fact discovery (10 months): July 31, 2023

Close of expert discovery (4 months): November 30, 2023.

Defendants' Proposal: Defendants believe that all discovery dates should be timed from a decision on their Rule 12(c) motion, and intend to move for a protective order to that effect once the Rule 12(c) motion is filed. Defendants agreed to meet with relator in good faith on Friday, September 30, three weeks before the deadline to file the report, and to continue to exchange their positions following that meeting. Nevertheless, at 8:43 pm on that Friday night, relator served the first salvo of what has since grown to an incredible 265 broad, overlapping, and largely unnecessary requests for production on Defendants. Relator has also served a dozen third parties with Rule 45 subpoenas containing another 65 requests (those third parties include various ADK Spectrum entities, Caribou Creek Partners, LLP, various Catalyst Investors entities, Council Tree Investors, Inc., Dahtsaa, LLC, Doyon Foundation, KPMG LLP, Morgan Stanley Senior Funding, Inc., Next Valley, LLC, TFNP Partners (Spectrum), LLC, various BlackRock entities, and Mr. Stephen Hillard). In addition, should discovery proceed, substantial discovery will be served on

the government.  In short, discovery will impose significant burden and expense on the parties, a dozen (or more) third parties, the government, and the Court (which would need to adjudicate discovery disputes).  If granted, Defendants' Rule 12(c) motion would obviate the need for any discovery.  If the motion is denied, Defendants propose twelve months for fact discovery, followed by expert discovery on the timetable set forth below.

Defendants believe that additional time will be needed for the completion of fact discovery for two reasons.  First, a substantial number of relevant documents are in the possession of the government—documents relevant to relator's allegation that disclosure of a purported secret agreement with DISH, beyond the agreements that led the FCC to refuse to award price discounts to either SNR or Northstar, would have been material to a decision of the FCC and to the measure of any compensable damage to the United States.  Defendants will promptly serve discovery requests, but the Touhy process and limitations on government resources often result in delayed productions.  In addition, there will likely be qualified deliberative-process-privilege claims for a substantial number of documents that will need to be logged, and any disputes addressed.  Relator's proposal to exempt the government from discovery deadlines is not practical, as the documents in the government's possession are necessary for many of the anticipated depositions and may be necessary for additional discovery requests.  Second, the parties anticipate a substantial number of depositions, including depositions of current and former government officials and third parties.  Many of those depositions cannot occur until after the production of documents.   For these reasons, Defendants have proposed a period for fact discovery that is five months longer than the period proposed by relator.

Defendants also believe that additional time beyond what was proposed by relator will be necessary for expert discovery.  Defendants' experts need sixty days after receiving relator's expert

reports – reports which they will have the entirety of the fact discovery period plus thirty additional days to prepare. Defendants propose to give relators thirty days to prepare rebuttal reports, and then have allotted another thirty days for expert depositions.

  **2.  Schedule**

The parties propose the discovery schedules described in section II, above, with a separate phase for fact discovery and a phase for expert discovery to follow.

  **3.  Limits**

The parties propose the following limits on discovery:

- Requests for Production:
    - <u>Relator's Proposal</u>:  The parties should be governed by the Federal Rules. Defendants' proposal was not raised during the Rule 26(f) conference, and Relator should not be ordered to revise and re-serve its document requests in response to such a proposal that is contrary to the Rules.
    - <u>Defendants' Proposal</u>: Relator and Defendants may each serve up to seventy-five Requests for Production per side.  Defendants did raise this proposal during the meet and confer process, and nothing prevents the Court from imposing reasonable limits on the scope of discovery.
- Interrogatories:
    - <u>Relator's Proposal</u>:  Relator can serve up to 25 interrogatories on each of the three groups of Defendants.  Defendants may collectively serve up to 40 interrogatories on Relator.
    - <u>Defendants' Proposal</u>:  Relator collectively may serve up to twenty interrogatories on each group of Defendants as defined in the first

amended complaint, for a total of 60 interrogatories.  Defendants may collectively serve up to 50 interrogatories on relator.

- Fact Depositions:
    - Relator's Proposal: 25 depositions per side of fact witnesses affiliated with parties and 15 depositions per side of non-parties.  This allows for one deposition for each of the 19 Defendants and 12 third parties identified to date, plus a limited number of additional depositions for larger organizations or newly discovered third parties.
    - Defendants' Proposal: Relator and Defendants may take up to twenty-five depositions per side.
- Expert depositions:
    - Relator's Proposal:  Relator and Defendants may each take up to one deposition for each expert obtained by each party. Pursuant to Rule 30(a)(2)(A)(ii), a party must obtain leave of court before deposing a deponent that has already been deposed in the case.
    - Defendant's Proposal: Relator and Defendants may each take up to one deposition for each expert obtained by each party.  If a person deposed during fact discovery is identified by a party as an expert witness they may rely upon at trial, that person may be deposed again during expert discovery.

