IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA ex rel. VERMONT NATIONAL TELEPHONE CO.,**<br><br>Plaintiff,<br><br>v.<br><br>**NORTHSTAR WIRELESS, LLC, et al.,**<br><br>Defendants. | Case No. 1:15-cv-00728-CKK |

## CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

WHEREAS, discovery in this case is likely to involve production of documents and things containing sensitive business or competitive information, information covered by contractual confidentiality provisions, or other private or confidential information about a party (or another person which information the party is under a duty to maintain in confidence); and further disclosure of such information by discovery responses and/or testimony.

ACCORDINGLY, IT IS HEREBY STIPULATED AND AGREED and ORDERED by the Court:

1.  This Confidentiality Stipulation and Protective Order ("Order") shall govern the handling of all documents, testimony, and other information, including all copies, excerpts, extracts, and summaries thereof (collectively, "Material") produced, given, or filed during discovery and other proceedings in the above-captioned action, and designated "Confidential" as set forth below.

2.  A "party" shall mean the United States, the relator, and any defendant in this action.

3.  Any party or other person agreeing to be bound hereby (including non-parties) producing or disclosing Material may designate as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" any portions of any Material, subject to paragraphs 7 and 11 below.

4.  The parties' attorneys and any other person obtaining information from any Material designated "Confidential" shall maintain such information as "Confidential" in accordance with this Order, shall not disclose such Material or information to any person, entity, organization, or agency except as expressly provided below, and shall use such information solely for the purpose of preparing for and conducting the above-captioned action. Material designated "Confidential"

1

shall not be used for any other purpose or disclosed to any persons other than those authorized herein.

5.   By entering into this Order, no party concedes that any exchanged information contains or discloses confidential or sensitive trade secret, personal, financial, commercial, proprietary, or other protectable information, or has properly been designated as "Confidential," but each party shall treat such information as "Confidential" in accordance with this Order unless ordered otherwise by the Court. Neither the designation of exchanged information as "Confidential" nor the failure to challenge any such designation shall be deemed an admission with respect to the nature of such exchanged information.

6.   By entering this Order, the Court directs and permits the parties to exchange and disclose confidential information to the Court, the parties in this case, and their counsel, to the extent reasonably necessary for the parties to pursue or defend the claims of this case, including information that may be subject to contractual obligations with non-parties that would otherwise be protected from disclosure absent a court order.

7.   A party may designate as "Confidential" any Material that a party has a good-faith basis to believe contains or constitutes that party's "trade secret[s] or other confidential research, development, or commercial information" within the meaning of F.R.C.P. 26(c)(1)(G), including such Material subject to contractual confidentiality obligations. Material designated "Confidential" shall not, without the consent of the person producing it or further order of the Court, be disclosed to anyone other than:

   a. A party to this action;

   b. Attorneys for a party;

   c. Persons regularly employed by or associated with the law firms retained by a party, or lawyers or paralegals engaged in whole or in part to assist the law firms, when the assistance of such persons is required by said attorneys in the preparation for or trial of this action;

   d. Any employees, officers, or directors of the parties, inside or outside counsel, insurers, or other representatives or agents of the parties to whom it is necessary to disclose for the purposes of the action, or who are directly involved in the management, prosecution, defense, or settlement of the action or the supervision of outside counsel;

   e. Expert witnesses and consultants retained in connection with this action and other witnesses, but only to the extent such disclosure is necessary for the preparation for or trial of the action;

   f. Deponents noticed or subpoenaed by the parties to the extent reasonably necessary for preparation of deposition testimony, or reasonably necessary during their deposition, and preparation for trial;

   g. Mediators and mediation service staff in connection with this action;

      h. The author or prior recipient of the Material to the extent such authorship or prior receipt can be ascertained from the face of the Material;

      i. The Court (including court reporters, stenographic reporters, and court personnel), subject to the procedures herein; and

      j. Any other person by prior written agreement of the designating party or by Order of the Court.

8.     Prior to the disclosure of Material designated "Confidential" to persons under subparagraphs 7(a), (d), (e), (f), (g), and (j) above, a representative of the party desiring such disclosure shall obtain from such person an executed Confidentiality Agreement, in the form annexed hereto as **Exhibit A**, stating that he or she has read this Order and agrees to be bound by its provisions, with the understanding that any violation of the terms of this Order (including the disclosure of "Confidential" Material to any person, entity, organization, or agency, or the use of the "Confidential" Material for business or for any purpose not expressly permitted under this Order or in any other impermissible manner) will constitute contempt of an order of the Court punishable by criminal or civil penalties, and other sanctions or discipline.

