UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* ) <br> VERMONT NATIONAL TELEPHONE CO., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> NORTHSTAR WIRELESS, L.L.C. *et al.*, ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 15-0728 (CKK) |

**UNITED STATES' NOTICE OF PARTIAL OPPOSITION TO
DISMISSAL UNDER THE PUBLIC DISCLOSURE BAR**

The United States notifies the Court that it is exercising its right to object to the dismissal under the public disclosure bar of the False Claims Act (FCA), 31 U.S.C. § 3730(e)(4)(A), of the claims asserted by Relator Vermont National Telephone Company (Relator) that are premised upon Relator's allegation that Defendants knowingly failed "to disclose all of their instruments, agreements, and understandings with the DISH-Controlling Defendants" to the Federal Communications Commission (FCC) in connection with Auction 97.  *See* Amended Complaint ¶ 128.  *See also* Defendants' Motion for Judgment on the Pleadings (ECF No. 115) at 17-29. The United States is not exercising its right to object as to any other claim that may be asserted by the Relator.

The FCA's public disclosure bar provides that "[t]he court shall dismiss an action or claim under this section**, unless opposed by the Government**, if substantially the same allegations or transactions as alleged in the action or claim were publicly disclosed...."  31 U.S.C. § 3730(e)(4)(A) (emphasis added).  As such, the FCA grants the United States "veto power over dismissal of an FCA suit on public disclosure bar grounds."  *United States ex rel. Scutellaro v. Capitol Supply*, Inc., 2017 U.S. Dist. LEXIS 59531, *53, 2017 WL 1422364 (D.D.C. April 19,

2017); *United States ex rel. Radcliffe v. Purdue Pharma Ltd. P'ship*, 737 F.3d 908, 918 (4th Cir. 2013) (observing that the current public disclosure bar is "a non-jurisdictional defense that is . . . subject to veto by the government"); *United States v. Select Med. Corp.*, 2017 U.S. Dist. LEXIS 15273, 2017 WL 468276, *4 (S.D. Ind. Feb. 3, 2017).  Accordingly, Defendants' motion for judgment on the pleadings raising the FCA's public disclosure bar, 31 U.S.C. § 3730(e)(4), of any claim that is premised upon Relator's allegation that Defendants knowingly failed to disclose all of their instruments, agreements, and understandings with the DISH-Controlling Defendants in connection with Auction 97 should be denied.  In exercising this authority, the United States takes no position on the merits of these allegations or whether they should be dismissed on grounds other than the public disclosure bar.

        Respectfully submitted,

        MICHAEL D. GRANSTON
        Deputy Assistant Attorney General
        Civil Division

        MATTHEW M. GRAVES, D.C. Bar # 481052
        United States Attorney for the District of Columbia

        BRIAN P. HUDAK
        Chief, Civil Division

        */s/ Darrell C. Valdez*
        DARRELL C. VALDEZ, D.C. Bar # 420232
        Assistant United States Attorney
        ACE and Health Care Fraud Coordinator
        U.S. Attorney's Office for the District of Columbia
        601 D Street, N.W., Civil Division
        Washington, D.C.  20530
        (202) 252-2507

        JAMIE A. YAVELBERG
        PATRICIA L. HANOWER
        BENJAMIN C. WEI
        Attorneys, Civil Division,

Commercial Litigation Branch
U.S. Department of Justice
Post Office Box 261
Washington, D.C. 20044
(202) 616-2875

Attorneys for the United States of America