IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA EX REL. VERMONT NATIONAL TELEPHONE COMPANY,**<br><br>    Plaintiff,<br><br>v.<br><br>**NORTHSTAR WIRELESS, LLC, et al.,**<br><br>    Defendants. | Case No. 1:15-cv-00728-CKK |

**DEFENDANTS' MOTION
TO AMEND THE BRIEFING SCHEDULE**

Defendants move this Court to amend the schedule and deadlines for briefing on defendants' motion for judgment on the pleadings (Dkt. 115) so as to permit defendants to submit a single response, of no more than six pages, to relator's and the government's recent filings (Dkts. 124 and 125). Defendants are prepared to file the response this Thursday, January 12, or any date thereafter. Relator and the government oppose this request.

Defendants understand and fully respect the Court's decision to allow relator and the government to submit their recent filings, which address whether a government opposition to dismissal pursuant to the False Claims Act's public-disclosure bar is conclusive. As defendants explained in their Rule 12(c) reply (Dkt. 121), no appellate court has squarely addressed that issue, very few district courts have done so, and not a single one has done so thoroughly, i.e., addressing all (or even most) of the arguments advanced in defendants' reply. It is thus entirely sensible for this Court to want the benefit of full adversarial briefing before ruling on the issue.

That same rationale supports granting defendants' present request, because relator's and the government's latest filings advance a host of new arguments. For instance, the government contends that "the 'shall dismiss' directive is the *only* grant of authority that allows dismissal

under the public disclosure bar," Dkt. 124 at 3, that a dispositive veto is constitutional because "it does not affect all dismissals," *id*. at 7, and that "Defendants have no protected interest in being able to assert the public disclosure bar over the objection of the Government," *id*. And relator contends, for example, that the government retains an interest in this case despite the D.C. Circuit's affirmance in the cure proceeding and despite Northstar's and SNR's payment of monetary penalties and their obligation to make up any shortfall to the government. Dkt. 125 at 3-4. Relator and the government could have advanced these arguments in their oppositions to the Rule 12(c) motion; indeed, defendants repeatedly advised the government before its filing that if the government opposed, defendants' reply would explain why an opposition is not dispositive. Relator and the government *chose* not to do so, thus depriving defendants of their right to address those arguments in their reply. That is unfair both to defendants, who will be "unable to contest matters presented to the court for the first time in the last … pleading," *Ben-Kotel v. Howard University*, 319 F.3d 532, 536 (D.C. Cir. 2003), and unfair to the Court, which should have full adversarial briefing before resolving this important question of statutory interpretation, *see, e.g.*, *Herbert v. National Academy of Sciences*, 974 F.2d 192, 196 (D.C. Cir. 1992).

Of course, briefing cannot go on forever. But the federal rules make clear that briefing on a motion should end with the moving party, i.e., that "[t]he movant … gets the last word" on its motion. *Harrington v. Secretary of State*, 2019 WL 13128386, at *2 (D.D.C. May 14, 2019). Put another way, "[t]he purpose for having a motion, response, and reply is to give the movant the final opportunity to be heard, and to *rebut* the nonmovants' response, thereby persuading the court that the movant is entitled to the relief requested." *Info-Power International, Inc. v. Coldwater Technology, Inc.*, 2008 WL 5552245, at *8 (N.D. Tex. Dec. 31, 2008). Recognizing

this, other judges in this district have permitted movants to respond to sur-replies in similar circumstances.  *See* Minute Order, *Husayn v. Gates*, No. 1:08-cv-01360 (D.D.C. Nov. 8, 2021); Minute Order, *James Madison Project v. Department of Justice*, No. 1:15-cv-1307 (D.D.C. June 2, 2017); Minute Order, *Hardin v. Dadlani*, No. 1:11-cv-02052 (D.D.C. March 31, 2014).

Indeed, at least one court has taken a similar approach in this very context.  In *United States ex rel. Conroy v. Select Medical Corporation*, 211 F.Supp.3d 1132 (S.D. Ind. 2016), the parties, as here, disputed the effect of a government opposition to a public-disclosure dismissal, *see id.* at 1150-1152.  And also like here, the government there initially made no substantive argument in support of its position that its opposition to a public-disclosure dismissal was conclusive—even though it certainly could have done so (again, as here).  In light of that dispute, all parties agreed, and the court ordered, that defendants should have an opportunity to respond to the government's and the relator's additional briefing on the government's opposition to a public-disclosure dismissal.  *See* Exhibits A-B.  The same result is warranted here.

A proposed order accompanies this motion.

 January 9, 2023                                                        Respectfully submitted,

                                                          */s/ Daniel S. Volchok*

        Jonathan E. Paikin (#466445)
        Daniel S. Volchok (#497341)
        WILMER CUTLER PICKERING
          HALE AND DORR LLP
        1875 Pennsylvania Avenue N.W.
        Washington, D.C. 20006
        202-663-6000
        jonathan.paikin@wilmerhale.com
        daniel.volchok@wilmerhale.com

*Counsel for defendants American AWS-3 Wireless I LLC; American AWS-3 Wireless II LLC; American AWS-3 Wireless III LLC; DISH Wireless Holding LLC; DISH Network Corporation; Charles W. Ergen; and Cantey M. Ergen*

        Gejaa T. Gobena (#463833)
        Jonathan Diesenhaus (#423753)
        HOGAN LOVELS U.S., LLP
        555 Thirteenth Street N.W.
        Washington, D.C. 20004-1190
        202-637-5600
        jonathan.diesenhaus@hoganlovells.com
        david.sharfstein@hoganlovells.com

*Counsel for Defendants SNR Wireless Licenseco, LLC; SNR Wireless Holdco, LLC; SNR Wireless Management, LLC; Atelum LLC; and John Muleta*

- 5 -

        Peter B. Hutt II (#427331)
        Benjamin C. Block (#479705)
        Dennis B. Auerbach (#418982)
        Amee M. Frodle (#1602371)
        COVINGTON & BURLING LLP
        850 Tenth Street N.W.
        Washington, D.C. 20001-4956
        202-662-6000
        phuttjr@cov.com
        bblock@cov.com
        dauerbach@cov.com
        afrodle@cov.com

*Counsel for Defendants Northstar Wireless, LLC; Northstar Spectrum, LLC; Northstar Manager, LLC; Doyon, Limited; Miranda Wright; and Allen M. Todd*