UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* VERMONT NATIONAL TELEPHONE CO., <br><br>Plaintiffs, <br><br>v. <br><br>NORTHSTAR WIRELESS, L.L.C. *et al.*, <br><br>Defendants. | ) ) ) ) ) ) Civil Action No. 15cv0728 (CKK) ) ) ) ) ) ) |

**UNITED STATES' OPPOSITION TO DEFENDANTS'
MOTION TO AMEND THE BRIEFING SCHEDULE**

The United States submits this Opposition to Defendants' attempt to "get in the last word" without allowing the United States to respond.  In essence, Defendants ask to file a sur-sur-response to the United States' response regarding the government's authority to veto dismissal of a *qui tam* complaint under the public disclosure bar.[1]  A sur-sur-response, however, is not proper because the United States did not address any matter that was not otherwise raised by Defendants in their reply to the United States' Notice of Opposition to Dismissal.  Accordingly, the Court should deny Defendants' motion.

**A.    The United States' Reply Was Within the Matters Set Forth and Argued by Defendants in Their Opposition to Dismissal Under the Public Disclosure Bar**

"The standard for granting leave to file a sur-reply is whether the party making the motion would be unable to contest matters presented to the court for the first time in the

---

[1] On November 28, 2022, Defendants moved for Judgment on the Pleadings.  ECF No. 115.  The United States subsequently filed a Notice of Partial Opposition to Dismissal Under the Public Disclosure Bar.  ECF No. 118.  Defendants filed a reply brief on December 19, 2022.  On January 6, 2023, the United States filed a response to the new arguments raised by Defendants regarding the government's authority to veto the public disclosure bar.  ECF No. 121.

opposing party's reply." *Lewis v. Rumsfeld*, 154 F. Supp. 2d 56, 61 (D.D.C. 2001); *cf. Alexander v. Federal Bureau of Investigation*, 186 F.R.D. 71, 74 (D.D.C.1998).  If the opposing party's reply merely raised issues that the parties have already addressed or had the opportunity to address, the sur-reply should be denied.  *U.S. Commodity Futures Trading Com'n v. Whitney*, 441 F. Supp. 2d 61, 73 (D.D.C. 2006); *see also Corel Corp. v. U.S.*, 165 F. Supp. 2d 12, 18 n. 1 (D.D.C. 2001) ("Because I find that the arguments raised in Corel's sur-reply could have been raised in Corel's opposition brief, Corel's motion to file a sur-reply will be denied").

In the present matter, in response to Defendants' raising the public disclosure bar in their initial Motion for Judgment on the Pleadings, the United States filed a Notice that it opposed the dismissal of a portion of the Relator's *qui tam* complaint on public disclosure grounds.  ECF No. 118.  The Notice contained a simple assertion of its veto of the public disclosure defense because, contrary to Defendants' claim, Defendants failed to inform the government before the filing of the Reply memorandum that they intended to challenge the legality of the government's veto power.  Indeed, in Defendants' pre-filing contact with the United States, Defendants stated that they were well-aware that "[t]he public-disclosure veto is a powerful tool, and the government has appropriately used it sparingly," and Defendants requested that the United States withhold its authority in this case.

Now, Defendants contend that they are entitled to file a sur-sur-response because the Court rules entitle them to the "last word" on the matter.  Courts have repeatedly held that a sur-reply (or a sur-sur-reply) cannot be used as an attempt to "get the last word."  *See Bigwood v. Dep't of Defense*, 132 F. Supp. 3d 124, 154 (D.D.C. 2015); *see also Crummey v. Soc. Sec. Admin.*, 794 F. Supp. 2d 46, 63 (D.D.C. 2011), *aff'd*, 2012 WL 556317 (D.C. Cir. Feb. 6, 2012) ("Simply put, a sur-reply is not a vehicle for rehashing arguments that have already been raised

and briefed by the parties. Were that not true, briefing would become an endless pursuit"). Even the cases cited (and selectively quoted) by Defendants support this restriction. *See Harrington v. Sec'y of State*, Civ. A. No. 18-1056 (TSC), 2019 WL 13128386 at *1 (D.D.C. May 14, 2019) (sur-replies are intended solely to protect a party who was deprived of the opportunity to contest matters raised for the first time in the opposing party's response); *Info-Power Int'l, Inc. v. Coldwater Tech., Inc.*, 2008 WL 5552245 at *8 (N.D. Tex. Dec. 31, 2008) (denying a sur-reply dedicated to rehashing issues already raised and discussed by the parties).

Defendants' further claim that they are entitled to a sur-sur-reply because the United States raised new issues in its response regarding the statutory grant of the Court's authority under the public disclosure bar, and the constitutionality of the government's veto authority. Def. Mot. at 1-2. On the contrary, it was the Defendants who initially raised those very issues in their Reply. *See* ECF No. 121 at 11-14 (statutory authority of the Court to retain discretion to dismiss under the public disclosure bar even in the face of the government's opposition), 14-16 (separation of powers argument), 16-20 (constitutionality of the government's veto power, including Defendants' claim that the government must provide a reason for its opposition). The United State merely addressed each argument made by Defendants and remained within the confines of Defendants' Reply. *See* ECF No. 124 at 1-5 (direct rebuttal to four arguments made by Defendants regarding statutory authority), 5-7 (separation of powers argument), 7-10 (constitutionality of the government's veto power, including Defendants' claim that the government must provide a reason for its opposition). Defendants' request to file a sur-sur-reply is nothing more than a thinly disguised attempt to get in the last word or to re-argue their position, and therefore should not be allowed.

B.  **Conclusion**

For the foregoing reasons, Defendants' motion to amend the briefing schedule to allow them to file a sur-sur-reply arguing matters that they initially raised in their Reply memorandum should be denied.

Respectfully submitted,

MICHAEL D. GRANSTON
Deputy Assistant Attorney General
Civil Division

MATTHEW M. GRAVES, D.C. Bar #481052
U.S. Attorney for the District of Columbia

BRIAN P. HUDAK
Chief, Civil Division

　/s/ *Darrell C. Valdez*
DARRELL C. VALDEZ, D.C. Bar # 420232
Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia
601 D Street, N.W., Civil Division
Washington, D.C.  20530
(202) 252-2507

JAMIE A. YAVELBERG
PATRICIA L. HANOWER
BENJAMIN C. WEI
Attorneys, Civil Division,
Commercial Litigation Branch
U.S. Department of Justice
Post Office Box 261
Washington, D.C. 20044
(202) 616-2875

Attorneys for the United States of America