UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* VERMONT NATIONAL TELEPHONE COMPANY,<br><br>                Plaintiff,<br><br>   v.<br><br>NORTHSTAR WIRELESS, LLC, *et al.*,<br><br>                Defendants. | Civil Action No. 15-00728 (CKK) |

**RELATOR'S OPPOSITION TO DEFENDANTS' MOTION TO AMEND THE BRIEFING SCHEDULE**

Pursuant to this Court's January 9, 2023 Minute Order, Relator hereby opposes Defendants' Motion to Amend the Briefing Schedule, Dkt. 126, in which Defendants seek to file a sur-surreply to Relator's brief, and a surreply to the Government's brief.

While conceding that "briefing cannot go on forever," Dkt. 126 at 2, Defendants seek yet another brief for no good reason. After twice raising and then affirmatively waiving their public disclosure bar argument during briefing on their Rule 12(b)(6) motion, Defendants again raised the issue in their Rule 12(c) motion. And despite knowing before they made their Rule 12(c) filing that the Government would exercise its statutory right to veto dismissal based on the public disclosure bar, Defendants opted to ignore the Government's opposition in their opening brief.

Instead, Defendants chose to wait until their reply to raise arguments about which they apparently had previously warned the Government. *See id.* ("defendants repeatedly advised the government before its filing that if the government opposed, defendants' reply would explain why an opposition is not dispositive"). Now, after this Court granted Relator and the Government the opportunity to address Defendants' arguments raised for the first time in their reply—all of which have been rejected by every court to address the issue, Dkt. 124 at 5—

Defendants seek still more pages in a desperate effort to cling to a defense that, in addition to being meritless, has now been both waived and vetoed. But enough is enough, and Defendants' motion should be denied.[1]

Defendants make two arguments for an extra brief, both of which are meritless. *First*, Defendants claim that Relator and the Government raised new arguments in their most recent briefs that could have been raised previously. This claim strains credulity. The Government has taken the same position—successfully—in every case to hold that its statutory veto is conclusive, and Defendants could have addressed this position in their reply had they been so inclined. The only example provided by Defendants of a purportedly new argument raised by Relator is "that the government retains an interest in this case despite the D.C. Circuit's affirmance in the cure proceeding and despite Northstar's and SNR's payment of monetary penalties and their obligation to make up any shortfall to the government." Dkt. 126 at 2. But Relator was merely responding to Defendants' assertion in their reply that the Government's lack of interest undermined its opposition to the public disclosure bar, Dkt. 121 at 19-20. In any event, this argument was briefed at the Rule 12(b)(6) stage and thus is hardly "new." *See, e.g.*, Dkt. 77 at 38-41 (Defendants arguing that Relator failed to plead damages).

*Second*, Defendants claim that the Federal Rules require the moving party to "get[] the last word," citing *Harrington v. Secretary of State*, No. 18-cv-1056, 2019 WL 13128386, at *2 (D.D.C. May 14, 2019). Dkt. 126 at 2. Of course, the Federal Rules require nothing of the sort,

---

[1] Relator was not privy to Defendants' conversations with the Government. But it is all the more troubling that, at the same time Defendants were apparently telling the Government they planned to save new arguments for their reply, they were proposing a briefing schedule "in accordance with this Court's Local Civil Rule 7(b) and (d)." Dkt. 111 at 1. Defendants should not now be rewarded for hiding the ball with an additional brief they could have, but did not, propose at the outset.

and the court in *Harrington*—a *pro se* case—made clear that surreplies "are generally disfavored," 2019 WL 13128386, at *2, which is hardly a ringing endorsement of a "sur-surreply."  Furthermore, as it relates to the effect of the Government's statutory veto of dismissal based on the public disclosure bar—which is the only issue addressed in the Government's and Relator's surreplies—Defendants are not the "moving party." Defendants have had ample opportunity to address the substance of their Rule 12(c) motion and have had "the last word" on the arguments that purportedly support their request for judgment on the pleadings.  Nothing more is required.

  Indeed, this Court's Standing Order contemplates surreplies in certain situations, which necessarily means that the moving party does not always file the final brief.  *See* Order Establishing Procedures for Cases Assigned to Judge Colleen Kollar-Kotelly, Dkt. 3, ¶ 10(C). And in granting Relator a surreply here, the Court did not further order a sur-surreply to ensure that Defendants would have the final say.  Again, no new arguments were raised by Relator or the Government in their most recent filings, and Defendants' suggestion that they have been unfairly deprived the opportunity to say everything possible about public disclosure is untrue.

  Defendants' reliance upon *United States ex rel. Conroy v. Select Medical Corporation*, 211 F.Supp.3d 1132 (S.D. Ind. 2016), is both ironic as well as misplaced.  In *Conroy* the district court expressly held that the argument asserted by Defendants here—that the Court can disregard the Government's opposition to dismissal based on the public disclosure bar—"simply finds no support in the [False Claims Act]." *Id.* at 1150.  It takes chutzpah for Defendants to belittle the *Conroy* court's holding as not "thoroughly" reasoned, Dkt. 126 at 1**,** while simultaneously endorsing the *Conroy* court's briefing paradigm.

Furthermore, in *Conroy*, after the Government filed an opposition to the defendants' motion to dismiss, the parties proposed a separate briefing schedule on the Government's statutory veto issue, which at the time was "novel." *See* Unopposed Mot. to Am. Br. Schedule, *Conroy*, No. 3:12-cv-00051, 2016 U.S. DIST. CT. MOTIONS LEXIS 341920 (Dkt. 149). Here, seven years later, multiple courts uniformly have held that the Government's statutory veto is conclusive, which makes unnecessary additional briefing on the subject. But more importantly, rather than taking the transparent and cooperative approach employed by the defendants in *Conroy*, and consistent with their propensity to "hide the ball," Defendants failed to flag the Government's forthcoming opposition in their opening brief, included ten pages of new argument in their reply brief, opposed Relator's request for a surreply, and now ask for another brief, claiming that denial of their motion would be "unfair." Dkt. 126 at 2. If anything, *Conroy* demonstrates why Defendants should ***not*** be granted leave to file.

For the foregoing reasons, Defendants' motion should be denied.

Dated: January 11, 2023

Respectfully submitted,

By:   /s/ Stephen J. Obermeier

Stephen J. Obermeier (D.C. Bar # 979667)
Bennett L. Ross (D.C. Bar # 978122)
Bert W. Rein (D.C. Bar #067215)
Mark B. Sweet (D.C. Bar # 490987)
WILEY REIN LLP
2050 M Street NW
Washington, DC 20036
Phone: (202) 719-7000
Facsimile: (202) 719-7049
sobermeier@wiley.law
bross@wiley.law
brein@wiley.law
msweet@wiley.law
*Counsel for Relator Vermont National Telephone Company*