# EXHIBIT 1

**From:** Scaduto, Frank
**Sent:** Friday, February 3, 2023 2:04 PM
**To:** Tolar, Whitney L.; Ross, Bennett L.; Wallerstein, Thomas E.
**Cc:** Sweet, Mark; Tuteur, Rachel
**Subject:** RE: Relator's Subpoena to ADK

Whitney,

While the Relator and the SNR Defendants have discrete disagreements about Relator's requests for production, the SNR Defendants nonetheless have produced tens of thousands of pages of documents in response to those requests. By contrast, ADK has refused to turn over a single piece of paper in response to the Relator's subpoena – an approach we suspect will not sit well with the Court.

Furthermore, the issues that the Relator intends to raise in its motion to compel address specific objections asserted by the SNR Defendants to Relator's RFPs. These issues do not implicate ADK's claims that the Relator's subpoena is allegedly "overbroad" and "unduly burdensome" or that the documents responsive to the subpoena are "not reasonably calculated to lead to the discovery of admissible evidence." Thus, unless ADK is willing to stipulate that it will produce all nonprivileged documents responsive to the subpoena if the Court grants the Relator's motion to compel, waiting for resolution of Relator's motion before ADK decides whether to respond to Relator's subpoena would serve no purpose other than delay.

At this juncture, our only question to you is whether ADK will consent to any motion to compel being heard by the District Court for the District of Columbia – a question you conspicuously fail to answer. And, to be clear, before filing a motion to compel against ADK, we intend to alert Chambers to ADK's refusal to cooperate in discovery as required under local rules and seek the Court's guidance whether a motion to compel is required or whether the Court prefers to resolve the discovery dispute between Relator and ADK via a telephone conference.

Best,

Frank

wiley | Frank Scaduto
Attorney at Law
fscaduto@wiley.law

Wiley Rein LLP • 2050 M Street NW • Washington, DC 20036
o: 202.719.3479
Download V-Card | wiley.law

---

**From:** Tolar, Whitney L. <WLTolar@Venable.com>
**Sent:** Friday, February 3, 2023 11:39 AM
**To:** Scaduto, Frank <FScaduto@wiley.law>; Ross, Bennett L. <BRoss@wiley.law>; Wallerstein, Thomas E. <TWallerstein@Venable.com>
**Cc:** Sweet, Mark <MSweet@wiley.law>; Tuteur, Rachel <RTuteur@wiley.law>
**Subject:** RE: Relator's Subpoena to ADK

**External Email**

Frank,

It is our understanding that Relator will file a motion to compel SNR Defendants on 2/6/23, and that the court will not decide that motion for several more weeks. We don't believe it makes any sense for Relator to pursue a motion to compel ADK, a third-party, until the discovery dispute between Relator and SNR Defendants is resolved. We anticipate that the court's order on Relator's motion to compel will have implications regarding the allowable scope of discovery, and may clarify what documents ADK can reasonably seek from third parties.

Let us know your thoughts, and we are happy to have a phone call if that would be helpful.

Our position remains that the subpoena to ADK is overbroad, unduly burdensome, and seeks documents not reasonably calculated to lead to the discovery of admissible evidence. We stand by the written objections we served in response to the subpoena on October 24.

Thanks,
Whitney

---

**From:** Scaduto, Frank <FScaduto@wiley.law>
**Sent:** Tuesday, January 31, 2023 5:02 PM
**To:** Tolar, Whitney L. <WLTolar@Venable.com>; Ross, Bennett L. <BRoss@wiley.law>; Wallerstein, Thomas E. <TWallerstein@Venable.com>
**Cc:** Sweet, Mark <MSweet@wiley.law>; Tuteur, Rachel <RTuteur@wiley.law>
**Subject:** RE: Relator's Subpoena to ADK

**Caution: External Email**

Dear Counsel,

We have heard nothing from you since your January 10, 2023 email in which you indicated that you were "discussing" with ADK "to see what responsive documents" it may have and to "confirm" whether your client intends to respond to the Relator's subpoena.

Under the circumstances, and consistent with the local rules, we intend to make Judge Kollar-Kotelly's Chambers aware of ADK's recalcitrance. If the Court directs the filing of a motion to compel ADK's compliance with that subpoena, please let us know if ADK consents, pursuant to Rule 45(f), to that motion being heard by the District Court for the District of Columbia where the subpoena was issued.

Best,

wiley
Frank Scaduto
Attorney at Law
fscaduto@wiley.law

Wiley Rein LLP • 2050 M Street NW • Washington, DC 20036
o: 202.719.3479
Download V-Card | wiley.law

---

**From:** Scaduto, Frank
**Sent:** Wednesday, January 18, 2023 6:02 PM
**To:** 'Tolar, Whitney L.' <WLTolar@Venable.com>; Ross, Bennett L. <BRoss@wiley.law>; Wallerstein, Thomas E.

