# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** *ex rel.*, **VERMONT NATIONAL TELEPHONE COMPANY,** | Case No. 15-CV-728 (CKK) |
| **Plaintiff,** | |
| **v.** | |
| **NORTHSTAR WIRLESS, LLC,** *et al.*, | |
| **Defendants.** | |

**DEFENDANTS SNR WIRLESS LICENSECO, LLC, SNR WIRELESS HOLDCO, LLC, SNR WIRELESS MANAMGENT, LLC, AND ATELUM LLC'S RESPONSE TO RELATOR'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Local Civil Rule 5.2, defendants SNR Wireless LicenseCo LLC, SNR Wireless HoldCo LLC, SNR Wireless Management LLC, and Atelum LLC (collectively, "SNR Wireless"), by and through their undersigned attorneys, hereby respond and object to Relator Vermont National Telephone Company ("VTel Wireless")'s First Set of Requests for Production of Documents (the "Requests"), dated October 3, 2022.

SNR Wireless's discovery and investigation of facts relevant to this litigation are ongoing. These objections and responses are based on currently available documents and things as part of an ongoing search-and-review process and provided to the best of SNR Wireless's current knowledge. Accordingly, SNR Wireless reserve its rights to amend, modify, or supplement its responses as necessary and in accordance with Federal Rule of Civil Procedure 26(e).

1

Nothing in these objections and responses constitutes or should be construed as a waiver of any rights that otherwise might be available to SNR Wireless, nor does SNR Wireless's answering of any Request or agreement to produce any documents constitute an admission of the existence, relevance, authenticity, or admissibility in evidence of the documents requested or these responses.  None of SNR Wireless's objections or responses is or should be construed as an admission concerning the truth or accuracy of any characterization contained in any Request.

## GENERAL OBJECTIONS

The following responses and objections ("General Objections") apply to each Request, whether or not stated separately in response to each particular Request. SNR Wireless reserves the right to rely upon any facts, documents or other evidence which may develop or come to their attention at a later time throughout the course of discovery. Responses to these Requests will be based upon information known to SNR Wireless at this time. The comments herein are set forth without prejudice to the right of SNR Wireless to supplement answers, if further information is discovered, and SNR Wireless reserves the right to supplement or amend answers at any time prior to trial in accordance with the Federal Rules of Civil Procedure. The assertion of the same, similar, or additional objections in the specific responses set forth below, or the failure to assert any additional objections, does not waive any of SNR Wireless's General Objections, or any additional objections.

1.      SNR Wireless will make, subject to and without waiving its objections, reasonable efforts to respond to the Requests, as SNR Wireless understands and interprets each one. If Relator subsequently asserts an interpretation of any Request that differs from SNR

Wireless's interpretation, SNR Wireless reserves the right to supplement or amend its objections and responses.

2.      SNR Wireless objects to these Requests, including their Definitions and Instructions, to the extent they seek to impose burdens and/or obligations beyond those imposed by the Federal Rules of Civil Procedure, Local Rules of the United States District Court for the District of Columbia, agreements entered into by the parties, or Orders entered by the Court in this action.

3.      SNR Wireless objects to these Requests to the extent they seek information or documents not relevant to Relator's "well-pled" claims asserted in the First Amended Complaint ("FAC") or SNR Wireless's defenses or are otherwise not relevant to any party's claims or defenses or not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

4.      SNR Wireless objects to each Request to the extent it seeks or concerns discovery of documents or information that are not relevant to Relator's "secret agreement" theory, which is the amended complaint's sole theory of False Claims Act liability. The amended complaint expressly disclaimed reliance on any theory of liability premised on any defendant's (or multiple defendants') interpretation (or supposed misinterpretation) of the FCC's de-facto-control rules, or any defendant's (or multiple defendants') claiming eligibility for price discounts as very small businesses.  *See* FAC ¶ 128; *see also* Dkt. 78 (MTD opp.) at 44; Dkt. 80 (MTD reply) at 2 n.2.  As a result, the only claim remaining in

the case is that defendants committed fraud by knowingly failing to disclose to the FCC one or more secret agreements or understandings regarding SNR Wireless's relationship with Northstar and DISH, and then falsely certifying to the FCC that they had in fact disclosed all such agreements or understandings.  As that is the only remaining claim in the case, SNR Wireless will not produce documents in response to any Request to the extent that Request seeks any document not relevant to Relator's secret-agreement theory.

5.      SNR Wireless objects to these Requests to the extent they are overly broad, vague, ambiguous, contain words or phrases that are confusing, or lack sufficient definition to permit response. SNR Wireless will make every effort to construe these Requests in good faith consistent with their obligations under the Federal Rules of Civil Procedure and the Local Rules of the District Court for the District of Columbia. By responding to any Request, SNR Wireless does not adopt any meaning Relator may intend or have in mind, and SNR Wireless expressly reserves the right to object to the use or introduction of any response that mischaracterizes SNR Wireless's response or takes SNR Wireless's response out of context or attempts to apply the response to a unilateral definition of a particular inquiry.

6.      SNR Wireless objects to each Request to the extent it seeks or concerns discovery of documents or information not relevant to the claims, counterclaims, or defenses of any party to this action, or proportional to the needs of the case as required by Federal Rule of Civil Procedure 26(b).  To the extent SNR Wireless responds to any Request, it is neither a concession that the information sought by the Request is relevant or proportional to the needs of the case, nor an admission that the alleged facts or statements in that Request are either true or correct.

7.      SNR Wireless objects to these Requests to the extent they are unreasonably cumulative, overlapping, or duplicative, cause annoyance, prejudice, oppression or undue burden or expense.

8.      SNR Wireless objects to these Requests to the extent they seek information or documents protected by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, the privilege accorded to settlement materials and negotiations, or any other applicable protection or claim of privilege. The responses that follow encompass responsive, non-privileged, information and documents. SNR Wireless does not waive and intends to preserve the attorney-client privilege, the work product doctrine, and every other applicable privilege with respect to each and every document protected by such privilege. Any disclosure of privileged or protected information or documents is inadvertent and not intended to waive any applicable privileges or protections. In the event that SNR Wireless inadvertently discloses privileged information it is not a waiver of any applicable privilege, claim of confidentiality, or other objection, with respect to such information or any other document or matter.

9.      SNR Wireless objects to these Requests to the extent that they seek to require SNR Wireless to do more than use reasonable diligence to locate responsive documents, seek to impose upon SNR Wireless an undue expense or burden that properly should be borne by Relator, or seek to impose an expense that is not proportional to the value of the information to be obtained. SNR Wireless further objects to these Requests to the extent they seek information or documents already known to, in the possession, custody, or control of, or otherwise available through or from Relator or a more convenient, less burdensome, or less expensive source.

10.     SNR Wireless objects to each Request to the extent it seeks to require it to provide documents or information that are publicly available and/or equally available to Relator.

11.     SNR Wireless objects to these Requests to the extent they seek discovery of information or documents in possession, custody, or control of persons or entities other than SNR Wireless.

12.     SNR Wireless objects to these Requests to the extent they call for, or can be interpreted as calling for, legal conclusions, or to the extent they assume disputed issues or are phrased in such a way as to be argumentative, prejudicial, lacking foundation, or otherwise improper.

13.     SNR Wireless objects to these Requests to the extent they seek to require SNR Wireless to make and disclose decisions regarding trial witnesses, exhibits, claims, arguments, or strategy. SNR Wireless reserves, until the time required by the Court, their right to make any and all evidentiary objections. SNR Wireless's responses to these Requests shall not be construed as admitting the relevance, discoverability, or admissibility of any of the information contained or documents identified in their responses, or as waiving any objection to the use or admission of any such information or documents in forthcoming pretrial proceedings or at trial. SNR Wireless does not in any way waive or intend to waive, but rather intend to preserve and are preserving the right to challenge the competency, relevancy, materiality, and admissibility at any hearing or trial, or in any subsequent proceeding, of this or any other action, of any information provided in response to Relator's Requests. SNR Wireless is also preserving all objections as to vagueness and

ambiguity, and all rights to object on any grounds to any further Discovery Requests involving or related to any of the Requests contained herein.

14.     SNR Wireless objects to each discovery Request to the extent it seeks information or documents that are prepared, generated, or received in anticipation of, or after the commencement of, this litigation.

15.     SNR Wireless objects to these Requests to the extent they seek confidential or proprietary business information.

16.     SNR Wireless objects to these Requests to the extent they encompass any period of time not reasonably related to the events at issue in this litigation. In particular, SNR Wireless objects to the extent that these Requests encompass time periods beyond the allegations in the FAC. To the extent Defendants produce documents outside that time range, Defendants do not waive their objection or agree to produce additional documents.

17.     SNR Wireless objects to each Request to the extent it seeks to require SNR Wireless to generate documents or information that do not presently exist.

18.     SNR Wireless objects to each Request to the extent that it assumes facts that have not been established and/or are not true or accurate.

19.     Any statement that SNR Wireless will produce document(s) in response to a specific Request does not constitute a representation by SNR Wireless that any such document(s) in fact exist or are in SNR Wireless's possession, custody, or control.

20.     Any response made despite or subject to any objection is done for the purpose of demonstrating a good faith effort to respond to the discovery Request and is not intended to constitute either a waiver of the objection or an assent to the reasonableness, admissibility or discoverability of the information provided.

21.     SNR Wireless reserves the right to supplement their objections and responses as necessary, including upon any developments in this action, or the discovery of additional responsive information in this action.

22.     SNR Wireless reserves the right to redact material from any document produced in response to these Requests that is beyond the scope of admissible discovery in this matter.

