# EXHIBIT 4

Hogan Lovells

Hogan Lovells US LLP
Columbia Square
555 Thirteenth Street, NW
Washington, DC 20004
T +1 202 637 5600
F +1 202 637 5910
www.hoganlovells.com

December 19, 2022

**By Email**

Bennett L. Ross
Mark Sweet
Frank Scaduto
Rachel Tuteur
Wiley Rein, LLP
2050 M Street NW
Washington, DC 20036

**Re: *U.S. ex rel. Vermont National Telephone Co. v. Northstar Wireless, L.L.C., et al.*, Case No. 1:15-cv-00728-CKK (D.D.C.)**

Dear Counsel:

We write to respond to your December 12, 2022 letter concerning the December 8, 2022 meet and confer between Relator and SNR regarding Relator's First Request for Production of Documents and our December 9, 2022 letter summarizing SNR's understanding of that discussion. In short, SNR disagrees with your assertions that the scope of discovery in this matter is, in essence, unbounded. Despite this disagreement, SNR is collecting and reviewing documents potentially responsive to Relator's RFPs, and we remain open to continuing the dialogue about the scope of discovery as we collect documents and data responsive to your requests.

In addition, we intend to make our next production by end of the day on December 23, 2022.

Below are direct responses to the inquires you lay out in your December 12, 2022 letter.

**Relevance of Relator's Document Requests**

As we have made clear in prior communications, we disagree with your characterization of what is now your significantly narrowed amended complaint. The scope of discovery, while broad, must be tethered to Relator's only remaining claim: that Defendants allegedly had a secret agreement regarding the handling/possession of the licenses acquired in Auction 97 that was not fully disclosed to the FCC. This remaining allegation does not entitle Relator to unlimited discovery regarding SNR.

That said, we remain open to trying to reach a compromise concerning the scope of discovery with respect to the remaining allegation. We will continue collecting, reviewing, and producing

relevant documents relating to Auction 97 generally and continue to meet and confer with you to discuss disputes regarding any other categories of documents.

**Time Period of Relator's Document Requests**

We also continue to disagree on the appropriate relevant time period. Our position remains rooted in our understanding of Relator's First Amended Complaint, which supports a cutoff date through October 2015, when SNR selectively defaulted on its licenses won in Auction 97. As such, the "to the present" parameter would entitle Relator to an additional seven years of either irrelevant or privileged material.

In the spirit of compromise, we are prepared to produce relevant, non-privileged documentation during the post-default October 2015 time period under the following parameters: (1) post-October 2015 business plans relating to the licenses SNR acquired in Auction 97 and (2) post-October 2015 documents relating to SNR's consideration of whether to exercise its put rights with DISH. We are open to discussing appropriate search terms to capture these more limited categories of documents.

In connection with the parameters placed on the post-October 2015 time period of documentation, SNR is prepared to accept your proposal that we provide categorical descriptions of documents in our privilege log of (1) any privileged communication between SNR and its outside counsel and (2) any privileged communication within SNR's outside counsel regarding SNR that is relevant to this litigation.

**SNR's Initial Production**

As acknowledged in your December 12, 2022 letter, SNR, as part of its initial disclosures, produced documents responsive to Relator's Request 40 (all documents SNR provided to the Department of Justice in connection with this litigation, relating to Auction 97, and/or its relationship with DISH and/or Northstar). Regarding Relator's Request 41 (all correspondence between SNR and the Department of Justice regarding the same), we are in the process of collecting and reviewing documents responsive to those requests. We anticipate producing any such relevant documents to you.

**Relator's Inquiries Regarding Specific Requests**

Despite Relator's arguments to the contrary, we stand firm in our position that these requests go beyond the relevant contours of your own allegations. With that said, we remain in the process of collecting and reviewing documentation and hope to continue the dialogue between the parties as to the scope of discovery. As indicted in prior communications, many of the requests we have opposed production to are duplicative of and/or overlapping with other requests to which we have agreed are relevant to the issue being litigated.

As indicated, we anticipate making our next production of documents to you by December 23, 2022 and hope to continue discussing the points raised above as we move further into the discovery process.

Bennett L. Ross
Mark Sweet
Frank Scaduto
Rachel Tuteur
December 19, 2022

Sincerely,
*/s/ Gejaa Gobena*

Gejaa Gobena
Partner, Hogan Lovells US LLP
gejaa.gobena@hoganlovells.com
D +1 (202) 637-5513

cc: All Other Counsel of Record (by email)