# EXHIBIT 5

Hogan Lovells US LLP
Columbia Square
555 Thirteenth Street, NW
Washington, DC 20004
T +1 202 637 5600
F +1 202 637 5910
www.hoganlovells.com

January 6, 2023

**By Email**

Bennett L. Ross
Stephen J. Obermeier
Mark Sweet
Frank Scaduto
**Wiley Rein, LLP**
2050 M Street NW
Washington, DC 20036

**Re:** ***U.S. ex rel. Vermont National Telephone Co. v. Northstar Wireless, L.L.C., et al.*, Case No. 1:15-cv-00728-CKK (D.D.C.) – Third Production of Documents**

Dear Counsel:

We write to respond to your January 3, 2023 letter concerning the third production of documents by Defendants SNR Wireless LicenseCo, LLC; SNR Wireless HoldCo, LLC; SNR Wireless Management, LLC; Atelum LLC; and John Muleta (collectively, "SNR") as well as the inquiries you raised.

As an initial matter, and as explained below, we see no practical reason to bring theoretical or manufactured disagreements over our objections to the Court at this time. As you know and as is customary, SNR is actively engaged in a process of reviewing documents and producing those deemed responsive to your voluminous document requests on a rolling basis. As always, we are happy to discuss where we are in our review and production process, seeing that as more productive than threats and contentious correspondence. We've only spoken once by phone about your requests; we are open to further discussions (my direct line is noted below) as may prove helpful. We have sufficient time in the discovery period to work constructively through disputes and identify what truly needs court intervention.

Turning to specific portions of your letter, the three documents you identified were not withheld, either on a basis of privilege or otherwise. Instead, the requested attachments were associated with email documents that had not yet been reviewed for potential production. Given the rolling nature of our productions and how early we are in the discovery, it is understandable that we would not yet have reached all the documents requested. We have looked for and found the documents you have identified and are producing them to you in conjunction with this letter, identified as Bates Numbers SNR-00002968 - SNR-00002985. We were able to resolve a similar inquiry about documents on December 14, 2022.

On a related note, your effort to pin SNR down on whether we will produce documents in response to specific requests is premature. Once we complete or at least make significantly more progress in our review, we will be in a better position to discuss the practical implications of our objections to specific RFPs.

To be clear, the SNR defendants stand by their objections both as to relevancy and as to the temporal scope of your claim. In addition, we stand by our objections to the specific requests you have made as we believe they are outside the scope of Relator's "secret agreement" theory. We are entitled to make any objection we deem appropriate, and under the Rules your discovery must be tethered to your diminished claims.

Notwithstanding our objections, to this point, we have not withheld any documents reviewed thus far for production to date on the basis of those objections. As such, there is no current pool of documents being withheld from the production on the basis of those objections. We do not know what court intervention could accomplish at this stage of our production other than wasting time on what are currently non-issues early in the discovery process.

In the event that we identify actual documents to be withheld on the basis of the objections identified in your latest letter, we will let you know and, at that point, the parties can have a more informed discussion concerning the bounds of discovery appropriate for this matter. Until that point, as we have to date, we will continue to review and produce responsive documents on a rolling basis.

Acting in good faith, SNR has been producing documents to you over the last two months, since the opening of discovery—at times even providing documentation at your immediate request and meeting deadlines that are not set by any prior agreement or court order. By contrast, VTel has not produced any documents in response to Defendants' RFPs. Irrespective of that failure to timely produce documents in response to our document requests (or subpoenas), our intention is to continue producing documents in an orderly and systematic manner as we move through our review.

We anticipate making our next production of documents to you by the end of January and hope to continue discussing the points raised above as we move further into the discovery process. We cannot stop you from looking for reasons to seek court intervention and will not be bound by your arbitrary timelines and demands. Regardless, we remain available to meet and confer to work through disputes.

Sincerely,
*/s/ Gejaa T. Gobena*
Gejaa T. Gobena
Partner, Hogan Lovells US LLP
gejaa.gobena@hoganlovells.com
D +1 (202) 637-5513

cc: All Other Counsel of Record (by email)