# EXHIBIT 6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA ex rel. VERMONT NATIONAL TELEPHONE CO.,**<br><br>　　**Plaintiff,**<br><br>v.<br><br>**NORTHSTAR WIRELESS, LLC, et al.,**<br><br>　　**Defendants.** | Case No. 1:15-cv-00728-CKK |

## NOTICE OF SUBPOENA

Please take notice that, pursuant to Fed. R. Civ. P. 45(a)(4), Defendants will serve the attached document subpoena on the Federal Communications Commission. The subpoena calls for production of documents on or before December 28, 2022 at 5:00 pm ET, at the office of Hogan Lovells LLP, 555 Thirteenth Street, NW, Washington DC 20004-1109, or by email.

　　　　　　　　　　　　　　　　　　　　Sincerely,

Date: November 28, 2022　　　　　　　　*/s/ Jonathan Diesenhaus*
　　　　　　　　　　　　　　　　　　　　Jonathan Diesenhaus (D.C. Bar # 423753)
　　　　　　　　　　　　　　　　　　　　Gejaa Gobena (D.C. Bar # 463833)
　　　　　　　　　　　　　　　　　　　　Hogan Lovells LLP
　　　　　　　　　　　　　　　　　　　　555 13th Street, N.W.
　　　　　　　　　　　　　　　　　　　　Washington, D.C. 20004
　　　　　　　　　　　　　　　　　　　　(202) 637-5600 (telephone)
　　　　　　　　　　　　　　　　　　　　(202) 637-5910 (facsimile)
　　　　　　　　　　　　　　　　　　　　*Counsel for SNR Wireless LicenseCo,*
　　　　　　　　　　　　　　　　　　　　*L.L.C.; SNR Wireless HoldCo, L.L.C.; SNR*
　　　　　　　　　　　　　　　　　　　　*Wireless Management, L.L.C.; Atelum*
　　　　　　　　　　　　　　　　　　　　*L.L.C.; and John Muleta*

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 28, 2022, a true and correct copy of the foregoing was served via electronic mail to:

Stephen J. Obermeier (D.C. Bar No. 979667)
Bennett L. Ross (D.C. Bar No. 978122)
Mark B. Sweet (D.C. Bar. No. 490987)
Bert W. Rein (D.C. Bar No. 067215)
WILEY REIN LLP
2050 M Street NW
Washington, DC 20036
(202) 719-7000
sobermeier@wiley.law
bross@wiley.law
msweet@wiley.law
brein@wiley.law
*Counsel for Relator Vermont National Telephone Company*

          */s/ Jonathan Diesenhaus*
          Jonathan Diesenhaus

          *Counsel for SNR Wireless LicenseCo, L.L.C.; SNR Wireless HoldCo, L.L.C.; SNR Wireless Management, L.L.C.; Atelum L.L.C.; and John Muleta*

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
_____ District of _____

|  |  |  |
|---|---|---|
| _____ | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
|  | ) | |
|  | ) | |
| _____ | ) | |
| *Defendant* | ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:

*(Name of person to whom this subpoena is directed)*

❏ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|
|  |  |

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____    _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# ATTACHMENT A

## DEFINITIONS

1. All definitions and rules of construction set forth in the Federal Rules of Civil Procedure, including Rule 34, shall apply to all discovery requests herein.

2. The term "any" shall be construed to include the word "all" and vice versa.

3. The term "each" shall be construed to include the word "every" and vice versa.

4. The terms "and" and "or" shall be construed either disjunctively or conjunctively, as necessary, to bring within the scope of these requests all responses that might otherwise be construed to be outside their scope.

5. The terms "relate to" or "relating to" and the like shall be construed to mean constituting, mentioning, discussing, describing, reflecting, identifying, dealing with, consisting of, explaining, referring to, containing, or enumerating, in whole or in part, directly or indirectly.

6. The terms "include" or "including" shall each be interpreted in every instance as being illustrative of the information requested, shall be read as meaning "including but not limited to," and shall not be interpreted to exclude any information otherwise within the scope of the Requests.

