# EXHIBIT 7

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. VERMONT NATIONAL TELEPHONE CO.,<br><br>Plaintiff,<br><br>v.<br><br>NORTHSTAR WIRELESS, LLC, et al.<br><br>Defendants. | Civil Action No. 1:15-cv-00728-CKK |

### DEFENDANTS' FIRST SET OF REQUESTS TO RELATOR FOR PRODUCTION OF DOCUMENTS

Pursuant to Federal Rules of Civil Procedure 26 and 34, defendants serve the following requests for production of documents on relator Vermont National Telephone Company ("relator" or "VTel"). Relator shall produce the documents requested herein within 30 days of service at the offices of Wilmer Cutler Pickering Hale and Dorr LLP, 1875 Pennsylvania Ave N.W., Washington, D.C. 20006, or at a time and place agreed to by the parties. These requests shall be deemed to be continuing to the fullest extent permitted by applicable rules and shall be supplemented consistent with Federal Rule of Civil Procedure 26(e). The requests are subject to the definitions and instructions set forth below.

### DEFINITIONS

1. The definitions and rules of construction set forth in Federal Rules of Civil Procedure 26 and 34 shall apply to these requests and are incorporated as if fully set forth herein.

2. "Complaint" refers to the first amended complaint filed by VTel in this litigation.

3. "Relator" or "VTel" shall mean the named plaintiff-relator in this lawsuit, Vermont National Telephone Company, and shall include all of VTel's subsidiaries, affiliates,

1

officers, controlling shareholders, directors, employees, agents, independent contractors, attorneys, and representatives.  For the avoidance of doubt, the terms "relator" and "VTel" shall each include attorneys representing VTel who were involved in investigating events related to Auction 97 as referenced in paragraph 115 of the complaint, and attorneys representing VTel who were involved in communications with the FCC or regulatory filings related to Auction 97.

4. "You" and "Your" include VTel and all of VTel's subsidiaries, affiliates, officers, shareholders, directors, employees, agents, independent contractors, attorneys, and representatives.

5. "DISH" shall mean DISH Network Corporation, DISH Wireless Holding L.L.C., American AWS-3 Wireless I L.L.C., American AWS-3 Wireless II L.L.C., and American AWS-3 Wireless III L.L.C.

6. "Northstar" shall mean Northstar Wireless, L.L.C.; Northstar Spectrum, L.L.C.; and/or Northstar Manager, L.L.C.

7. "SNR" shall mean SNR Wireless LicenseCo, L.L.C.; SNR Wireless HoldCo, L.L.C.; and/or SNR Wireless Management, L.L.C.

8. "DOJ" refers to the United States Department of Justice, including any United States Attorney's Office or any other DOJ division, component, or agency, and, where applicable, its employees, agents, and representatives.

9. "FCC" refers to the United States Federal Communications Commission and, where applicable, its employees, agents, and representatives.

10. "Auction 97" refers to the auction the FCC held for 1614 licenses in the 1695-1710 MHz, 1755-1780 MHz, and 2155-2180 MHz Advanced Wireless Service bands, which began on November 13, 2014, and ended on January 29, 2015.

11. Unless otherwise noted, the term "Agreement" encompasses and refers to the "instruments, agreements, and understandings" referenced and alleged in paragraphs 124-131 of the complaint.

12. "Person" means any natural person or any business, legal, or governmental entity or association.

13. The term "Auction 97 bidders" refers to all entities, aside from VTel and the defendants named in the Complaint, listed as "Qualified bidders" by the FCC on October 30, 2014. *See* 29 FCC Rcd 13465 and https://www.fcc.gov/document/auction-97-aws-3-qualified-bidders.  It includes but is not limited to AT&T, T-Mobile, and Verizon.

14. The term "Petitioner to Deny" refers to Citizen Action; ESC Company; Communications Workers of America; National Association for the Advancement of Colored People; National Action Network; Americans for Tax Reform; Center for Individual Freedom; Citizens Against Government Waste; MediaFreedom.org; National Taxpayers Union; Taxpayers Protection Alliance; Central Texas Telephone Investments LP; Rainbow Telecommunications Association, Inc.; and Hispanic Technology & Telecommunications Partnership, and any of those entities' known representatives.

15. "Document" is defined to be synonymous in meaning and equal in scope to the term's usage in Federal Rule of Civil Procedure 34(a), including electronic or computerized data compilations, electronic chats, texts, app-based records, email communications,

other electronically stored information from personal computers, voice recordings, handwritten notes, and hard copy documents.

16. "Communication" refers to the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) regardless of form (e.g., email, letter, notes, telephone conversation).