## J.     ESI

The parties believe that an ESI protocol will be appropriate in this case and will work with each other to negotiate that protocol.

### K.     Protective Order

The parties agree that a protective order for confidential business and personal financial information is appropriate in this case, and they will work with each other to agree on one and then move the Court for such an order.

### L.     Privilege and Protection of Materials

As noted above, the parties agree that a protective order is appropriate in this case, and the parties intend to address a procedure for handling any inadvertent production of privileged or trial-preparation materials, consistent with Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502, in a proposed protective order.

### M.     Expert Testimony

The parties' proposed discovery schedule, described in section II above, includes an expert discovery phase with timeframes for the exchange of expert witness reports and information pursuant to Federal Rule of Civil Procedure 26(a)(2) and for depositions of any experts.

## IV.     CLASS ACTIONS

Not applicable.

## V.     BIFURCATION

Not applicable.

## VI.     DATE FOR PRETRIAL CONFERENCE

The parties propose that the pretrial conference shall be scheduled for thirty days after resolution of post-discovery dispositive motions, or at the Court's convenience.

## VII.     FIRM TRIAL DATE OR SET AT PRETRIAL CONFERENCE

The parties recommend that the Court select a date for trial during the pretrial conference.

## VIII.     OTHER MATTERS

No other matters require attention at this time.

Dated: October 21, 2022

Respectfully submitted,

| | |
|---|---|
| *s/ Stephen J. Obermeier* | *s/ Jonathan E. Paikin* |
| Stephen J. Obermeier (D.C. Bar # 979667) | Jonathan E. Paikin (#466455) |
| Mark Sweet (D.C. Bar # 490987) | Daniel S. Volchok (#497341) |
| Bennett L. Ross (D.C. Bar # 978122) | WILMER CUTLER PICKERING |
| Bert W. Rein (D.C. Bar # 067215) | HALE AND DORR LLP |
| WILEY REIN LLP | 1875 Pennsylvania Avenue N.W. |
| 2050 M Street NW | Washington, D.C. 20006 |
| Washington, DC 20036 | 202-663-6000 |
| Phone: (202) 719-7000 | jonathan.paikin@wilmerhale.com |
| Facsimile: (202) 719-7049 | daniel.volchok@wilmerhale.com |
| sobermeier@wiley.law | |
| msweet@wiley.law | *Counsel for Defendants American AWS-3 Wireless I LLC, American AWS-3 Wireless II LLC, American AWS-3 Wireless III LLC, DISH Wireless Holding LLC, DISH Network Corporation, Charles W. Ergen, and Cantey M. Ergen* |
| bross@wiley.law | |
| brein@wiley.law | |
| | |
| *Counsel for Plaintiff Vermont National Telephone Company* | |
| | |
| *s/ Peter B. Hutt II* | *s/ Jonathan Diesenhaus* |
| Peter B. Hutt II (#427331) | Gejaa T. Gobena (#463833) |
| Benjamin C. Block (#479705) | Jonathan Diesenhaus (#423753) |
| Dennis B. Auerbach (#418982) | HOGAN LOVELLS U.S., L.L.P. |
| Amee M. Frodle (#1602371) | 555 Thirteenth Street, N.W. |
| COVINGTON & BURLING LLP | Washington, D.C. 20004-1190 |
| One CityCenter | 202-637-5600 |
| 850 Tenth Street, N.W. | gejaa.gobena@hoganlovells.com |
| Washington, D.C. 20001-4956 | jonathan.diesenhaus@hoganlovells.com |
| 202-662-6000 | |
| phuttjr@cov.com | *Counsel for Defendants SNR Wireless Licenseco, LLC, SNR Wireless Holdco, LLC, SNR Wireless Management, LLC, Atelum LLC, and John Muleta* |
| bblock@cov.com | |
| dauerbach@cov.com | |
| afrodle@cov.com | |
| | |
| *Counsel for Defendants Northstar Wireless, LLC, Northstar Spectrum, LLC, Northstar Manager, LLC, Doyon, Limited, Miranda Wright, and Allen M. Todd* | |