9.     A party may object to the designation of particular Material as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by giving written notice to the party designating such Material. Any such written notice shall identify the Material to which the objection is directed. The parties shall confer in a good faith effort to resolve the dispute. If the status of the Material cannot be resolved, the objecting party may raise the issue with the Court within 45 days after written notice is received. The designating party bears the burden of proving that the particular Material warrants a "Confidential" designation as set forth herein. Disputed Material shall remain "Confidential" as designated under the terms of this Order until the Court rules on the issue.

10.     Inadvertent disclosure by the producing party of "Confidential" Material, regardless of whether the Material was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality status, either as to the specific Material disclosed or as to any other Material relating to the same or any related subject matter; provided that the producing party shall promptly upon discovery of the inadvertent disclosure notify the receiving party in writing that the Material is "Confidential" and was inadvertently disclosed. Such notification shall constitute a designation of the Material as "Confidential." Upon such notice, attorneys for the parties shall reasonably cooperate in restoring the "Confidential" status of the Material, to the extent possible.

11.     A party may designate as "Highly Confidential – Attorneys' Eyes Only" any Material that the counsel of record for a party concludes, upon a good-faith review, contains or constitutes (a) any non-public personal financial information of an individual or (b) any Confidential Material that the producing party or non-party reasonably and in good faith believes to be extremely sensitive confidential and/or proprietary information, disclosure of which to anyone other than the individuals listed below in this paragraph would create a substantial risk of significant competitive or business injury. Except as set forth in this paragraph and in paragraph 17 below, all provisions of this Order that apply to "Confidential" Material also apply to Material designated "Highly Confidential – Attorneys' Eyes Only." In addition, Material designated

"Highly Confidential – Attorneys' Eyes Only" shall not, without the consent of the person producing it or further order of the Court, be disclosed to anyone other than:

   a. Outside or in-house counsel for a party and their paralegals, administrative support personnel, and technological support personnel;

   b. Outside consultants or experts retained by a party in connection with this litigation, provided the consultant or expert signs the Confidentiality Agreement attached as Exhibit A;

   c. Mediators retained by the parties in connection with this litigation, provided the mediator signs the Confidentiality Agreement attached as Exhibit A;

   d. Personnel of independent litigation support providers, such as court reporters; and

   e. The Court and its personnel.

12.   If a third party produces Material that it designates "Confidential Material" or "Highly Confidential – Attorneys' Eyes Only" to any party in connection with this action, then the provisions of this Order shall apply to such information as if it were provided by a party to this action. Under such circumstances, the third party shall have the same rights and obligations under this Order as held by the parties to this action.

13.   If any party reasonably believes in good faith that another party has inadvertently produced privileged documents, the receiving party shall notify the producing party of such inadvertent production within ten business days of the receiving party's discovery of such production. Inadvertent production of any document produced in response to discovery requests in this action by any party or non-party, which a party or non-party later claims should have been withheld on grounds of a privilege, including the attorney-client privilege and work-product doctrine (collectively referred to as an "Inadvertently Produced Privileged Document"), will not be deemed to waive any privilege or work-product protection in this case or in any other federal or state proceeding. A party or non-party may, within ten business days of discovering that it inadvertently produced a privileged document, request the return of such document ("Notice of Recall") by identifying it and stating the basis for withholding it from production. The procedure for handling Inadvertently Produced Privileged Documents shall be as follows:

   a. Within ten days of the Notice of Recall, the producing party shall provide to the receiving party the privilege log pertaining to the Inadvertently Produced Privileged Document(s). If recall involves redaction, the redacted version of the recalled document shall be provided simultaneously with a privilege log that includes the information required by F.R.C.P. 26(b)(5)(A) and the identification of (i) all recipients of the document as reflected on the document and in that document's metadata, if applicable, and (ii) the files or sources from which the document was collected.

   b. Upon receipt of the Notice of Recall, the receiving party must immediately return or destroy the recalled document(s) and refrain from reviewing for any purpose the recalled document(s) and the privileged information from the recalled document(s)

that is contained in any other document; provided, however, that if a recalled document has already been reviewed and the receiving party has a good-faith basis to challenge the validity of the claim of privilege, counsel may sequester copies of the recalled document(s) and any related work product as described below pending the conclusion of any such dispute. Counsel may review a sequestered recalled document and the portion of any other document that contains the privileged information from the recalled document, including any work product referring to the information contained in any recalled document, only for the purposes of determining whether to file, and then filing, a motion to challenge the claim of privilege. All hard copies of a recalled document must be destroyed after a Notice of Recall. All electronic copies maintained on a database, except any sequestered copies, shall be rendered un-viewable pending the resolution of any dispute as to the recalled document(s).