<TWallerstein@Venable.com>
**Cc:** Sweet, Mark <MSweet@wiley.law>; Tuteur, Rachel <RTuteur@wiley.law>
**Subject:** RE: Relator's Subpoena to ADK

Whitney,

We are writing to follow up on your email below. Has ADK changed its position with respect to producing documents in response to Relator's subpoena? We are in the process of scheduling conferences with the Court to resolve discovery disputes with defendants and we are beginning to do the same with respect to nonparties.

Best,

Frank

wiley | Frank Scaduto
Attorney at Law
fscaduto@wiley.law

Wiley Rein LLP • 2050 M Street NW • Washington, DC 20036
o: 202.719.3479
Download V-Card | wiley.law

---

**From:** Tolar, Whitney L. <WLTolar@Venable.com>
**Sent:** Tuesday, January 10, 2023 8:33 PM
**To:** Ross, Bennett L. <BRoss@wiley.law>; Wallerstein, Thomas E. <TWallerstein@Venable.com>
**Cc:** Sweet, Mark <MSweet@wiley.law>; Tuteur, Rachel <RTuteur@wiley.law>; Scaduto, Frank <FScaduto@wiley.law>
**Subject:** RE: Relator's Subpoena to ADK

**External Email**

---

Hello Counsel,

Happy New Year. As an update on this, we are discussing with our client to see what responsive documents we have and to confirm our position in response to your letter.

Thanks,
Whitney

---

**From:** Ross, Bennett L. <BRoss@wiley.law>
**Sent:** Wednesday, December 21, 2022 1:11 PM
**To:** Tolar, Whitney L. <WLTolar@Venable.com>; Wallerstein, Thomas E. <TWallerstein@Venable.com>
**Cc:** Sweet, Mark <MSweet@wiley.law>; Tuteur, Rachel <RTuteur@wiley.law>; Scaduto, Frank <FScaduto@wiley.law>
**Subject:** RE: Relator's Subpoena to ADK

**Caution: External Email**

Counsel,

Please see attached.

Happy Holidays.

Bennett

Bennett L. Ross
Attorney at Law
bross@wiley.law

Wiley Rein LLP • 2050 M Street NW • Washington, DC 20036
o: 202.719.7524 • m: 202.674.0582
Download V-Card | wiley.law | Bio

Please update your records to reflect our new office address.

---

**From:** Tolar, Whitney L. <WLTolar@Venable.com>
**Sent:** Monday, December 19, 2022 7:03 PM
**To:** Scaduto, Frank <FScaduto@wiley.law>
**Cc:** Wallerstein, Thomas E. <TWallerstein@Venable.com>; Ross, Bennett L. <BRoss@wiley.law>; Sweet, Mark <MSweet@wiley.law>; Tuteur, Rachel <RTuteur@wiley.law>
**Subject:** RE: Relator's Subpoena to ADK

**External Email**

---

Counsel,

Please see attached for our response.

Thanks,
Whitney

---

**From:** Scaduto, Frank <FScaduto@wiley.law>
**Sent:** Monday, December 19, 2022 9:58 AM
**To:** Tolar, Whitney L. <WLTolar@Venable.com>
**Cc:** Wallerstein, Thomas E. <TWallerstein@Venable.com>; Ross, Bennett L. <BRoss@wiley.law>; Sweet, Mark <MSweet@wiley.law>; Tuteur, Rachel <RTuteur@wiley.law>
**Subject:** Relator's Subpoena to ADK

**Caution: External Email**

Whitney,

I am following up on our December 8 meet and confer and Bennett's December 9 letter to you regarding Relator's subpoena to ADK. We expected to hear back from you last week as to whether Relator's compromise proposal is

acceptable to ADK. Please let us know if we can expect a response this week. We remain available to answer any questions you may have in the meantime.

Best,

Frank

wiley
Frank Scaduto
Attorney at Law
fscaduto@wiley.law

Wiley Rein LLP • 2050 M Street NW • Washington, DC 20036
o: 202.719.3479
Download V-Card | wiley.law

Please update your records to reflect our new office address.

CONFIDENTIALITY: This email and any attachments are confidential, except where the email states it can be disclosed, and it may also be privileged. If received in error, please do not disclose the contents to anyone, but notify the sender and delete this email and any attachments.

**********************************************************************
This electronic mail transmission may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.
**********************************************************************

**********************************************************************
This electronic mail transmission may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.
**********************************************************************

**********************************************************************
This electronic mail transmission may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.
**********************************************************************