23.     Any documents produced by SNR Wireless in response to any Request will be governed by the protective order entered (or to be entered) in this case, including the designation and treatment of certain documents as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

24.     SNR Wireless objects to each Request to the extent it seeks or concerns disclosure of documents or information that SNR Wireless is under an obligation to a third party or court order not to disclose. SNR Wireless will disclose responsive, non-privileged documents in accordance with the protective order entered (or to be entered) in this case, after complying with its obligations to the third party and/or Court, or will advise Relator if SNR Wireless is precluded from disclosing such documents or information based on any contractual or other legal obligation, including by applying necessary redactions to protect information that is confidential to third parties.

25.     SNR Wireless objects to each Request to the extent it seeks or concerns the production of documents that would violate: the privacy or other rights of third parties (including SNR Wireless's consumers and current and former employees); confidentiality or non-disclosure arrangements between SNR Wireless and any of its actual or potential suppliers, current or former employees, or other persons or entities not connected to this

litigation; the confidentiality of settlement discussions or agreements; or any court order restricting the disclosure of such documents, including by applying necessary redactions to protect information that is confidential or private to third parties.

26. SNR Wireless objects to Relator's demand that documents and things be made available within thirty days of service of the Requests. SNR Wireless will produce responsive, non-privileged documents and things, consistent with its objections and responses herein, on a rolling basis and in accordance with applicable rules and scheduling orders.

27. The parties have agreed to negotiate a joint protocol for the production of electronically stored information ("ESI"). Any document produced by SNR Wireless in response to any Request will comply, to the best of SNR Wireless's ability, with that protocol.

28. Any statement herein that SNR Wireless will produce a specified document is not a representation that the document exists, but only that SNR Wireless has made or will make a good-faith, reasonable effort to search for the document and, subject to SNR Wireless's objections, will produce or has produced any such non-privileged document within its possession, custody, or control.

## <u>GENERAL OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS</u>

The following Objections to Definitions are hereby incorporated into SNR Wireless's response to each Request as though fully set forth therein.

29. SNR Wireless objects to all definitions to the extent that they are vague, confusing, overly broad, and not calculated to lead to the discovery of admissible evidence.

SNR Wireless will interpret the Requests reasonably and in good faith in accordance with common English usage and their obligations under the Federal Rules of Civil Procedure.

30.     SNR Wireless objects to all definitions, instructions, and Requests that require the production of "all" "documents," "communications" or other information as overly broad, unduly burdensome, and oppressive where a reasonable quantity of documents would suffice to show the pertinent information and avoid production of cumulative and duplicative documents or otherwise exceeds the scope of proportional discovery under the Federal Rules of Civil Procedure.

31.     SNR Wireless objects to the definition of "Amended Complaint" as overbroad to the extent it encompasses more than the FAC filed in this action on February 11, 2019 as Docket Entry No. 76 in this action.

32.     SNR Wireless objects to Relator's definitions of "You" and "Your(s)" and "SNR Wireless" to the extent that they purport to include (a) persons or entities that are not parties to this action and/or (b) persons or entities whose actions and/or knowledge are not properly attributable to SNR Wireless, in whole or in part, and/or who are not under SNR Wireless's control.

33.     SNR Wireless objects to Relator's definition of "Communication" as vague, ambiguous, overbroad, and unduly burdensome to the extent it seeks materials beyond what is contemplated by Federal Rule of Civil Procedure 34(a)(1)(A). SNR Wireless further objects to Relator's definition of "Document" as vague, ambiguous, and overbroad. SNR Wireless will interpret these terms consistent with their plain and ordinary meaning and in accordance with applicable rules.

34.     SNR Wireless objects to Relator's definition of "Investors" as vague, overly broad, and unduly burdensome, including as to "any other entity that holds or held a minority interest in SNR," and as disproportionate to the needs of this case with regards to its inclusion of "each of their officers, directors, employees, members, representatives, agents, attorneys, and all persons acting or purporting to act on their behalf.", including to the extent it requires determination of "all persons acting or purporting to act" on behalf of third parties whom SNR Wireless does not control.  SNR Wireless will interpret the term consistent with its plain and ordinary meaning.

35.     SNR Wireless objects to Relator's definition of "SNR" as vague, overly broad, and unduly burdensome, including to the extent it requires determination of "all persons acting or purporting to act" on behalf of third parties whom SNR Wireless does not control. SNR Wireless will interpret the term to mean SNR Wireless LicenseCo LLC, SNR Wireless HoldCo LLC, SNR Wireless Management LLC, Atelum LLC, as well as known representatives of those entities.

36.     SNR Wireless objects to Relator's definitions of "regarding" and "relating to" because they are overbroad, unduly burdensome, and seek discovery of materials that are not relevant to any party's claims, counterclaims, or defenses and not proportional to the needs of this case, and would impose upon SNR Wireless obligations not required by applicable rules.  SNR Wireless will interpret these terms to have their plain and ordinary meanings.

37.     SNR Wireless objects to Relator's instructions to the extent they purport to impose upon SNR Wireless any duty or obligation inconsistent with or in excess of those imposed by applicable rules and court orders. SNR Wireless further objects to Relator's

11

instructions to the extent that they purport to unilaterally impose on SNR Wireless the requirements of appendix A to Relator's Requests. SNR Wireless and the other defendants will continue to meet and confer with Relator regarding a mutually agreeable format for production of ESI, and nothing in these responses should be construed as an acceptance of formatting proposals contained in Relator's Requests or appendix A thereto.

38.     SNR Wireless objects to Relator's instructions as overly broad and unduly burdensome, including to the extent that paragraph 27, in purporting to require SNR Wireless to produce such documents that it has "the ability to obtain," would encompass documents beyond those which SNR Wireless is required to produce under applicable law.

39.     SNR Wireless objects to Relator's instruction in paragraph 29 as overly broad and unduly burdensome, including to the extent it requires SNR Wireless to describe documents that do not exist, and to the extent it presumptively calls for discovery on discovery without any showing of cause.  SNR Wireless will search for and produce only documents that are currently in its possession, custody, or control.

40.     SNR Wireless objects to Relator's instruction in paragraph 30 to the extent it purports to prohibit redaction of documents necessary to protect attorney-client privileged information, attorney work product, or other protected or proprietary information. SNR Wireless will produce documents in redacted format if needed to protect such privileges or rights.

41.     SNR Wireless objects to Relator's instruction in paragraph 32 as unduly burdensome to the extent it provides no specified timeframe during which SNR Wireless may prepare a privilege log. SNR Wireless further objects to the instruction in paragraph

32 to the extent it imposes any duty or obligation that is inconsistent with or in excess of those obligations imposed by applicable rules and court orders.

42.    SNR Wireless objects to the Instruction at paragraph 34, which defines the time period for the Requests as from January 1, 2013 to the present. That instruction is overbroad and disproportionate to the reasonable needs of the case to the extent that it seeks documents outside of the relevant time period for this litigation and would impose an undue burden on the SNR Wireless as it pertains to logging privileged documents.

43.    SNR Wireless objects to the Request for "all documents" as overly broad, unduly burdensome, and not proportionate to the needs of the case. *See, e.g., Franzon v. Massena Mem'l Hosp.*, 189 F.R.D. 220, 222 (N.D.N.Y. 1999) (finding a discovery request that "seeks 'any and all documents' and provides no meaningful limitations" is overbroad). SNR Wireless will conduct a reasonable search for responsive documents, and will meet and confer with Relator in good faith to agree upon an appropriately limited time period for the Requests, and to agree on appropriate custodians and search terms to identify potentially responsive documents created during such time period.

**RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST NO. 1:** All documents reflecting or relating to communications between DISH and SNR.

**RESPONSE NO. 1:**

In addition to the General Objections, which are incorporated herein by reference, SNR Wireless objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent that it seeks "all" documents and communications unrestrained by subject matter. SNR Wireless further objects to this Request to the extent it seeks

documents not relevant to VTel Wireless's "secret agreement" theory, as articulated in ¶¶ 150 – 151 of the FAC, the lone remaining claim in this litigation, or SNR Wireless's defenses in the case.  SNR Wireless further objects to the Request to the extent it seeks information protected by the work-product doctrine, attorney-client privilege, or any other applicable privilege.

Subject to and without waiving any objections, and to the extent such documents exist and can be located in a reasonable search, SNR Wireless will produce any responsive documents, in its possession, reflecting or relating to communications between DISH and SNR Wireless relevant to VTel Wireless's sole remaining "secret agreement" claim as set forth in the FAC and SNR Wireless's defenses to that theory, within the relevant time period, on a rolling basis.

**REQUEST NO. 2:**  All documents reflecting or relating to communications between DISH and Northstar.

**RESPONSE NO. 2:**

In addition to the General Objections, which are incorporated herein by reference, SNR Wireless objects to this Request to the extent it calls for communications between third parties that SNR Wireless does not control. SNR Wireless further objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent that it seeks "all" documents and communications unrestrained by subject matter. SNR Wireless further objects to this Request to the extent it seeks documents not relevant to VTel Wireless's "secret agreement" theory, as articulated in ¶¶ 150 – 151 of the FAC, the lone remaining claim in this litigation, or SNR Wireless's defenses in the case.

Subject to and without waiving any objections, and to the extent such documents exist and can be located in a reasonable search, SNR Wireless will produce documents as described in its responses to Requests 1 and 3.