7. The terms "concern" or "concerning" shall mean referring to, describing, reflecting, evidencing, or constituting.

8. The terms "identify" or "identifying" means:

a. When used in reference to an individual, to include his or her full name, present or last known home and business address and telephone numbers, and present or last known occupation, employer, and job title or description;

b. When used in reference to an organization of any kind, to include its full name, the address of its principal place of business and its telephone numbers;

c. When used in reference to a document, to include the type of document, its date, the identity of its author(s) and its recipient(s), any title and/or serial number or file number appearing on the document, the identity of its present custodian, its present location or a brief description of its subject matter.

9. The terms "Document(s)" and "Communication(s)" encompass the broadest scope of tangible things and electronically stored information discoverable under the Federal Rules of Civil Procedure and includes any oral, written, or electronic utterance, notation, or statement of any nature whatsoever between or among two or more persons, by or to whomsoever made, and including, without limitation, correspondence, documents, conversations, dialogues, discussions, interviews, consultations, agreements, and other understandings. With respect to an entity other than a natural person, "Communication" refers to a communication with any person who represents that entity.

10. The term "VTel" refers to Vermont National Telephone Company and all its subsidiaries and affiliates, including any agents or representatives or anyone acting on its behalf or at its direction.

11. The term "SNR" refers to SNR Wireless LicenseCo, LLC and all its subsidiaries and affiliates, including any agents or representatives or anyone acting on its behalf or at its direction.

12. The term "Northstar" refers to Northstar Wireless, LLC and all its subsidiaries and affiliates, including any agents or representatives or anyone acting on its behalf or at its direction.

13. The term "DISH" refers to DISH Network Corporation and all its subsidiaries and affiliates, including any agents or representatives or anyone acting on its behalf or at its direction.

14. The term "FCC" refers to the United States Federal Communications Commission and, where applicable, its employees, agents, and representatives.

15. References to FCC named "offices," "bureaus," and "divisions" refer to the subsidiary components of the FCC.

16. The term "Auction 97" refers to the auction FCC held for 1614 licenses in the 1695-1710 MHz, 1755-1780 MHz, and 2155-2180 MHz Advanced Wireless Service bands, which began on November 13, 2014, and ended on January 29, 2015.

17. The term "Auction 97 bidders" refers to all entities, aside from VTel, SNR, and Northstar, listed as "Qualified bidders" by FCC on October 30, 2014. *See* 29 FCC Rcd 13465 and https://www.fcc.gov/document/auction-97-aws-3-qualified-bidders. It includes but is not limited to AT&T, T-Mobile and Verizon.

18. The term "DOJ" refers to the United States Department of Justice and, where applicable, its employees, agents, and representatives.

## INSTRUCTIONS

1. The instructions set forth in Fed. R. Civ. P. 34 and the Local Rules of the United States District Court for the District of D.C. are incorporated herein by reference. In accordance with said rules, your response shall set forth the request and shall set forth your response to the request along with any objections or assertions of privilege.

2. Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, these requests are to be regarded as continuing in nature. Accordingly, to the extent that you learn of any additional responsive information subsequent to the serving of the initial responses, you are required to serve promptly thereafter supplemental responses and produce any additional responsive information.

3. To the extent that you object to a request, you should respond to the portion of the request that is not objectionable and state separately the portion to which you object, including each ground for the objection, and whether any responsive information or documents are being withheld on the basis of an objection.

4. If, after exercising due diligence to obtain the requested information, you are unable to identify any responsive materials, or if no responsive documents or things are within your possession, custody, or control, respond in writing that no responsive documents exist for the specific documents requested.

5. These requests include requests for production of electronic or magnetic data that is reasonably available to you including all reasonably available associated metadata. All electronically stored data should be produced as it is ordinarily maintained or as agreed pursuant to any agreement between the parties.

6.      To the extent that you assert a claim of privilege in response to any request, you should respond to the portion of the request that is not privileged and state separately the portion that calls for production of privileged information, the privilege or privileges asserted, and whether any responsive information or documents are being withheld on the basis of the privilege asserted. To the extent you withhold any responsive information on the basis of a claim of privilege, please provide a privilege log in accordance with the Rules or any agreement between the parties.