17. The terms "identify" or "identifying" each mean:

    a.  When used in reference to an individual, to include his or her full name, present or last known home and business address and telephone numbers, and present or last known occupation, employer, and job title or description;

    b.  When used in reference to an organization of any kind, to include its full name, the address of its principal place of business and its telephone numbers;

    c.  When used in reference to a document, to include the type of document, its date, the identity of its author(s) and its recipient(s), any title and/or serial number or file number appearing on the document, the identity of its present custodian, its present location or a brief description of its subject matter.

18. The term "any" shall be construed to include the word "all" and vice versa.

19. The term "each" shall be construed to include the word "every" and vice versa.

20. The terms "and" and "or" shall be construed either disjunctively or conjunctively, as necessary, to bring within the scope of these requests all responses that might otherwise be construed to be outside their scope.

21. The terms "relate to" or "relating to" and the like shall be construed to mean constituting, mentioning, discussing, describing, reflecting, identifying, dealing with,

consisting of, explaining, referring to, containing, or enumerating, in whole or in part, directly or indirectly.

22. The terms "include" or "including" shall each be interpreted in every instance as being illustrative of the information requested; shall be read as meaning "including but not limited to"; and shall not be interpreted to exclude any information otherwise within the scope of the requests.

23. The terms "concern" or "concerning" shall mean referring to, describing, reflecting, evidencing, or constituting.

24. Each term defined in the foregoing paragraphs encompasses both the capitalized and non-capitalized versions of that term.

## INSTRUCTIONS

1. These requests call for the production of all documents and communications within your possession, custody, or control, wherever located, including those documents and communications in the possession, custody, or control of your counsel or former attorneys, investigators, accountants, agents, or representatives. If you cannot respond to these requests in full after exercising due diligence to secure the documents or communications requested, you shall so state and respond to the extent possible, specifying the reason for, and nature of, your inability to respond to the remainder.

2. If any portion of a document is responsive to a request, the entire document shall be produced.

3. Pursuant to Federal Rule of Civil Procedure 26(e), these requests are to be regarded as continuing in nature. Accordingly, to the extent that you learn of any additional responsive information subsequent to the serving of the initial responses, You are

   required to serve promptly thereafter supplemental responses and produce any additional responsive materials.

4. To the extent that you object to a request, you should respond to any portion of the request that is not objectionable and state separately the portion to which you object, including each ground for the objection, and whether any responsive information or documents are being withheld on the basis of an objection.

5. Produce all electronically stored information ("ESI") that is responsive to the requests below pursuant to the terms set forth in a forthcoming order (the "ESI Protocol") governing the production of ESI, to be stipulated to by the parties and entered by the district court.

6. If there are no documents or communications responsive to a particular request in your possession, custody, or control, provide a written response so stating.

7. To the extent that you assert a claim of privilege in response to any request, you should respond to the portion of the request that is not privileged and state separately the portion that calls for production of privileged information, the privilege or privileges asserted, and whether any responsive information or documents are being withheld on the basis of the privilege asserted.  To the extent you withhold any responsive information on the basis of a claim of privilege, please provide a privilege log in accordance with applicable rules or any agreement between the parties.

8. Unless otherwise indicated, these requests are limited to the time period from January 1, 2014, to October 25, 2015.

**DOCUMENT REQUESTS**

1. All documents relating to VTel's communications with any individual employed by or working at the FCC (including, without limitation, the individual Commissioners and their staff, former FCC Chair Ajit Pai, and former General Counsel Thomas M. Johnson, Jr.) between January 1, 2014, and the present concerning any aspect of Auction 97 or any individual or corporate defendant named in the complaint. For the avoidance of doubt, this request includes all versions of any documents VTel provided to or received from the FCC.

2. All documents relating to VTel's communications with DOJ between January 1, 2014, and the present concerning any aspect of Auction 97 or any individual or corporate defendant named in the complaint, including all documents relating to the May 11, 2015 disclosure to DOJ cited in paragraph 14 of the complaint, and all documents relating to any possible exercise by DOJ of its statutory authority under the False Claims Act. For the avoidance of doubt, this request includes all versions of any documents VTel provided to or received from DOJ.

3. All documents relating to VTel's communications with any Auction 97 bidder, or any representative thereof, concerning any individual or corporate defendant named in the complaint.

4. All documents relating to VTel's communications with any petitioner to deny concerning any individual or corporate defendant named in the complaint. For the avoidance of doubt, this request includes all versions of any documents VTel provided to or received from any petitioner to deny.

5. All documents from the time period between November 13, 2014, to the present concerning or reflecting communications with the "expert" mentioned in paragraphs

        12-13 and 115-117 of the complaint, including all versions of work product, notes, or documents generated by that expert pertaining to the allegations in the complaint.

6. All documents concerning or reflecting communications with Dr. Leslie Marx or the consulting firm Bates White, LLC relating to Auction 97.