c. Within ten business days of receiving the privilege log for a recalled document, the receiving party may request a meet and confer to discuss the appropriateness of the privilege claim. If the receiving party does not request a meet and confer within that time, it waives any right to challenge the privilege claim and must certify destruction of the recalled document(s) no later than three business days after the expiration of the ten-day period.

d. If the receiving party requests a meet and confer, the parties shall meet no later than five business days after the request. If, after complying with the foregoing steps in subparagraphs (a) through (c), the receiving party concludes that it disputes the validity of the privilege claim, it shall promptly notify the producing party in writing. The receiving party may contact the Court by telephone regarding the dispute, including to request that the Court conduct an *in camera* review of the recalled document(s). This request must be presented within ten business days of the written notification, absent other agreement of the parties or order of the Court. If the Court allows, the receiving party may file a motion. Unless otherwise agreed by the parties or ordered by the Court, all such motions shall be made on notice, with briefing schedule and page limits agreed by the parties or set by the Court.

e. Unless the receiving party's motion to compel is successful or the privilege claim is withdrawn, the receiving party may make no use of a recalled document or the privileged information contained in a recalled document, including any work product referring to the information contained in any recalled document, for any purpose other than challenging claims of privilege subject to the limitations described in this paragraph. If the recall of a document is made during or shortly before the taking of a deposition, the examining counsel and defending counsel shall meet and confer in good faith at the earliest possible opportunity to determine appropriate steps under the circumstances, consistent with this Order. In the event the privilege claim is withdrawn or the Court determines the document not to be subject to a valid privilege claim, if examining counsel and defending counsel do not agree otherwise, the Court shall determine the appropriate remedy, including whether and to what extent a reopening of the deposition may be necessary.

    f. Within three business days of a receiving party's (i) obligation to destroy material; (ii) failure to timely challenge a claim of privilege; (iii) withdrawal of such a challenge; or (iv) receipt of an order of the Court denying its motion to compel, the receiving party shall destroy and delete all copies, paper or electronic, of the information and document, purge the information and document from any work product, and certify in writing that these tasks have been completed.

14. "Confidential" Material shall be designated as follows:

    a. In the case of documents, designation shall be made prior to production by stamping or writing the word "Confidential" on each page of any such document or, where appropriate, on the first page of an identifiable group of documents. The word "Confidential" shall appear in a manner that does not interfere with the legibility of the documents, but in no case may the word "Confidential" appear as an electronic "watermark" across the face of the document.

    b. In the case of documents or information produced in electronic form, the producing party shall designate specific electronic files as "Confidential" by including the word "Confidential" in the file name.

    c. Documents may be produced for inspection prior to their designation as "Confidential" but shall be designated as "Confidential" prior to the transmission of an electronic copy of the document to the party requesting the document.

    d. In the case of interrogatory answers, designation shall be made by stamping or writing the word "Confidential," as the case may be, on the relevant portion of any such answer.

    e. In the case of depositions, designation of the portions of the transcript (including exhibits) which contain "Confidential" Material shall be made by a statement to such effect on the record during the course of the deposition or may be done within 14 days of receipt of the transcript of the deposition by the attorney for the party claiming confidentiality. If the designation is made during the course of a deposition, the reporter attending such deposition shall thereafter bind the transcript thereof in separate portions containing the non-confidential Material and "Confidential" Material, and the reporter shall write or stamp the word "Confidential" on the cover of the relevant portions of the transcript. If the designation is made following review of the transcript, the party so designating shall write or stamp (as the case may be) the word "Confidential" on each page the party wishes to so designate. The parties may modify this procedure for any particular deposition through agreement in writing or on the record at such deposition, without further Court order.