14

**REQUEST NO. 3:** All documents reflecting or relating to communications between Northstar and SNR.

**RESPONSE NO. 3:**

In addition to the General Objections, which are incorporated herein by reference, SNR Wireless objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent that it seeks "all" documents and communications unrestrained by subject matter. SNR Wireless further objects to this Request to the extent it seeks documents not relevant to VTel Wireless's "secret agreement" theory, as articulated in ¶¶ 150 – 151 of the FAC, the lone remaining claim in this litigation, or SNR Wireless's defenses in the case. SNR Wireless further objects to the Request to the extent it seeks information protected by the work-product doctrine, attorney-client privilege, or any other applicable privilege.

Subject to and without waiving any objections, and to the extent such documents exist and can be located in a reasonable search, SNR Wireless will produce any responsive documents, in its possession, reflecting or relating to communications between Northstar and SNR Wireless relevant to VTel Wireless's sole remaining "secret agreement" claim as set forth in the FAC and SNR Wireless's defenses to that theory, within the relevant time period, on a rolling basis.

**REQUEST NO. 4:** All communications between counsel for You and counsel for any other Defendant from January 1, 2013 through May 11, 2015.

**RESPONSE NO. 4:**

In addition to the General Objections, which are incorporated herein by reference, SNR Wireless objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, including because it seeks "all" documents unconstrained by subject matter. SNR Wireless further objects to this Request to the extent this Request seeks information relating

to documents or communications between other Defendants and SNR Wireless not relevant to VTel Wireless's "secret agreement" theory, as articulated in ¶¶ 150 – 151 of the FAC, the lone remaining claim in this litigation, or SNR Wireless's defenses in the case.  SNR Wireless further objects to this Request to the extent it seeks information or documents protected by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, the privilege accorded to settlement materials and negotiations, or any other applicable protection or claim of privilege. SNR Wireless further objects to this Request as duplicative of Requests 1 – 3.

Subject to and without waiving any objections, and to the extent such documents exist and can be located in a reasonable search, SNR Wireless will produce any responsive documents reflecting or relating to communications between counsel for SNR Wireless and counsel for other Defendants relevant to VTel Wireless's sole remaining "secret agreement" claim as set forth in the FAC, within the relevant time period, on a rolling basis.

**REQUEST NO. 5:** An unredacted copy of the Short-Form Application submitted by or on behalf of SNR.

**RESPONSE NO. 5:**

In addition to the General Objections, which are incorporated herein by reference, SNR Wireless objects to this Request to the extent this Request seeks information relating to documents or communications between other Defendants and SNR Wireless not relevant to VTel Wireless's "secret agreement" theory, as articulated in ¶¶ 150 – 151 of the FAC, the lone remaining claim in this litigation, or SNR Wireless's defenses in the case.  SNR Wireless further objects to this Request to the extent they seek information or documents protected by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, the privilege accorded to settlement

materials and negotiations, or any other applicable protection or claim of privilege. SNR Wireless objects to this Request to the extent it seeks confidential or proprietary business information.

Subject to and without waiving any objections, SNR Wireless will produce an unredacted copy of the Short-Form Application submitted by or on behalf of SNR Wireless, on a rolling basis.

**REQUEST NO. 6:** An unredacted copy of the Long-Form Application submitted by or on behalf of SNR.

**RESPONSE NO. 6:**

In addition to the General Objections, which are incorporated herein by reference, SNR Wireless objects to this Request to the extent this Request seeks information relating to documents or communications between other Defendants and SNR Wireless not relevant to VTel Wireless's "secret agreement" theory, as articulated in ¶¶ 150 – 151 of the FAC, the lone remaining claim in this litigation, or SNR Wireless's defenses in the case.  SNR Wireless further objects to this Request to the extent it seeks information or documents protected by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, the privilege accorded to settlement materials and negotiations, or any other applicable protection or claim of privilege. SNR Wireless objects to this Request to the extent it seeks confidential or proprietary business information.

Subject to and without waiving any objections, and to the extent such documents exist and can be located in a reasonable search, SNR Wireless will produce an unredacted copy of the Long-Form Application submitted by or on behalf of SNR Wireless, on a rolling basis.

**REQUEST NO. 7:** All documents, excluding any public filings, reflecting or relating to communications between Defendants and the FCC regarding Auction 97.

**RESPONSE NO. 7:**

In addition to the General Objections, which are incorporated herein by reference, SNR Wireless objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent that it seeks documents and communications not relevant to VTel Wireless's "secret agreement" theory, the lone remaining claim in this litigation, or SNR Wireless's defenses in the case. SNR Wireless further objects to this Request to the extent it seeks documents beyond the Defendants' possession, custody, or control. SNR Wireless further objects to the Request to the extent it seeks information or documents protected by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, the privilege accorded to settlement materials and negotiations, or any other applicable protection or claim of privilege.

Subject to and without waiving any objections, SNR Wireless will produce any responsive documents reflecting or relating to communications between SNR Wireless and the FCC regarding Auction 97 relevant to VTel Wireless's sole remaining "secret agreement" claim as set forth in the FAC, within the relevant time period, on a rolling basis.

**REQUEST NO. 8:** To the extent not already provided, all documents relating to DISH.

**RESPONSE NO. 8:**

In addition to the General Objections, which are incorporated herein by reference, SNR Wireless objects to this on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks "all" documents unconstrained by subject matter. SNR Wireless further objects to this Request to the extent that it seeks documents and communications not relevant to VTel Wireless's "secret agreement" theory, as articulated in ¶¶ 150 – 151 of the FAC, the lone remaining claim in this litigation, or SNR Wireless's defenses in the case.

seeks information or documents protected by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, the privilege accorded to settlement materials and negotiations, or any other applicable protection or claim of privilege. SNR Wireless further objects to this Request as duplicative of Requests 1 and 19.

Subject to and without waiving any objections, and to the extent such documents exist and can be located in a reasonable search, SNR Wireless will produce any responsive documents reflecting or relating DISH relevant to VTel Wireless's sole remaining "secret agreement" claim as set forth in the FAC, within the relevant time period, on a rolling basis.

**REQUEST NO. 9:** To the extent not already provided, all documents relating to Northstar.

**RESPONSE NO. 9:**

In addition to the General Objections, which are incorporated herein by reference, SNR Wireless objects to this on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks "all" documents unconstrained by subject matter. SNR Wireless further objects to this Request to the extent that it seeks documents and communications not relevant to VTel Wireless's "secret agreement" theory, as articulated in ¶¶ 150 – 151 of the FAC, the lone remaining claim in this litigation, or SNR Wireless's defenses in the case. seeks information or documents protected by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, the privilege accorded to settlement materials and negotiations, or any other applicable protection or claim of privilege. SNR Wireless further objects to this Request as duplicative of Requests 3 and 19.

Subject to and without waiving any objections, and to the extent such documents exist and can be located in a reasonable search, SNR Wireless will produce any responsive documents

reflecting or relating Northstar relevant to VTel Wireless's sole remaining "secret agreement" claim as set forth in the FAC, within the relevant time period, on a rolling basis.

**REQUEST NO. 10:** To the extent not already provided, all documents relating to SNR's strategy, plans, or designs to bid for or acquire AWS-3 Spectrum or to participate in Auction 97.

**RESPONSE NO. 10:**

In addition to the General Objections, which are incorporated herein by reference, SNR Wireless objects to this Request on the grounds that it is overly broad, vague, ambiguous, contains words or phrases that are confusing, or lacks sufficient definition to permit response. Specifically, VTel Wireless's Definitions and Instructions fail to define "strategy", "plans", or "designs." SNR Wireless further objects on the grounds that the Request is not proportional to the needs of the case to the extent that it seeks documents and communications not relevant to VTel Wireless's "secret agreement" theory, as articulated in ¶¶ 150 – 151 of the FAC, the lone remaining claim in this litigation, or SNR Wireless's defenses in the case. SNR Wireless further objects on the ground that the Request to the extent it seeks information or documents protected by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, the privilege accorded to settlement materials and negotiations, or any other applicable protection or claim of privilege. SNR Wireless further objects to this Request to the extent they are unreasonably cumulative, overlapping, or duplicative with Requests 11, 12, 18, 21, and 26.

Subject to and without waiving any objections, and to the extent such documents exist and can be located in a reasonable search, SNR Wireless will produce any responsive documents relating to SNR's strategy, plans, or designs to bid for or acquire AWS-3 Spectrum or to participate in Auction 97 relevant to VTel Wireless's sole remaining "secret agreement" claim as set forth in the FAC, within the relevant time period, on a rolling basis.

**REQUEST NO. 11:** To the extent not already provided, all communications between or among SNR and any of the Individual Defendants relating to Auction 97, including but not limited to any strategy, plans, or designs to bid for or acquire AWS-3 Spectrum.

**RESPONSE NO. 11:**

In addition to the General Objections, which are incorporated herein by reference, SNR Wireless objects to this Request on the grounds that it is overly broad, vague, ambiguous, contains words or phrases that are confusing, or lacks sufficient definition to permit response. Specifically, VTel Wireless's Definitions and Instructions fail to define "strategy, plans, or designs." SNR Wireless further objects on the grounds that the Request is not proportional to the needs of the case to the extent that it seeks documents and communications not relevant to VTel Wireless's "secret agreement" theory, as articulated in ¶¶ 150 – 151 of the FAC, the lone remaining claim in this litigation, or SNR Wireless's defenses in the case.  SNR Wireless further objects to the extent the Request seeks information or documents protected by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, the privilege accorded to settlement materials and negotiations, or any other applicable protection or claim of privilege. SNR Wireless further objects to this Request to the extent they are unreasonably cumulative, overlapping, or duplicative with Requests 10, 12, 18, 21, and 26.