7.      This request is limited to records dated between September 12, 2014 (the filing date of SNR's Auction 97 short-form application) and the present, except where otherwise specifically indicated. This request seeks communications involving the broadest range of FCC personnel, including the following[1]:

    a.   FCC Leadership

        i.      Former Chairman Tom Wheeler

        ii.     Former Chairman Ajit Pai

        iii.    Former Commissioner Michael O'Rielly

        iv.     Former Commissioner Mignon Clyburn

        v.      Ruth Milkman, Former Chief of Staff to Chairman Wheeler

        vi.     Matthew Berry, Former Chief of Staff to Chairman Pai

        vii.    Nicholas Degani, Former Legal Advisor to Chairman Pai

        viii.   Rachael Bender, Former Legal Advisor to Chairman Pai

---

[1] SNR may not have complete information regarding all of the individuals at the FCC who worked on the above-referenced matters. Accordingly, our list may be incomplete. For that reason, we ask that you also request, as part of your inquiry, that the listed individuals below identify other individuals (not already listed) who they believe may have responsive records, and that you ask those other individuals for responsive records as well. The list of individuals and suggested inquiries are not intended to narrow the scope of our FOIA request.

      ix.      Lori Alexiou, Former Confidential Assistant, Office of Chairman Pai

      x.      Erin McGrath, Former Legal Advisor to Commissioner O'Rielly

      xi.      Valery Galasso, Former Policy Advisor to Commissioner Rosenworcel

      xii.      Louis Peraertz, Former Legal Advisor to Commissioner Clyburn

      xiii.      April Jones, Former Advisor to Commissioner Clyburn

      xiv.      Jessica Almond, Former Legal Advisor to Chairman Wheeler

      xv.      Gigi Sohn, Former Advisor to Chairman Wheeler

      xvi.      Will Adams, Former Legal Advisor to Commissioner Carr

      xvii.      Umair Javed, Chief Counsel to Commissioner Rosenworcel

      xviii.      Chairwoman Jessica Rosenworcel

      xix.      Commissioner Brendan Carr

      xx.      David Strickland, Legal Advisor to Chairwoman Rosenworcel

      xxi.      P. Michele Ellison, General Counsel

  b.    Wireless Telecommunications Bureau

      i.      Donald Stockdale, Former Bureau Chief

      ii.      Roger C. Sherman, Former Bureau Chief

      iii.      Suzanne Tetreault, Former Deputy Bureau Chief

      iv.      Sandra Danner, Former Associate Chief

      v.      Sean Conway, Former Legal Advisor to the Bureau Chief

      vi.      Becky Tangren, Former Senior Policy Advisor to the Bureau Chief

      vii.      Cecilia Sulhoff, Former Press Spokesperson and Outreach Coordinator

      viii.      Jean L. Kiddoo, Deputy Bureau Chief

      ix.      Kari Hicks, Associate Bureau Chief

       x.      Roger Noel, Division Chief, Mobility Division

      xi.      Craig Bomberger, Deputy Division Chief, Auctions Division

      xii.      Blaise Scinto, Division Chief, Broadband Division

      xiii.      Peter Daronco, Deputy Division Chief, Broadband Division

      xiv.      Paul Malmud, Associate Division Chief, Broadband Division

      xv.      Nadja Sodos-Wallace, Assistant Division Chief, Broadband Division

      xvi.      Jeffrey Tignor, Special Counsel

      xvii.      Genevieve Ross

c.      Wireline Competition Bureau

      i.      Sue McNeil, Associate Bureau Chief

d.      Offices of Economics and Analytics

      i.      Margaret Wiener, Former Deputy Bureau Chief

      ii.      Gary Michaels, Deputy Division Chief, Auctions & Spectrum Access Division

      iii.      Eliot Maenner

      iv.      Patrick Sun

e.      Office of Engineering and Technology

      i.      Dana Shaffer, Acting Deputy Chief

f.      Office of General Counsel

      i.      Thomas M. Johnson, Former General Counsel

      ii.      Jonathan Sallet, Former General Counsel

      iii.      Howard Symons, Former General Counsel

      iv.      Michael Carlson, Former Special Counsel

      v.      David Gossett, Former Deputy General Counsel

      vi.      Elliot Tarloff, Senior Agency Official for Privacy

      vii.      Linda Oliver, Associate General Counsel, Administrative Law Division

      viii.      William (Bill) Richardson, Deputy Associate General Counsel, Administrative Law Division