7. All documents concerning or reflecting any commercial or contractual relationship between VTel and any Auction 97 bidder or its representative(s) relating to Auction 97.

8. All documents relating to VTel's communications with any press entity, reporter, financial analyst, communications industry analyst, or member or staff of Congress concerning any aspect of Auction 97 or any individual or corporate defendant named in the complaint.

9. All documents relating to any of the allegedly undisclosed agreements mentioned in paragraphs 124-131 of the complaint.

10. All documents relating to or supporting your allegation in paragraph 131 of the complaint that one or more defendants disclosed "instruments, agreements, or understandings" to the FCC that were "false."

11. All documents reflecting each false or fraudulent claim you allege that one or more defendant knowingly presented or caused to be presented to the United States.

12. All documents reflecting each false record or statement you allege one or more defendants knowingly made or used in order to induce the United States to pay or approve one or more false or fraudulent claims.

13. All documents relating to or supporting your calculation of purported monetary damages to the United States attributable to one or more of the false claims alleged in the complaint.

14. All documents relating to or supporting your calculation of "each violation" for which you contend one or more defendants must pay a civil penalty, as alleged in the prayer for relief in the complaint.

15. All documents, from any time, relating to any FCC auction or proceeding in which the FCC determined that VTel failed to fully or properly disclose information relating to its application for bidding credits, or determined that VTel was not entitled to bidding credits for which it had claimed eligibility. For avoidance of doubt, this request includes all documents relating to the proceedings that were the subject of *In the Matter of Vermont Telephone Co.*, Notice of Apparent Liability for Forfeiture, 26 FCC Rcd. 14,130 (EB 2011), and *In the Matter of Vermont Telephone Co.*, Forfeiture Order, 29 FCC Rcd. 16, 052 (ED 2014).

16. All documents received by you in response to any subpoenas in this litigation.

17. All documents that you intend to use as an exhibit or evidence in any brief, at trial, or at any hearing in this litigation.

18. All documents identified in, reviewed, referred to, or relied upon in preparing your answer(s) to one or more interrogatories propounded in this case.

19. Documents sufficient to show VTel's corporate organization, executive leadership, and financial structure, including any persons holding more than 1% of VTel's outstanding shares.

20. All documents referenced in the complaint and VTel's initial disclosures (once served), with the exception of any document available on a public web site as of the date of your response to this request.

November 22, 2022

Jonathan L. Diesenhaus (#423753)
Gejaa T. Gobena (#463833)
Ari Q. Fitzgerald (#441527)
HOGAN LOVELLS US LLP
555 Thirteenth Street N.W.
Washington, D.C. 20004
202-637-5600
jonathan.diesenhaus@hoganlovells.com
gejaa.gobena@hoganlovells.com
ari.fitzgerald@hoganlovells.com

*Counsel for SNR Wireless Licenseco, LLC, SNR Wireless Holdco, LLC, SNR Wireless Management, LLC, Atelum LLC, and John Muleta*

Respectfully submitted,

s/ Daniel S. Volchok
Howard M. Shapiro (#454274)
Jonathan E. Paikin (#466445)
Daniel S. Volchok (#466889)
WILMER CUTLER PICKERING
HALE AND DORR LLP
1875 Pennsylvania Avenue N.W.
Washington, D.C. 20006
202-663-6000
howard.shapiro@wilmerhale.com
jonathan.paikin@wilmerhale.com
daniel.volchok@wilmerhale.com

*Counsel for American AWS-3 Wireless I LLC, American AWS-3 Wireless II LLC, American AWS-3 Wireless III L.L.C, DISH Wireless Holding LLC, DISH Network Corporation, Charles W. Ergen, and Cantey M. Ergen*

Peter B. Hutt II (#427331)
Dennis B. Auerbach (#418982)
Benjamin C. Block (#479705)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street N.W.
Washington, D.C. 20001
202-662-6000
phuttjr@cov.com

*Counsel for Northstar Wireless, LLC, Northstar Spectrum, LLC, Northstar Manager, LLC, Doyon, Limited, Miranda Wright, and Allen M. Todd*

## CERTIFICATE OF SERVICE

I hereby certify that on November 22, 2022, I caused to be served the foregoing DEFENDANTS' FIRST SET OF REQUESTS TO RELATOR FOR PRODUCTION OF DOCUMENTS via electronic mail upon the following:

Stephen J. Obermeier
Mark B. Sweet
Bert W. Rein
**WILEY REIN LLP**
2050 M Street N.W.
Washington, D.C. 20036
(202) 719-7000
sobermeier@wiley.law
msweet@wiley.law
brein@wiley.law

By: *s/ Daniel S. Volchok*

11