15. To the extent any briefs, pleadings, or other filings with the Court shall incorporate or disclose "Confidential" or "Highly Confidential" Material, the following procedure shall apply:

    a. The filing party shall label the cover page of the filing "Confidential" and file the entire filing under seal in accordance with the Local Civil Rules.

      b. The filing party and the designating party shall promptly meet and confer to agree upon which portions of the filing may be public and which portions should remain sealed.

      c. The filing party shall publicly file a redacted version of the sealed filing no later than seven (7) days after the original is filed under seal.

      d. If the filing party and designating party are unable to agree within seven (7) days on which portions shall remain redacted, they shall schedule a conference call with the Court to resolve the dispute before filing a public redacted version. The designating party bears the burden of demonstrating that any redacted material satisfies the terms of this Protective Order.

16.     If a party wishes to discuss Confidential Material during a hearing, the Court shall address at that time what procedures, if any, should be used to protect the information from public disclosure.

17.     "Highly Confidential – Attorneys' Eyes Only" Material shall be designated in the same manner as set forth in paragraph 14 for "Confidential" Material, except that the designation shall specify that the Material is "Highly Confidential – Attorneys' Eyes Only" rather than simply "Confidential."

18.     The terms of this Order shall survive any settlement, discontinuance, dismissal, judgment, appeal, or other disposition of this action.

19.     Nothing herein shall prevent any party, on notice to the other party, from applying to the Court for a modification of this Order, nor do the parties waive any right to seek relief from the Court from any provision of this Order at any time, by order or by stipulation.

20.     Each person to whom "Confidential" Material is disclosed after executing this Order or Exhibit A hereto thereby submits himself or herself to the jurisdiction of this Court over his or her person, wherever he or she shall be, for the enforcement of this Order.

21.     If a party in possession of Material designated "Confidential" receives a subpoena from a non-party to this Order seeking production or other disclosure of any "Confidential" Material, he or she shall promptly give written notice to the attorney for the party who designated the Material "Confidential" stating the "Confidential" Material sought and enclosing a copy of the subpoena. Where possible, at least 14 days' notice before production or other disclosure thereof should be given. In no event shall production or disclosure be made before notice is given.

22.     Nothing in this Order shall prevent any party from disclosing its own information which it has designated "Confidential" as it deems appropriate; provided, however, that any public disclosure by the designating party shall void any prior confidentiality designation.

23.     Nothing in this Order shall prevent the disclosure or use of "Confidential" Material in a manner otherwise consistent with this Order where the designating party, in writing or on the record in this action, (i) withdraws its designation that such Material is "Confidential," or (ii) consents to a conditional disclosure or use of "Confidential" Material that differs from the terms of this Order.

24.   No reference may be made at the trial of this matter in the presence of a jury to the existence of this Order or to the effect that certain Material is subject to this Order. The parties agree that if this case reaches trial, they will negotiate in good faith an agreement as to the disclosure of Material subject to this Order.

25.   In the event that Material is produced by a non-party that contains information duplicative of that contained in "Confidential" Material already produced by a party and designated as such in the action, that party may designate such Material as "Confidential" under this Order even if it was not so designated by the producing non-party. Such designation must be made within 30 days of the non-party's production by sending written notice to counsel for all parties identifying the Material to be so designated. The Material shall be treated as "Confidential" during the 30-day period.

26.   If a party learns that, by inadvertence or otherwise, it has disclosed "Confidential" Material to any person or entity in any circumstance not authorized under this Order, that party must immediately (i) notify in writing all other parties of the unauthorized disclosure(s); (ii) use its best efforts to retrieve all copies of the "Confidential" Material; (iii) inform all persons and entities that received the unauthorized disclosure(s) of all the terms of this Order; and (iv) request that such persons and entities execute the confidentiality agreement at Exhibit A.

27.   Within 35 days after the conclusion of all aspects of this action, all Material which is in the possession of any party or person designated "Confidential" in accordance with this Order (including all copies and/or originals thereof) shall be returned to the attorney for the party making such designation, or shall be destroyed at that attorney's direction. Outside counsel of record may retain in its files a complete set of filings with the Court, deposition transcripts, and any written discovery requests and responses. Outside counsel of record also may retain in its files any "Confidential" Material as required by counsel's professional liability insurers and/or by the Court's rules regarding maintenance of closed files, and for use in any legal action against counsel based upon this case, provided an appropriate protective order is entered in such action to protect the confidentiality of the "Confidential" Material.

28.   The parties agree that this Order shall have full force and effect upon the entry and approval of this Order by the Court.

ENTERED AS AN ORDER OF THE COURT THIS 28th DAY OF November, 2022

BY THE COURT:

*Colleen Kollar-Kotelly*
Colleen Kollar-Kotelly
U.S. District Court Judge