Subject to and without waiving any objections, and to the extent such documents exist and can be located in a reasonable search, SNR Wireless will produce any responsive communications between or among SNR Wireless and any of the Individual Defendants relating to Auction 97, including but not limited to any strategy, plans, or designs to bid for or acquire AWS-3 Spectrum relevant to VTel Wireless's sole remaining "secret agreement" claim as set forth in the FAC, within the relevant time period, on a rolling basis.

**REQUEST NO. 12:** To the extent not already provided, all communications between or among SNR and DISH or Northstar relating to Auction 97, including but not limited to any strategy, plans, or designs to bid for or acquire AWS-3 Spectrum.

**RESPONSE NO. 12:**

In addition to the General Objections, which are incorporated herein by reference, SNR Wireless objects to this Request on the grounds that it is overly broad, vague, ambiguous, contains words or phrases that are confusing, or lacks sufficient definition to permit response. Specifically, VTel Wireless's Definitions and Instructions fail to define "strategy", "plans", or "designs". SNR Wireless further objects on the grounds that the Request is not proportional to the needs of the case to the extent that it seeks documents and communications not relevant to VTel Wireless's "secret agreement" theory, as articulated in ¶¶ 150 – 151 of the FAC, the lone remaining claim in this litigation, or SNR Wireless's defenses in the case.  SNR Wireless further objects on the ground that the Request to the extent it seeks information or documents protected by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, the privilege accorded to settlement materials and negotiations, or any other applicable protection or claim of privilege. SNR Wireless further objects to this Request to the extent they are unreasonably cumulative, overlapping, or duplicative with Requests 10, 11, 18, 21, and 26.

Subject to and without waiving any objections, and to the extent such documents exist and can be located in a reasonable search, SNR Wireless will produce any responsive communications between or among SNR and DISH or Northstar relating to Auction 97, including but not limited to any strategy, plans, or designs to bid for or acquire AWS-3 Spectrum relevant to VTel Wireless's sole remaining "secret agreement" claim as set forth in the FAC, within the relevant time period, on a rolling basis.

**REQUEST NO. 13:** To the extent not already provided, all communications between or among SNR and any of the Investors relating to Auction 97, including but not limited to any strategy, plans, or designs to bid for or acquire AWS-3 Spectrum.

**RESPONSE NO. 13:**

In addition to the General Objections, which are incorporated herein by reference, SNR Wireless objects to this Request on the grounds that it is overly broad, vague, ambiguous, contains words or phrases that are confusing, or lacks sufficient definition to permit response. Specifically, VTel Wireless's Definitions and Instructions fail to define "strategy", "plans", or "designs", and the definition of "Investors" as both vague and disproportionate to the needs of the case. SNR Wireless further objects on the grounds that the Request is not proportional to the needs of the case to the extent that it seeks documents and communications not relevant to VTel Wireless's "secret agreement" theory, as articulated in ¶¶ 150 – 151 of the FAC, the lone remaining claim in this litigation, or SNR Wireless's defenses in the case. SNR Wireless further objects on the ground that the Request to the extent it seeks information or documents protected by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, the privilege accorded to settlement materials and negotiations, or any other applicable protection or claim of privilege. SNR Wireless further objects to this Request to the extent they are unreasonably cumulative, overlapping, or duplicative with Requests 10, 11, 12, 18, 21, and 26.

Subject to and without waiving any objections, and to the extent such documents exist and can be located in a reasonable search, SNR Wireless will produce any responsive communications between or among SNR and any of the Investors relating to Auction 97, including but not limited to any strategy, plans, or designs to bid for or acquire AWS-3 Spectrum relevant to VTel Wireless's

sole remaining "secret agreement" claim as set forth in the FAC, within the relevant time period, on a rolling basis.

**REQUEST NO. 14:** All documents relating to the creation or formation of SNR.

**RESPONSE NO. 14:**

In addition to the General Objections, which are incorporated herein by reference, SNR Wireless objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent that it seeks documents and communications not relevant to VTel Wireless's "secret agreement" theory, as articulated in ¶¶ 150 – 151 of the FAC, the lone remaining claim in this litigation, or SNR Wireless's defenses in the case.  SNR Wireless further objects on the ground that the Request to the extent it seeks information or documents protected by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, the privilege accorded to settlement materials and negotiations, or any other applicable protection or claim of privilege.

In light of the foregoing general and specific objections, SNR Wireless will not produce documents in response to this Request.

**REQUEST NO. 15:** All documents relating to investment in, funding of, or financing of SNR.

**RESPONSE NO. 15:**

In addition to the General Objections, which are incorporated herein by reference, SNR Wireless objects to this Request on the grounds that it is overly broad, vague, ambiguous, contains words or phrases that are confusing, or lacks sufficient definition to permit response. Specifically, VTel Wireless's Definitions and Instructions fail to define "investment, funding, or financing." SNR Wireless further objects on the grounds that the Request is not proportional to the needs of the case to the extent that it seeks documents and communications not relevant to VTel Wireless's "secret

agreement" theory, as articulated in ¶¶ 150 – 151 of the FAC, the lone remaining claim in this litigation, or SNR Wireless's defenses in the case.  SNR Wireless further objects on the ground that the Request to the extent it seeks information or documents protected by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, the privilege accorded to settlement materials and negotiations, or any other applicable protection or claim of privilege.

In light of the foregoing general and specific objections, SNR Wireless will not produce documents in response to this Request.

**REQUEST NO. 16:** All documents relating to Council Tree Investors or its founder, Stephen Hillard.

**RESPONSE NO. 16:**

In addition to the General Objections, which are incorporated herein by reference, SNR Wireless objects on the grounds that the Request is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent that it seeks documents and communications not relevant to VTel Wireless's "secret agreement" theory, as articulated in ¶¶ 150 – 151 of the FAC, the lone remaining claim in this litigation, or SNR Wireless's defenses in the case. SNR Wireless further objects to this Request to the extent it seeks discovery of information or documents in possession, custody, or control of persons or entities other than SNR Wireless. SNR Wireless further objects to this Request to the extent it seeks information or documents protected by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, the privilege accorded to settlement materials and negotiations, or any other applicable protection or claim of privilege.

Subject to and without waiving any objections, and to the extent such documents exist and can be located in a reasonable search, SNR Wireless will produce any responsive documents relating

to Council Tree Investors or its founder, Stephen Hillard, relevant to VTel Wireless's sole remaining "secret agreement" claim as set forth in the FAC, within the relevant time period, on a rolling basis.

**REQUEST NO. 17:** To the extent not already provided, all documents relating to any Investor's acquisition, transfer, sale, or redemption of any interest in SNR.

**RESPONSE NO. 17:**

In addition to the General Objections, which are incorporated herein by reference, SNR Wireless objects on the grounds that the Request is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent that it seeks documents and communications not relevant to VTel Wireless's "secret agreement" theory, as articulated in ¶¶ 150 – 151 of the FAC, the lone remaining claim in this litigation, or SNR Wireless's defenses in the case. SNR Wireless further objects to this Request to the extent it is overly broad, vague, ambiguous, contains words or phrases that are confusing, or lack sufficient definition to permit response. Specifically, VTel Wireless's Definitions and Instructions fail to define "acquisition, transfer, sale, redemption, or interest". The Request requires SNR Wireless to do more than use reasonable diligence to locate responsive documents, seeks to impose upon SNR Wireless an undue expense or burden that properly should be borne by Relator, or seeks to impose a expense that is not proportional to the value of the information to be obtained.

Subject to and without waiving any objections, and to the extent such documents exist and can be located in a reasonable search, SNR Wireless will produce any responsive documents relating to any Investor's acquisition, transfer, sale, or redemption of any interest in SNR, relevant to VTel Wireless's sole remaining "secret agreement" claim as set forth in the FAC, within the relevant time period, on a rolling basis.

**REQUEST NO. 18:** All communications between counsel for You and counsel for any

Investors regarding AWS-3 Spectrum or Auction 97.

**RESPONSE NO. 18:**

In addition to the General Objections, which are incorporated herein by reference, SNR

Wireless objects on the grounds that the Request is overly broad, unduly burdensome, and not

proportional to the needs of the case to the extent that it seeks documents and communications not

relevant to VTel Wireless's "secret agreement" theory, as articulated in ¶¶ 150 – 151 of the FAC,

the lone remaining claim in this litigation, or SNR Wireless's defenses in the case. SNR Wireless

further objects to the definition of "Investors" as both vague and disproportionate to the needs of the

case. SNR Wireless further objects to the extent the Request seeks information or documents

protected by the attorney-client privilege, the attorney work product doctrine, the joint defense

privilege, the privilege accorded to settlement materials and negotiations, or any other applicable

protection or claim of privilege.

Subject to and without waiving any objections, and to the extent such documents exist and

can be located in a reasonable search, SNR Wireless will produce any responsive, non-privileged,

communications between counsel for SNR Wireless and counsel for any Investors regarding

AWS-3 Spectrum or Auction 97, relevant to VTel Wireless's sole remaining "secret agreement"

claim as set forth in the FAC, within the relevant time period, on a rolling basis.

**REQUEST NO. 19:** To the extent not already provided, all documents relating to any

agreement, written or unwritten, between or among DISH, Northstar, and/or SNR.

**RESPONSE NO. 19:**

In addition to the General Objections, which are incorporated herein by reference, SNR

Wireless objects on the grounds that the Request is overly broad, unduly burdensome, and not

proportional to the needs of the case to the extent that it seeks documents and communications not relevant to VTel Wireless's "secret agreement" theory, as articulated in ¶¶ 150 – 151 of the FAC, the lone remaining claim in this litigation, or SNR Wireless's defenses in the case. SNR Wireless further objects to this Request to the extent they seek discovery of information or documents in possession, custody, or control of persons or entities other than SNR Wireless. SNR Wireless further objects to the extent the Request seeks information or documents protected by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, the privilege accorded to settlement materials and negotiations, or any other applicable protection or claim of privilege. SNR Wireless further objects to this Request as duplicative of Requests 1, 3, 8 and 9.