      ix.      Jacob Lewis, Deputy General Counsel

      x.      Maureen Flood, Trial Attorney

      xi.      Jim Bird, Senior Counsel

      xii.      Neil Dellar

      xiii.      Kathleen Fulp, Assistant General Council for Ethics

b.      Office of Legislative Affairs

      i.      Tim Strachan, Former Director

      ii.      Sara Morris, Former Director of Legislative Affairs

      iii.      Andrew Woelfling, Former Acting Director of Legislative Affairs

      iv.      Michael Dabbs, Former Director of Legislative Affairs

      v.      Jim Balaguer, Deputy Director

      vi.      Jill Pender, Chief Legislative Policy Counsel

      vii.      Lori Maarbjerg, Chief of Staff and Senior Attorney Advisor

      viii.      Joy Medley, Legislative Policy Specialist

      ix.      Alethea Lewis, Senior Congressional Liaison Specialist

      x.      Chelle Richmond, Staff Assistant

c.      Other Staff

      i.      Gary Epstein, Former Chair, Incentive Auction Task Force

**DOCUMENTS TO BE PRODUCED**

1.  All records reflecting communications of any sort by and among FCC personnel concerning the short and long form applications of SNR (Universal Licensing System ("ULS") File Nos. 0006670667 and 0008243669) or Northstar (ULS File Nos. 0006670613 and 0008243409), including:

    a.  records concerning allegations that SNR or Northstar was (or is) under the *de facto* control of DISH;

    b.  records concerning agreements of any kind between or among SNR, Northstar, and/or DISH;

    c.  records concerning supposed agreements of any kind between or among SNR, Northstar, and/or DISH;

    d.  records concerning requests by SNR or Northstar, or their representatives, to meet with FCC personnel to discuss *de facto* control issues;

    e.  records concerning the FCC's decision to deny the bidding credits for which SNR or Northstar applied;

    f.  records concerning the FCC's decision, adopted November 17, 2020, to deny the bidding credits for which SNR and Northstar filed a cure application;

    g.  records concerning the bidding conduct of SNR, Northstar, and/or DISH in the public auction of spectrum that the FCC conducted from November 2014 to January 2015;

2.  All records reflecting communications of any sort by or between FCC personnel and any Auction 97 bidder or person representing an Auction 97 bidder (in either case, whether a winning bidder or not) concerning the bidding conduct of SNR, Northstar, and/or DISH in Auction 97 and/or ULS File Nos. 0006670667 and 0008243669 and all proceedings associated therewith. This request encompasses any records from January 23, 2014 (6 months before the announcement

date of Auction 97) to the present, and includes, but is not limited to, records from all of the individuals listed in Request 1 above.

3.   All records reflecting communications of any sort by or between FCC personnel and any press entity,[2] reporter,[3] company representative,[4] financial, Wall Street or communications industry analyst,[5] member or staff of Congress,[6] or member of the public concerning the results of Auction 97 and/or ULS File Nos. 0006670667 and 0008243669 and all proceedings associated therewith.  This request encompasses any records from January 23, 2014 (6 months before the announcement date of Auction 97) to the present, and includes, but is not limited to, records from all of the individuals listed in Request 1 above.

4.   All records reflecting communications of any sort by or between FCC personnel and any press entity,[7] reporter,[8] company representative,[9] financial, Wall Street or

---

[2] Including, but not limited to, the Wall Street Journal, Bloomberg, Politico, Fierce Wireless, Communications Daily, TR Daily, and other print or electronic media outlets, to include blogs such as the AT&T Public Policy Blog and the TMF Associates Blog.

[3] Including, but not limited to, Shalini Ramachandran, Todd Shields, Paul Kirby, Ryan Knutson, Phil Goldstein, Thomas Gryta, Tim Farrar, and other authors.

[4] Including, but not limited to, representatives of companies such as Joan Marsh of AT&T, Kathleen Ham of T-Mobile, Michel Guite of V-Tel, and Kathy Grillo and Courtney Reinhard of Verizon.

[5] Including, but not limited to, New Street Research, BTIG, Washington Analysis LLC, and Citibank.

[6] Including, but not limited to, current and former individual members of Congress including former Sen. Kelly Ayotte, former Sen. Claire McCaskill, Sen. John Thune, and current and former members of their staffs, as well as congressional committees including (but not limited to) the Senate Committee on Commerce, Science, and Transportation and associated members and/or staff.

[7] Including, but not limited to, the Wall Street Journal, Bloomberg, Politico, Fierce Wireless, Communications Daily, TR Daily, and other print or electronic media outlets, to include blogs such as the AT&T Public Policy Blog and the TMF Associates Blog.