Subject to and without waiving any objections, and to the extent such documents exist and can be located in a reasonable search, SNR Wireless will produce any responsive documents relating to any agreement, written or unwritten, between or among DISH, Northstar, and/or SNR, relevant to VTel Wireless's sole remaining "secret agreement" claim as set forth in the FAC, within the relevant time period, on a rolling basis.

**REQUEST NO. 20:** All documents relating to any payments made by DISH to SNR.

**RESPONSE NO. 20:**

In addition to the General Objections, which are incorporated herein by reference, SNR Wireless objects on the grounds that the Request is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent that it seeks documents and communications not relevant to VTel Wireless's "secret agreement" theory, as articulated in ¶¶ 150 – 151 of the FAC, the lone remaining claim in this litigation, or SNR Wireless's defenses in the case. SNR Wireless further objects to the extent the Request seeks information or documents protected by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, the

28

privilege accorded to settlement materials and negotiations, or any other applicable protection or claim of privilege. SNR Wireless further objects to this Request to the extent it seeks confidential or proprietary business information or seeks discovery of information or documents in possession, custody, or control of persons or entities other than SNR Wireless.

Subject to and without waiving any objections, and to the extent such documents exist and can be located in a reasonable search, SNR Wireless will produce any responsive documents relating to payments made by DISH to SNR Wireless, relevant to VTel Wireless's sole remaining "secret agreement" claim as set forth in the FAC, within the relevant time period, on a rolling basis.

**REQUEST NO. 21:** All documents relating to any payments for AWS-3 Spectrum won during Auction 97.

**RESPONSE NO. 21:**

In addition to the General Objections, which are incorporated herein by reference, SNR Wireless objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent that it seeks documents and communications not relevant to VTel Wireless's "secret agreement" theory, as articulated in ¶¶ 150 – 151 of the FAC, the lone remaining claim in this litigation, or SNR Wireless's defenses in the case. SNR Wireless further objects to this Request to the extent it seeks discovery of information or documents in possession, custody, or control of persons or entities other than SNR Wireless. SNR Wireless further objects to this Request to the extent it is vague, ambiguous, contains words or phrases that are confusing, or lack sufficient definition to permit response. SNR Wireless further objects to this Request to the extent it seeks information or documents protected by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, the privilege accorded to settlement materials and negotiations, or any other applicable protection or claim of privilege.

SNR Wireless further objects to this Request to the extent they are unreasonably cumulative, overlapping, or duplicative with Requests 10, 11, 12, 18, and 26.

Subject to and without waiving any objections, and to the extent such documents exist and can be located in a reasonable search, SNR Wireless will produce any responsive documents relating to any payments for AWS-3 Spectrum won during Auction 97, relevant to VTel Wireless's sole remaining "secret agreement" claim as set forth in the FAC, within the relevant time period, on a rolling basis.

**REQUEST NO. 22:** To the extent not already provided, all communications and documents relating to SNR's qualifications or eligibility for a bidding credit as a "very small business" under FCC rules.

**RESPONSE NO. 22:**

In addition to the General Objections, which are incorporated herein by reference, SNR Wireless objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, to the extent it seeks information or documents not relevant to VTel Wireless's "secret agreement" theory, as articulated in ¶¶ 150 – 151 of the FAC, the lone remaining claim in this litigation, or SNR Wireless's defenses in the case. In particular, this Request seeks documents concerning SNR's eligibility for bidding credits in Auction 97, but VTel's FAC expressly disclaims any theory of False Claims Act liability on that basis. SNR Wireless further objects to this Request to the extent it seeks information or documents protected by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, the privilege accorded to settlement materials and negotiations, or any other applicable protection or claim of privilege. SNR Wireless further objects to this Request to the extent they are unreasonably cumulative, overlapping, or duplicative with Request 23, 26, and 27. SNR Wireless further objects to this

Request to the extent it seeks information or documents already known to, in the possession, custody, or control of, or otherwise available through or from Relator or a more convenient, less burdensome, or less expensive source. SNR Wireless further objects to this Request to the extent it seeks discovery of information or documents in possession, custody, or control of persons or entities other than SNR Wireless. SNR Wireless further objects to this Request to the extent it seeks confidential or proprietary business information.

In light of the foregoing general and specific objections, SNR Wireless will not produce any documents in response to this Request, other than what may be produced in response to Requests 1, 3, and 12, to the extent such documents exist and can be located in a reasonable search,.

**REQUEST NO. 23:** All documents related to DISH's or SNR's assessment of SNR's qualifications or eligibility for bidding credits as a "very small business" under FCC rules.

**RESPONSE NO. 23:**

In addition to the General Objections, which are incorporated herein by reference, SNR Wireless objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent that it seeks documents and communications not relevant to VTel Wireless's "secret agreement" theory, as articulated in ¶¶ 150 – 151 of the FAC, the lone remaining claim in this litigation, or SNR Wireless's defenses in the case. In particular, this Request seeks documents concerning SNR's eligibility for bidding credits in Auction 97, but Relator's amended complaint expressly disclaims any theory of False Claims Act liability on that basis. SNR Wireless further objects to this Request to the extent it seeks information or documents protected by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, the privilege accorded to settlement materials and negotiations, or any other applicable protection or claim of privilege. SNR Wireless further objects to this Request to the extent they are unreasonably

cumulative, overlapping, or duplicative. SNR Wireless further objects to this Request to the extent it seeks information or documents already known to, in the possession, custody, or control of, or otherwise available through or from Relator or a more convenient, less burdensome, or less expensive source. SNR Wireless further objects to this Request to the extent it seeks discovery of information or documents in possession, custody, or control of persons or entities other than SNR Wireless. SNR Wireless further objects to this Request to the extent it seeks confidential or proprietary business information.

In light of the foregoing general and specific objections, SNR Wireless will not produce any documents in response to this Request, other than what may be produced in response to Requests 1, 3, and 12, to the extent such documents exist and can be located in a reasonable search,.

**REQUEST NO. 24:** To the extent not already provided, all documents relating to the Short-Form Application submitted by or on behalf of SNR.

**RESPONSE NO. 24:**

In addition to the General Objections, which are incorporated herein by reference, SNR Wireless objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent that it seeks documents and communications not relevant to VTel Wireless's "secret agreement" theory, as articulated in ¶¶ 150 – 151 of the FAC, the lone remaining claim in this litigation, or SNR Wireless's defenses in the case. SNR Wireless further objects to this Request to the extent it seeks information or documents protected by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, the privilege accorded to settlement materials and negotiations, or any other applicable protection or claim of privilege. SNR Wireless further objects to this Request to the extent they are unreasonably cumulative, overlapping, or duplicative with Request 5. SNR Wireless further objects to this Request to the

extent it seeks information or documents already known to, in the possession, custody, or control of, or otherwise available through or from Relator or a more convenient, less burdensome, or less expensive source, such as the FCC. SNR Wireless further objects to this Request to the extent it seeks discovery of information or documents in possession, custody, or control of persons or entities other than SNR Wireless. SNR Wireless further objects to this Request to the extent it seeks confidential or proprietary business information.

Subject to and without waiving any objections, and to the extent such documents exist and can be located in a reasonable search, SNR Wireless will produce any responsive documents relating to the Short-Form Application submitted by or on behalf of SNR Wireless, relevant to VTel Wireless's sole remaining "secret agreement" claim as set forth in the FAC, within the relevant time period, on a rolling basis.

**REQUEST NO. 25:** To the extent not already provided, all documents relating to the Long-Form Application submitted by or on behalf of SNR.

**RESPONSE NO. 25:**

In addition to the General Objections, which are incorporated herein by reference, SNR Wireless objects to this Request as overly broad, unduly burdensome,  not proportional to the needs of the case to the extent that it seeks documents and communications not relevant to VTel Wireless's "secret agreement" theory, as articulated in ¶¶ 150 – 151 of the FAC, the lone remaining claim in this litigation, or SNR Wireless's defenses in the case. SNR Wireless further objects to this Request to the extent it seeks information or documents protected by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, the privilege accorded to settlement materials and negotiations, or any other applicable protection or claim of privilege. SNR Wireless further objects to this Request to the extent they are unreasonably cumulative,

overlapping, or duplicative with Request 6. SNR Wireless further objects to this Request to the

extent it seeks information or documents already known to, in the possession, custody, or control

of, or otherwise available through or from Relator or a more convenient, less burdensome, or less

expensive source, such as the FCC. SNR Wireless further objects to this Request to the extent it

seeks discovery of information or documents in possession, custody, or control of persons or

entities other than SNR Wireless. SNR Wireless further objects to this Request to the extent it

seeks confidential or proprietary business information.

Subject to and without waiving any objections, and to the extent such documents exist and

can be located in a reasonable search, SNR Wireless will produce any responsive documents relating

to the Long-Form Application submitted by or on behalf of SNR Wireless, relevant to VTel

Wireless's sole remaining "secret agreement" claim as set forth in the FAC, within the relevant time

period, on a rolling basis.

**REQUEST NO. 26:** To the extent not already provided, all documents relating to any bidding

for AWS Spectrum during Auction 97.