[8] Including, but not limited to, Shalini Ramachandran, Todd Shields, Paul Kirby, Ryan Knutson, Phil Goldstein, Thomas Gryta, Tim Farrar, and other authors.

[9] Including, but not limited to, representatives of companies such as Joan Marsh of AT&T, Kathleen Ham of T-Mobile, Michel Guite of V-Tel, and Kathy Grillo and Courtney Reinhard of Verizon.

communications industry analyst,[10] member or staff of Congress,[11] or member of the public concerning the action the FCC would take, or considered taking, regarding the applications identified by ULS File Nos. 0006670667 and 0008243669 and all proceedings associated therewith.  This request encompasses any records from January 23, 2014 (6 months before the announcement date of Auction 97) to the present, and includes, but is not limited to, records from all of the individuals listed in Request 1 above.

5. All records reflecting communications of any sort, both internal and external, by or between FCC personnel regarding SNR's or Northstar's selective default arising out of Auction 97 and interim default payments owed by SNR or Northstar, including records reflecting communications regarding the negotiated terms of SNR's or Northstar's selective default referenced in an October 15, 2015 letter from Roger C. Sherman (Chief, Wireless Telecommunications Bureau).  This request includes any records from August 18, 2015, to the present, and includes, but is not limited to, records from all of the individuals listed in Request 1 above.

6. All records reflecting communications of any sort, both internal and external, by and among FCC personnel concerning the petition filed with the FCC by VTel or its attorneys, including, but not limited to, Bennett Ross from Wiley Rein LLP, on May 11, 2015 regarding the application identified by ULS File Nos. 0006670667, 0008243669, 0006670613 and 0008243409, and the litigation matter related to VTel's action under the False Claims Act against SNR, Northstar, and DISH regarding those entities' participation in Auction 97.  This request includes

---

[10] Including, but not limited to, New Street Research, BTIG, Washington Analysis LLC, and Citibank.

[11] Including, but not limited to, current and former individual members of Congress including Sen. Kelly Ayotte, Sen. Claire McCaskill, Sen. John Thune and members of their staffs, as well as congressional committees including (but not limited to) the Senate Committee on Commerce, Science, and Transportation and associated members and/or staff.

any records from May 11, 2015, to the present, and includes, but is not limited to, records from all of the individuals listed in Request 1 above.

7. All records reflecting communications of any sort, both internal and external, concerning former General Counsel Thomas M. Johnson's departure from the FCC and subsequent employment with Wiley Rein, including but not limited to all Johnson's communications with any Wiley Rein attorney, all contract negotiations between Johnson and Wiley Rein, all communications wherein Johnson discussed any aspect of Auction 97 with any Wiley Rein attorney, and all documents and communications concerning Johnson's adherence to the recusal procedures required of an FCC worker seeking employment at a firm practicing before the FCC.

8. All records reflecting communications of any sort between FCC and DOJ concerning Auction 97.

9. All records reflecting communications of any sort, both internal and external, concerning the FCC's consideration in Auction 97 of applications for bidding credits by parties other than Northstar or SNR, including but not limited to AWS Bidco and Advantage Spectrum.

10. All records, from 2000 to present, reflecting communications of any sort, both internal and external, concerning the FCC's consideration of (a) applications for bidding credits by Doyon Limited or its subsidiaries Alaska Native Wireless LLC in Auction 35 and Denali Spectrum License LLC in Auction 66; and (b) proposed uses or dispositions of licenses acquired by Alaska Native Wireless LLC in Auction 35 and Denali Spectrum License LLC in Auction 66, including, without limitation, any proposed build-out of a wireless network related to such licenses or any proposed transfer of such licenses to another party.

11. All records reflecting any demand for money or property submitted to the FCC by SNR, Northstar, or DISH in connection with Auction 97.

12. All records reflecting any demand for money or property that the FCC submitted to SNR, Northstar, or DISH in connection with Auction 97.

13. All records reflecting or concerning the monetary value of spectrum licenses made available for sale during Auction 97, including but not limited to any estimate of the value of such licenses prepared before, during or after Auction 97 and specifically the value of licenses awarded to or forfeited by SNR and Northstar, and regardless of whether those licenses are held today by the agency for reauction.