**RESPONSE NO. 26:**

In addition to the General Objections, which are incorporated herein by reference, SNR

Wireless objects to this Request as overly broad, unduly burdensome, and not proportional to the

needs of the case to the extent that it seeks documents and communications not relevant to VTel

Wireless's "secret agreement" theory, as articulated in ¶¶ 150 – 151 of the FAC, the lone remaining

claim in this litigation, or SNR Wireless's defenses in the case. SNR Wireless further objects to

this Request to the extent it seeks information or documents protected by the attorney-client

privilege, the attorney work product doctrine, the joint defense privilege, the privilege accorded to

settlement materials and negotiations, or any other applicable protection or claim of privilege. SNR

Wireless further objects to this Request to the extent it is unreasonably cumulative, overlapping, or duplicative with Requests 10, 11, 12, 18, 21, 23, 26, and 27. SNR Wireless further objects to this Request to the extent it seeks information or documents already known to, in the possession, custody, or control of, or otherwise available through or from Relator or a more convenient, less burdensome, or less expensive source, such as the FCC. SNR Wireless further objects to this Request to the extent it seeks discovery of information or documents in possession, custody, or control of persons or entities other than SNR Wireless. SNR Wireless further objects to this Request to the extent it seeks confidential or proprietary business information.

Subject to and without waiving any objections, and to the extent such documents exist and can be located in a reasonable search, SNR Wireless will produce any responsive documents relating to SNR Wireless's bidding for AWS Spectrum during Auction 97, relevant to VTel Wireless's sole remaining "secret agreement" claim as set forth in the FAC, within the relevant time period, on a rolling basis.

**REQUEST NO. 27:** To the extent not already provided, all communications relating to any bidding for AWS Spectrum during Auction 97, including any decisions to continue or discontinue bidding on a license.

**RESPONSE NO. 27:**

In addition to the General Objections, which are incorporated herein by reference, SNR Wireless objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent that it seeks documents and communications not relevant to VTel Wireless's "secret agreement" theory, as articulated in ¶¶ 150 – 151 of the FAC, the lone remaining claim in this litigation, or SNR Wireless's defenses in the case. SNR Wireless further objects to this Request to the extent it seeks information or documents protected by the attorney-

client privilege, the attorney work product doctrine, the joint defense privilege, the privilege accorded to settlement materials and negotiations, or any other applicable protection or claim of privilege. SNR Wireless further objects to this Request to the extent it is unreasonably cumulative, overlapping, or duplicative with Requests 22, 23, and 26. SNR Wireless further objects to this Request to the extent it seeks information or documents already known to, in the possession, custody, or control of, or otherwise available through or from Relator or a more convenient, less burdensome, or less expensive source, such as the FCC. SNR Wireless further objects to this Request to the extent it seeks discovery of information or documents in possession, custody, or control of persons or entities other than SNR Wireless. SNR Wireless further objects to this Request to the extent it seeks confidential or proprietary business information.

Subject to and without waiving any objections, and to the extent such documents exist and can be located in a reasonable search, SNR Wireless will produce any responsive communications relating to SNR Wireless's bidding for AWS Spectrum during Auction 97, including any decisions to continue or discontinue bidding on a license, relevant to VTel Wireless's sole remaining "secret agreement" claim as set forth in the FAC, within the relevant time period, on a rolling basis.

**REQUEST NO. 28:** To the extent not already provided, all documents relating to the potential or actual buildout, use, transfer, or sale of AWS-3 Spectrum won by SNR in Auction 97, including any such documents created prior to formation of SNR.

**RESPONSE NO. 28:**

In addition to the General Objections, which are incorporated herein by reference, SNR Wireless objects to this Request on the grounds that the Request is overly broad, unduly

burdensome, and not proportional to the needs of the case to the extent that it seeks documents and communications not relevant to VTel Wireless's "secret agreement" theory, as articulated in ¶¶ 150 – 151 of the FAC, the lone remaining claim in this litigation, or SNR Wireless's defenses in the case. SNR Wireless further objects to this Request to the extent it seeks information or documents protected by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, the privilege accorded to settlement materials and negotiations, or any other applicable protection or claim of privilege. SNR Wireless further objects to this Request to the extent they are unreasonably cumulative, overlapping, or duplicative with Requests 29 and 30. SNR Wireless further objects to this Request to the extent it seeks information or documents already known to, in the possession, custody, or control of, or otherwise available through or from Relator or a more convenient, less burdensome, or less expensive source. SNR Wireless further objects to this Request to the extent it seeks discovery of information or documents in possession, custody, or control of persons or entities other than SNR Wireless. SNR Wireless further objects to this Request to the extent it seeks confidential or proprietary business information. SNR Wireless further objects to this Request to the extent it calls for, or can be interpreted as calling for, legal conclusions, or to the extent it assumes disputed issues or is phrased in such a way as to be argumentative, prejudicial, lacking foundation, or otherwise improper.

Subject to and without waiving any objections, and to the extent such documents exist and can be located in a reasonable search, SNR Wireless will produce any responsive documents relating to the potential or actual buildout, use, transfer, or sale of AWS-3 Spectrum won by SNR in Auction 97, including any such documents created prior to formation of SNR, relevant to VTel Wireless's sole remaining "secret agreement" claim as set forth in the FAC, within the relevant time period, on a rolling basis.

**REQUEST NO. 29:** To the extent not already provided, all SNR business plans or strategies, pro forma financial projections, or other documents related to SNR's anticipated operations (including drafts).

**RESPONSE NO. 29:**

In addition to the General Objections, which are incorporated herein by reference, SNR Wireless objects to this Request on the grounds that the Request is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent that it seeks documents and communications not relevant to VTel Wireless's "secret agreement" theory, as articulated in ¶¶ 150 – 151 of the FAC, the lone remaining claim in this litigation, or SNR Wireless's defenses in the case. SNR Wireless further objects to this Request to the extent it seeks information or documents protected by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, the privilege accorded to settlement materials and negotiations, or any other applicable protection or claim of privilege. SNR Wireless further objects to this Request to the extent it is unreasonably cumulative, overlapping, or duplicative with Requests 28 and 30. SNR Wireless further objects to this Request to the extent it seeks information or documents already known to, in the possession, custody, or control of, or otherwise available through or from Relator or a more convenient, less burdensome, or less expensive source. SNR Wireless further objects to this Request to the extent it seeks discovery of information or documents in possession, custody, or control of persons or entities other than SNR Wireless. SNR Wireless further objects to this Request to the extent it seeks confidential or proprietary business information.

In light of the foregoing general and specific objections, SNR Wireless will not produce documents in response to this Request.

**REQUEST NO. 30:** All documents relating to SNR's efforts since Auction 97 to deploy a wireless network or otherwise put the AWS-3 Spectrum licenses acquired in Auction 97 to commercial use.

**RESPONSE NO. 30:**

In addition to the General Objections, which are incorporated herein by reference, SNR Wireless objects to this Request on the grounds that the Request is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent that it seeks documents and communications not relevant to VTel Wireless's "secret agreement" theory, as articulated in ¶¶ 150 – 151 of the FAC, the lone remaining claim in this litigation, or SNR Wireless's defenses in the case. SNR Wireless further objects to this Request to the extent it seeks information or documents protected by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, the privilege accorded to settlement materials and negotiations, or any other applicable protection or claim of privilege. SNR Wireless further objects to this Request to the extent it is unreasonably cumulative, overlapping, or duplicative with Requests 28 and 29. SNR Wireless further objects to this Request to the extent it seeks information or documents already known to, in the possession, custody, or control of, or otherwise available through or from Relator or a more convenient, less burdensome, or less expensive source. SNR Wireless further objects to this Request to the extent it seeks discovery of information or documents in possession, custody, or control of persons or entities other than SNR Wireless. SNR Wireless further objects to this Request to the extent it seeks confidential or proprietary business information.

Subject to and without waiving any objections, and to the extent such documents exist and can be located in a reasonable search, SNR Wireless will produce any responsive documents relating to SNR's efforts since Auction 97 to deploy a wireless network or otherwise put the

AWS-3 Spectrum licenses acquired in Auction 97 to commercial use, relevant to VTel Wireless's sole remaining "secret agreement" claim as set forth in the FAC, within the relevant time period, on a rolling basis.

**REQUEST NO. 31:** All documents demonstrating any SNR experience or expertise in building or operating a wireless network or otherwise demonstrating the ability to deploy spectrum won in Auction 97 for communications services.

**RESPONSE NO. 31:**

In addition to the General Objections, which are incorporated herein by reference, SNR Wireless objects to this Request on the grounds that the Request is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent that it seeks documents and communications not relevant to VTel Wireless's "secret agreement" theory, as articulated in ¶¶ 150 – 151 of the FAC, the lone remaining claim in this litigation, or SNR Wireless's defenses in the case. SNR Wireless objects to this Request on the grounds that it is overly broad, vague, ambiguous, contains words or phrases that are confusing, or lacks sufficient definition to permit response. Specifically, VTel Wireless's Definitions and Instructions fail to define "experience", "expertise", "building", "operating", and "demonstrating". SNR Wireless further objects to this Request to the extent it seeks information or documents protected by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, the privilege accorded to settlement materials and negotiations, or any other applicable protection or claim of privilege. SNR Wireless further objects to this Request to the extent it seeks information or documents already known to, in the possession, custody, or control of, or otherwise available through or from Relator or a more convenient, less burdensome, or less expensive source. SNR Wireless further objects to this Request to the extent it seeks discovery of information or documents in possession, custody, or

control of persons or entities other than SNR Wireless. SNR Wireless further objects to this Request to the extent it seeks confidential or proprietary business information.

Subject to and without waiving any objections, and to the extent such documents exist and can be located in a reasonable search, SNR Wireless will produce any responsive documents demonstrating any SNR experience or expertise in building or operating a wireless network or otherwise demonstrating the ability to deploy spectrum won in Auction 97 for communications services, relevant to VTel Wireless's sole remaining "secret agreement" claim as set forth in the FAC, within the relevant time period, on a rolling basis.

**REQUEST NO. 32:** All documents relating to any efforts by SNR to value individual licenses available in or purchased by SNR during Auction 97, including but not limited to any documents evaluating the geographic relationship between individual licenses.

**RESPONSE NO. 32:**

In addition to the General Objections, which are incorporated herein by reference, SNR Wireless further objects to this Request on the grounds that the Request is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent that it seeks documents and communications not relevant to VTel Wireless's "secret agreement" theory, as articulated in ¶¶ 150 – 151 of the FAC, the lone remaining claim in this litigation, or SNR Wireless's defenses in the case. SNR Wireless objects to this Request on the grounds that it is overly broad, vague, ambiguous, contains words or phrases that are confusing, or lacks sufficient definition to permit response. Specifically, VTel Wireless's Definitions and Instructions fail to define "value" and "evaluating". SNR Wireless further objects to this Request to the extent it seeks information or documents protected by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, the privilege accorded to settlement materials and negotiations, or any other applicable

protection or claim of privilege. SNR Wireless further objects to this Request to the extent it seeks

information or documents already known to, in the possession, custody, or control of, or otherwise

available through or from Relator or a more convenient, less burdensome, or less expensive source.

SNR Wireless further objects to this Request to the extent it seeks discovery of information or

documents in possession, custody, or control of persons or entities other than SNR Wireless. SNR

Wireless further objects to this Request to the extent it seeks confidential or proprietary business

information.

In light of the foregoing general and specific objections, SNR Wireless will not produce

documents in response to this Request.

**REQUEST NO. 33:** All documents relating to any efforts prior to the auction to identify

licenses on which DISH, Northstar, or SNR would seek to bid in Auction 97.

**RESPONSE NO. 33:**

In addition to the General Objections, which are incorporated herein by reference, SNR

Wireless objects to this Request on the grounds that the Request is overly broad, unduly

burdensome, and not proportional to the needs of the case to the extent that it seeks documents

and communications not relevant to VTel Wireless's "secret agreement" theory, as articulated in

¶¶ 150 – 151 of the FAC, the lone remaining claim in this litigation, or SNR Wireless's defenses

in the case. SNR Wireless further objects to this Request to the extent it is overly broad, vague,

ambiguous, contains words or phrases that are confusing, or lack sufficient definition to permit

response. Specifically, VTel Wireless's Definitions and Instructions fail to define "efforts". SNR

Wireless further objects to this Request to the extent it seeks information or documents protected

by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege,

the privilege accorded to settlement materials and negotiations, or any other applicable

protection or claim of privilege. SNR Wireless further objects to this Request to the extent it

seeks information or documents already known to, in the possession, custody, or control of, or

otherwise available through or from Relator or a more convenient, less burdensome, or less

expensive source. SNR Wireless further objects to this Request to the extent it seeks discovery of

information or documents in possession, custody, or control of persons or entities other than

SNR Wireless. SNR Wireless further objects to this Request to the extent it seeks confidential or

proprietary business information.

Subject to and without waiving any objections, and to the extent such documents exist and

can be located in a reasonable search, SNR Wireless will produce any responsive documents

relating to any efforts prior to the auction to identify licenses on which DISH, Northstar, or SNR

would seek to bid in Auction 97, relevant to VTel Wireless's sole remaining "secret agreement"

claim as set forth in the FAC, within the relevant time period, on a rolling basis.

**REQUEST NO. 34:** To the extent not already provided, all documents relating to SNR's default

on licenses for AWS-Spectrum won in Auction 97.

**RESPONSE NO. 34:**

In addition to the General Objections, which are incorporated herein by reference, SNR

Wireless objects to this Request on the grounds that the Request is overly broad, unduly

burdensome, and not proportional to the needs of the case to the extent that it seeks documents

and communications not relevant to VTel Wireless's "secret agreement" theory, as articulated in

¶¶ 150 – 151 of the FAC, the lone remaining claim in this litigation, or SNR Wireless's defenses

in the case. SNR Wireless further objects to this Request to the extent it seeks information or

documents protected by the attorney-client privilege, the attorney work product doctrine, the

joint defense privilege, the privilege accorded to settlement materials and negotiations, or any

other applicable protection or claim of privilege. SNR Wireless further objects to this Request to the extent it calls for, or can be interpreted as calling for, legal conclusions, or to the extent it assumes disputed issues or is phrased in such a way as to be argumentative, prejudicial, lacking foundation, or otherwise improper.

Subject to and without waiving any objections, and to the extent such documents exist and can be located in a reasonable search, SNR Wireless will produce any responsive documents relating to SNR's default on licenses for AWS-Spectrum won in Auction 97, relevant to VTel Wireless's sole remaining "secret agreement" claim as set forth in the FAC, within the relevant time period, on a rolling basis.

**REQUEST NO. 35:** To the extent not already provided, all documents relating to the grant to SNR or exercise by SNR of any put rights.

**RESPONSE NO. 35:**

In addition to the General Objections, which are incorporated herein by reference, SNR Wireless objects to this Request on the grounds that the Request is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent that it seeks documents and communications not relevant to VTel Wireless's "secret agreement" theory, as articulated in ¶¶ 150 – 151 of the FAC, the lone remaining claim in this litigation, or SNR Wireless's defenses in the case. SNR Wireless further objects to this Request to the extent it seeks information or documents protected by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, the privilege accorded to settlement materials and negotiations, or any other applicable protection or claim of privilege. SNR Wireless further objects to this Request to the extent it seeks confidential or proprietary business information.

Subject to and without waiving any objections, and to the extent such documents exist and can be located in a reasonable search, SNR Wireless will produce any responsive documents relating to the grant to SNR or exercise by SNR of any put rights, relevant to VTel Wireless's sole remaining "secret agreement" claim as set forth in the FAC, within the relevant time period, on a rolling basis.

**REQUEST NO. 36:** All annual and quarterly cash flow reports, net income statements, profit and loss statements, and balance sheets for SNR.

**RESPONSE NO. 36:**

In addition to the General Objections, which are incorporated herein by reference, SNR Wireless objects to this Request on the grounds that the Request is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent that it seeks documents and communications not relevant to VTel Wireless's "secret agreement" theory, as articulated in ¶¶ 150 – 151 of the FAC, the lone remaining claim in this litigation, or SNR Wireless's defenses in the case. SNR Wireless further objects to this Request to the extent it seeks information or documents protected by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, the privilege accorded to settlement materials and negotiations, or any other applicable protection or claim of privilege. SNR Wireless further objects to this Request to the extent that it seeks to impose an expense that is not proportional to the value of the information to be obtained. SNR Wireless further objects to this Request to the extent it seeks confidential or proprietary business information. SNR Wireless further objects to this Request to the extent it seeks the referenced financial documents from parties other than SNR Wireless.

In light of the foregoing general and specific objections, SNR Wireless will not produce documents in response to this Request.

**REQUEST NO. 37:**  All documents relating to the determination that DISH is the primary beneficiary of or has financial control of SNR.

**RESPONSE NO. 37:**

In addition to the General Objections, which are incorporated herein by reference, SNR Wireless objects to this Request on the grounds that the Request is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent that it seeks documents and communications not relevant to VTel Wireless's "secret agreement" theory, as articulated in ¶¶ 150 – 151 of the FAC, the lone remaining claim in this litigation, or SNR Wireless's defenses in the case. SNR Wireless further object to this Request on the ground that DISH does not have "financial control of SNR."  SNR Wireless additionally objects that the Request is vague and ambiguous in regard to its use of the terms "determination" and "primary beneficiary."   SNR Wireless further objects to this Request to the extent it calls for, or can be interpreted as calling for, legal conclusions, or to the extent it assumes disputed issues or is phrased in such a way as to be argumentative, prejudicial, lacking foundation, or otherwise improper**.** Specifically, VTel improperly characterizes DISH as the "primary beneficiary of or has financial control of SNR."

In light of the foregoing general and specific objections, SNR Wireless will not produce documents in response to this Request.

**REQUEST NO. 38:** All documents relating to advice provided to DISH or SNR by its internal or external accountants, auditors, or financial advisors regarding the inclusion of SNR in DISH's consolidated financial statements, including the treatment of SNR as a variable interest entity.

**RESPONSE NO. 38:**

In addition to the General Objections, which are incorporated herein by reference, SNR Wireless objects to this Request on the grounds that the Request is overly broad, unduly burdensome,

and not proportional to the needs of the case to the extent that it seeks documents and communications not relevant to VTel Wireless's "secret agreement" theory, as articulated in ¶¶ 150 – 151 of the FAC, the lone remaining claim in this litigation, or SNR Wireless's defenses in the case. SNR Wireless further objects to this Request to the extent it seeks discovery of information or documents in possession, custody, or control of persons or entities other than SNR Wireless. SNR Wireless further objects to this Request to the extent it seeks confidential or proprietary business information. SNR Wireless interprets "its" to refer to internal or external accountants, auditors, or financial advisors of SNR Wireless.

In light of the foregoing general and specific objections, SNR Wireless will not produce documents in response to this Request.

**REQUEST NO. 39:** To the extent not already provided, all documents SNR provided in response to the April 29, 2015 letters or any related requests from United States Senate Commerce, Science, and Transportation Committee Chairman John Thune to Charles W. Ergen, Aaron Schutt, and John Muleta.

**RESPONSE NO. 39:**

In addition to the General Objections, which are incorporated herein by reference, SNR Wireless objects to this Request on the grounds that the Request is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent that it seeks documents and communications not relevant to VTel Wireless's "secret agreement" theory, as articulated in ¶¶ 150 – 151 of the FAC, the lone remaining claim in this litigation, or SNR Wireless's defenses in the case. SNR Wireless further objects to this Request to the extent it seeks information or documents already known to, in the possession, custody, or control of, or otherwise available through or from Relator or a more convenient, less burdensome, or less expensive source. SNR

47

Wireless further objects to this Request to the extent it seeks discovery of information or documents in possession, custody, or control of persons or entities other than SNR Wireless.

Subject to and without waiving any objections, and to the extent such documents exist and can be located in a reasonable search, SNR Wireless will produce any responsive documents SNR Wireless provided in response to the April 29, 2015 letters or any related requests from United States Senate Commerce, Science, and Transportation Committee Chairman John Thune to John Muleta, relevant to VTel Wireless's sole remaining "secret agreement" claim as set forth in the FAC, within the relevant time period, on a rolling basis.

**REQUEST NO. 40:** To the extent not already provided, all documents SNR provided to the Department of Justice in connection with this litigation or otherwise relating to Auction 97 and/or the relationship between DISH, Northstar, and/or SNR.

**RESPONSE NO. 40:**

In addition to the General Objections, which are incorporated herein by reference, SNR Wireless objects to this Request on the grounds that the Request is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent that it seeks documents and communications not relevant to VTel Wireless's "secret agreement" theory, as articulated in ¶¶ 150 – 151 of the FAC, the lone remaining claim in this litigation, or SNR Wireless's defenses in the case. SNR Wireless objects to this Request to the extent it is unreasonably cumulative, overlapping, or duplicative with Request 41. SNR Wireless further objects to this Request to the extent it seeks information or documents protected by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, the privilege accorded to settlement materials and negotiations, or any other applicable protection or claim of privilege. SNR Wireless further objects to this Request

to the extent it seeks discovery of information or documents in possession, custody, or control of persons or entities other than SNR Wireless.

Subject to and without waiving any objections, and to the extent such documents exist and can be located in a reasonable search, SNR Wireless will produce any responsive documents SNR provided to the Department of Justice in connection with this litigation or otherwise relating to Auction 97 and/or the relationship between DISH, Northstar, and/or SNR, relevant to VTel Wireless's sole remaining "secret agreement" claim as set forth in the FAC, within the relevant time period, on a rolling basis.

**REQUEST NO. 41:** To the extent not already provided, all correspondence between SNR and the Department of Justice relating to this litigation or otherwise relating to Auction 97 and/or the relationship between DISH, Northstar, and/or SNR.

**RESPONSE NO. 41:**

In addition to the General Objections, which are incorporated herein by reference, SNR Wireless objects to this Request on the grounds that the Request is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent that it seeks documents and communications not relevant to VTel Wireless's "secret agreement" theory, as articulated in ¶¶ 150 – 151 of the FAC, the lone remaining claim in this litigation, or SNR Wireless's defenses in the case. SNR Wireless objects to this Request to the extent it is unreasonably cumulative, overlapping, or duplicative with Request 40. SNR Wireless further objects to this Request to the extent it seeks information or documents protected by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, the privilege accorded to settlement materials and negotiations, or any other applicable protection or claim of privilege. SNR Wireless further

objects to this Request to the extent it seeks discovery of information or documents in possession, custody, or control of persons or entities other than SNR Wireless.

Subject to and without waiving any objections, and to the extent such documents exist and can be located in a reasonable search, SNR Wireless will produce any responsive correspondence between SNR and the Department of Justice relating to this litigation or otherwise relating to Auction 97 and/or the relationship between DISH, Northstar, and/or SNR, relevant to VTel Wireless's sole remaining "secret agreement" claim as set forth in the FAC, within the relevant time period, on a rolling basis.

**REQUEST NO. 42:** To the extent not already provided, all documents related to Auction 97.

**RESPONSE NO. 42:**

In addition to the General Objections, which are incorporated herein by reference, SNR Wireless objects to this Request on the grounds that the Request is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent that it seeks documents and communications not relevant to VTel Wireless's "secret agreement" theory, as articulated in ¶¶ 150 – 151 of the FAC, the lone remaining claim in this litigation, or SNR Wireless's defenses in the case. SNR Wireless further objects to this Request to the extent it is overly broad, unreasonably cumulative, overlapping, or duplicative. SNR Wireless further objects to this Request to the extent it seeks information or documents protected by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, the privilege accorded to settlement materials and negotiations, or any other applicable protection or claim of privilege. SNR Wireless further objects to this Request to the extent it seeks information or documents already known to, in the possession, custody, or control of, or otherwise available through or from Relator or a more convenient, less burdensome, or less expensive source. SNR Wireless

further objects to this Request to the extent it seeks discovery of information or documents in possession, custody, or control of persons or entities other than SNR Wireless. SNR Wireless further objects to this Request to the extent it seeks confidential or proprietary business information.

Subject to and without waiving any objections, and to the extent such documents exist and can be located in a reasonable search, SNR Wireless will produce any responsive documents related to Auction 97, relevant to VTel Wireless's sole remaining "secret agreement" claim as set forth in the FAC, within the relevant time period, on a rolling basis.

**REQUEST NO. 43:** All documents that You intend to utilize as an exhibit or evidence in any brief, at trial, or at any hearing in this litigation.

**RESPONSE NO. 43:**

In addition to the General Objections, which are incorporated herein by reference, SNR Wireless objects to this Request as premature. SNR Wireless will provide pretrial disclosures, consistent with Fed. R. Civ. P. 26(a) and all applicable Local Rules, at the required time, and exhibits to briefs and at hearings will be provided at such times as briefs are filed or hearings held. SNR Wireless will also meet and confer with Relator regarding a mutually agreeable process for sharing documents received in response to third-party subpoenas.

**REQUEST NO. 44:** All documents received by You in response to any subpoenas in this litigation.

**RESPONSE NO. 44:**

In addition to the General Objections, which are incorporated herein by reference, SNR Wireless objects to this Request as premature. SNR Wireless will meet and confer with VTel

regarding a mutually agreeable process for sharing documents received in response to third-party subpoenas.

Subject to and without waiving these objections, SNR Wireless will produce documents responsive to this Request, subject to a mutual agreement with VTel to produce documents received by SNR Wireless in response to any subpoenas in this litigation.

**REQUEST NO. 45:** All documents identified in, reviewed, referred to or relied upon in preparing Your answers to any interrogatories propounded in this case.

**RESPONSE NO. 45:**

Subject to and without waiving any objections, and to the extent such documents exist and can be located in a reasonable search, SNR Wireless will produce documents responsive to this Request, subject to a mutual agreement with VTel to produce documents identified in, reviewed, referred to or relied upon in preparing Relator's answers to interrogatories, if any, propounded in this case.

**REQUEST NO. 46:** An organizational chart depicting Your organizational structure and the persons occupying that structure.

**RESPONSE NO. 46:**

In addition to the General Objections, which are incorporated herein by reference, SNR Wireless objects to this Request on the grounds that the Request is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent that it seeks documents and communications not relevant to VTel Wireless's "secret agreement" theory, as articulated in ¶¶ 150 – 151 of the FAC, the lone remaining claim in this litigation, or SNR Wireless's defenses in the case. SNR Wireless further objects to this Request to the extent it seeks information or documents already known to Relator VTel. SNR Wireless further objects to this Request as

vague in its use of the phrase "had any role" and the phrase "were otherwise involved." SNR Wireless further objects to this Request to the extent it calls for, or can be interpreted as calling for, legal conclusions, or to the extent it assumes disputed issues or is phrased in such a way as to be argumentative, prejudicial, lacking foundation, or otherwise improper. SNR Wireless further objects to this Request to the extent it seeks information or documents protected by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, the privilege accorded to settlement materials and negotiations, or any other applicable protection or claim of privilege.

Subject to and without waiving any objections, and to the extent such documents exist and can be located in a reasonable search, SNR Wireless will produce an organizational chart depicting SNR Wireless's organizational structure and the persons occupying that structure, relevant to VTel Wireless's sole remaining "secret agreement" claim as set forth in the FAC, within the relevant time period, on a rolling basis.

Dated: November 15, 2022

Respectfully submitted,

HOGAN LOVELLS US LLP

By:   /s/Jonathan Diesenhaus
Jonathan Diesenhaus (D.C. Bar # 423753)
Gejaa Gobena (D.C. Bar # 463833)
HOGAN LOVELLS US LLP 555
13th Street, NW
Washington, DC 20004
202-637-5600 (Phone)
202-637-5910 (Fax)
jonathan.diesenhaus@hoganlovells.com
gejaa.gobena@hoganlovells.com

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 15th day of November 2022, I have caused a true and correct copy of the foregoing document to be served by email on the following counsel of record:

Stephen J. Obermeier (D.C. Bar No. 979667)
Mark B. Sweet (D.C. Bar. No. 490987)
Bennett L. Ross (D.C. Bar. No. 978122)
Bert W. Rein (D.C. Bar No. 067215)
**WILEY REIN LLP**
2050 M Street NW
Washington, DC 20036
(202) 719-7000
sobermeier@wiley.law
msweet@wiley.law
bross@wiley.law
brein@wiley.law

/s/ Jonathan Diesenhaus
Jonathan Diesenhaus