# EXHIBIT 8

| | |
|---|---|
| **From:** | Gobena, Gejaa <gejaa.gobena@hoganlovells.com> |
| **Sent:** | Friday, January 20, 2023 8:27 PM |
| **To:** | Ross, Bennett L. |
| **Cc:** | Obermeier, Stephen |
| **Subject:** | RE: Vermont National Tel. Co. v. Northstar Wireless, LLC (Case 1:15-cv-00728-CKK) - Request for Discovery Conference |
| **Attachments:** | Vermont Natl and SNR Letter Brief to Court 4878-2936-0715 v.9.docx |

**External Email**

Here are what are hopefully near final edits and responses to your comments. The vast majority of the redline is moving that section on scope up. Thanks.

**From:** Gobena, Gejaa
**Sent:** Friday, January 20, 2023 11:32 AM
**To:** 'Ross, Bennett L.' <BRoss@wiley.law>
**Cc:** Obermeier, Stephen <SObermeier@wiley.law>
**Subject:** RE: Vermont National Tel. Co. v. Northstar Wireless, LLC (Case 1:15-cv-00728-CKK) - Request for Discovery Conference

Thanks, Bennett. I have been tied up this AM, but will take a look this afternoon.

**From:** Ross, Bennett L. <BRoss@wiley.law>
**Sent:** Friday, January 20, 2023 7:34 AM
**To:** Gobena, Gejaa <gejaa.gobena@hoganlovells.com>
**Cc:** Obermeier, Stephen <SObermeier@wiley.law>
**Subject:** RE: Vermont National Tel. Co. v. Northstar Wireless, LLC (Case 1:15-cv-00728-CKK) - Request for Discovery Conference

**[EXTERNAL]**
Good morning Gejaa,

Attached is a revised draft that accepts your edits and additions, with one exception. We do not agree with your deletion of the language characterizing our disagreement about the scope of Relator's document requests. However, we reframed this characterization as Relator's alone rather than suggesting your client's agreement with it.

We also have included several substantive questions and suggestions. Depending on your responses to these questions and suggestions, we may be able to narrow the issues in dispute.

1

We obviously do not agree with SNR that the Amended Complaint is limited to the so-called "Secret Agreement Theory."  But it strikes us that your discussion of this issue is contrary to the Court's admonition that "[t]he letter brief would simply describe the issues; it would not offer any legal argument."  While that is your call since the discussion appears in the SNR Defendants' Position section, we have added a short note in our section expressing our view that the issue is not properly the subject of this document.

Regarding the ordering of the sections, we don't have an objection to starting with the scope of Relator's document requests first.  However, we assume that doing so would require adding a section addressing your "Secret Agreement Theory" but would appreciate your confirming.  Once we finalize the order of the issues, we can put this document in a memorandum form rather than a letter.

Finally, on the custodian issue, we appreciate your clarifying that Mr. Muleta is the only custodian and that documents in the files of his independent consultants are not under his possession, custody, or control.  The only outstanding item related to this issue is your reference to proposal by the Defendants for addressing the search of files of their outside counsel – a proposal with which we are not familiar.  Can you provide details?

Regarding your reference to the Rule 45 subpoena against Wiley – an issue that we think is misplaced here – you will be receiving a letter from our colleague Rick Simpson later today confirming that there are no responsive documents related Auction 97 from other firm clients or the firm itself.  Thus, this issue is not an issue at all.

I am heading to the airport late this afternoon and will be out of the country next week.  My colleague Steve Obermeier will be taking this filing across the goal line in my absence.

Thanks for your continued cooperation.

Bennett



Bennett L. Ross
Attorney at Law
bross@wiley.law

Wiley Rein LLP • 2050 M Street NW • Washington, DC 20036
o:  202.719.7524 • m:  202.674.0582
Download V-Card | wiley.law | Bio

2

**From:** Gobena, Gejaa <gejaa.gobena@hoganlovells.com>
**Sent:** Thursday, January 19, 2023 6:06 PM
**To:** Ross, Bennett L. <BRoss@wiley.law>
**Subject:** RE: Vermont National Tel. Co. v. Northstar Wireless, LLC (Case 1:15-cv-00728-CKK) - Request for Discovery Conference

**External Email**

Bennett,

Here you go. As noted below, we basically left what you drafted untouched, and added our position on the topics to the letter. Attached is a clean version and a redline. Happy to hop on a call to discuss it further. Thanks.

**From:** Ross, Bennett L. <BRoss@wiley.law>
**Sent:** Wednesday, January 18, 2023 5:22 PM
**To:** Gobena, Gejaa <gejaa.gobena@hoganlovells.com>
**Subject:** RE: Vermont National Tel. Co. v. Northstar Wireless, LLC (Case 1:15-cv-00728-CKK) - Request for Discovery Conference

**[EXTERNAL]**
Sounds good.  We look forward to receiving your revised draft.



Bennett L. Ross
Attorney at Law
bross@wiley.law

Wiley Rein LLP • 2050 M Street NW • Washington, DC 20036
o:  202.719.7524 • m:  202.674.0582
Download V-Card | wiley.law | Bio

**From:** Gobena, Gejaa <gejaa.gobena@hoganlovells.com>
**Sent:** Wednesday, January 18, 2023 4:42 PM
**To:** Ross, Bennett L. <BRoss@wiley.law>
**Subject:** RE: Vermont National Tel. Co. v. Northstar Wireless, LLC (Case 1:15-cv-00728-CKK) - Request for Discovery Conference

**External Email**

Thanks, Bennett. I don't think line editing makes sense given how much we disagree on where we are. So, my suggestion is to have a joint submission with two separate sections where we lay out where we each believe we are on discovery. I plan to get our section to you by COB tomorrow. It may make sense to not put it on any letterhead and have it as a generic memo to the Court.

3

**From:** Ross, Bennett L. <BRoss@wiley.law>
**Sent:** Wednesday, January 18, 2023 11:05 AM
**To:** Gobena, Gejaa <gejaa.gobena@hoganlovells.com>
**Subject:** RE: Vermont National Tel. Co. v. Northstar Wireless, LLC (Case 1:15-cv-00728-CKK) - Request for Discovery Conference

**[EXTERNAL]**

Gejaa,

Attached is a draft joint letter brief for your review. We tried to play it straight down the middle in framing the issues, quoting and/or paraphrasing our filings and/or correspondence rather than attempting to characterize each party's position. We look forward to your thoughts and comments.

Bennett



Bennett L. Ross
Attorney at Law
bross@wiley.law

Wiley Rein LLP • 2050 M Street NW • Washington, DC 20036
o:  202.719.7524 • m:  202.674.0582
Download V-Card | wiley.law | Bio

---

**From:** Gobena, Gejaa <gejaa.gobena@hoganlovells.com>
**Sent:** Tuesday, January 17, 2023 1:31 PM
**To:** Ross, Bennett L. <BRoss@wiley.law>
**Subject:** FW: Vermont National Tel. Co. v. Northstar Wireless, LLC (Case 1:15-cv-00728-CKK) - Request for Discovery Conference

**External Email**

Hello Bennett,

We are happy to look at a proposed joint informal letter brief you put together, but as mentioned before we are not convinced we have any contested issues that require court intervention at this stage. Thanks.

**From:** Kollar-Kotelly Chambers <Kollar-Kotelly_Chambers@dcd.uscourts.gov>
**Sent:** Tuesday, January 17, 2023 12:40 PM
**To:** Ross, Bennett L. <BRoss@wiley.law>
**Cc:** Diesenhaus, Jonathan L. <jonathan.diesenhaus@hoganlovells.com>; Gobena, Gejaa

4

<gejaa.gobena@hoganlovells.com>; Block, Benjamin <bblock@cov.com>; Hutt II, Peter <PHuttJr@cov.com>; Auerbach, Dennis <dauerbach@cov.com>; Paikin, Jonathan <Jonathan.Paikin@wilmerhale.com>; Volchok, Daniel <Daniel.Volchok@wilmerhale.com>; Darrell.Valdez@usdoj.gov; Obermeier, Stephen <SObermeier@wiley.law>; Sweet, Mark <MSweet@wiley.law>
**Subject:** RE: Vermont National Tel. Co. v. Northstar Wireless, LLC (Case 1:15-cv-00728-CKK) - Request for Discovery Conference

**[EXTERNAL]**
Thank you, counsel.  Before the Court sets a teleconference, the parties must submit an informal letter brief to Chambers describing the contested issues.  Ideally, this informal letter brief would be joint, but if the parties cannot agree, they may file separate informal letter briefs.  The letter brief would simply describe the issues; it would not offer any legal argument.

Chambers

---

**From:** Ross, Bennett L. <BRoss@wiley.law>
**Sent:** Tuesday, January 17, 2023 12:03 PM
**To:** Kollar-Kotelly Chambers <Kollar-Kotelly_Chambers@dcd.uscourts.gov>
**Cc:** Diesenhaus, Jonathan L. <jonathan.diesenhaus@hoganlovells.com>; Gobena, Gejaa <gejaa.gobena@hoganlovells.com>; Block, Benjamin <bblock@cov.com>; Hutt II, Peter <PHuttJr@cov.com>; Auerbach, Dennis <dauerbach@cov.com>; Paikin, Jonathan <Jonathan.Paikin@wilmerhale.com>; Volchok, Daniel <Daniel.Volchok@wilmerhale.com>; Darrell.Valdez@usdoj.gov; Obermeier, Stephen <SObermeier@wiley.law>; Sweet, Mark <MSweet@wiley.law>
**Subject:** Vermont National Tel. Co. v. Northstar Wireless, LLC (Case 1:15-cv-00728-CKK) - Request for Discovery Conference

**CAUTION - EXTERNAL:**

On behalf of Vermont National Telephone Company, the Relator in the above-referenced proceeding, we would like to request a conference with the Court to resolve several discovery disputes with the SNR Defendants (SNR Wireless LicenseCo, LLC; SNR Wireless HoldCo, LLC; SNR Wireless Management, LLC; Atelum LLC; and John Muleta).

Counsel for the SNR Defendants are copied on this email for scheduling purposes.  Counsel for the other defendants as well as the government also are copied on this email for informational purposes.

Thank you in advance for your time, and we look forward to hearing when the Court may be available to meet with the Relator and the SNR Defendants.

Bennett Ross



Bennett L. Ross
Attorney at Law
bross@wiley.law

Wiley Rein LLP • 2050 M Street NW • Washington, DC 20036
o:  202.719.7524 • m:  202.674.0582
Download V-Card | wiley.law | Bio

CONFIDENTIALITY: This email and any attachments are confidential, except where the email states it can be disclosed, and it may also be privileged. If received in error, please do not disclose the contents to anyone, but notify the sender and delete this email and any attachments.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

---

**About Hogan Lovells**
Hogan Lovells is an international legal practice that includes Hogan Lovells US LLP and Hogan Lovells International LLP. For more information, see www.hoganlovells.com.

CONFIDENTIALITY. This email and any attachments are confidential, except where the email states it can be disclosed; it may also be privileged. If received in error, please do not disclose the contents to anyone, but notify the sender by return email and delete this email (and any attachments) from your system.

PRIVACY. Hogan Lovells processes personal data, including data relating to email communications, in accordance with the terms of its privacy policy which is available at www.hoganlovells.com/en/privacy.

Bennett L. Ross
202.719.7524
bross@wiley.law

**wiley**

Wiley Rein LLP
2050 M St NW
Washington, DC 20036
Tel: 202.719.7000

wiley.law

**VIA ELECTRONIC MAIL**

January 20, 2023

The Honorable Colleen Kollar-Kotelly
District Judge
United States District Court for the District of Columbia
E. Barrett Prettyman
United States Courthouse
333 Constitution Avenue, NW
Washington, DC 20001

Re:   *U.S. ex rel. Vermont Nat'l Tel. Co. v. Northstar Wireless, LLC*

Dear Judge Kollar-Kotelly:

As instructed by the Court, this letter brief describes the discovery disputes between the Relator Vermont National Telephone Company ("Relator") and Defendants SNR Wireless LicenseCo, LLC; SNR Wireless HoldCo, LLC; SNR Wireless Management, LLC; Atelum LLC; and John Muleta (collectively, "SNR Defendants"). The letter brief is submitted jointly on behalf of Relator and the SNR Defendants.

**Background**

Relator served its First Set of Requests for Production of Documents to the SNR Defendants on October 3, 2022 ("RFPs"). The RFPs consist of 46 separate requests.

The SNR Defendants timely filed their objections and responses on November 15, 2022. The SNR Defendants asserted 43 general objections to the RFPs and specifically objected to each RFP on various grounds. A copy of the SNR Defendants' objections and responses is attached.

Counsel for Relator and the SNR Defendants held a meet and confer on December 8, 2022. In an effort to resolve their disagreements, the parties subsequently exchanged letters dated December 9, 2022 (SNR Defendants); December 12, 2022 (Relator); December 19, 2022 (SNR Defendants); December 22, 2022 (Relator); December 28, 2022 (SNR Defendants); January 3, 2023 (Relator); January 6, 2023 (SNR Defendants); January 10, 2023 (Relator); and January 13, 2023 (SNR Defendants). Although the parties have made some progress in resolving the issues in dispute, there are four remaining categories over which Relator and the SNR Defendants continue to disagree. Each is described briefly below.

**Scope of Relator's Document Requests**

Relator's RFPs generally seek documents relating to: (1) the relationship between the SNR Defendants and the other defendants; (2) Auction 97 conducted by the Federal Communications Commission; (3) the creation, formation, financing of, and investment in the SNR corporate entities; and (4) the buildout, use, transfer, sale, and accounting of the spectrum licenses acquired

---

**Commented [RBL1]:** We may have only three categories depending on resolution of the custodian issue.

**Commented [Go2]:** Consider deleting if our reorganization works for you.

**Commented [Go3]:** Note for Wiley: We should begin with this.

**Commented [RBL4R3]:** If we begin with this argument, do you propose to move the "Secret Agreement Theory" discussion here?

**Commented [Go5R3]:** Yes. See my edits.

The Honorable Colleen Kollar-Kotelly
January 20, 2023
Page 2

by the SNR corporate entities in Auction 97. Relator believes that all its RFPs are relevant to the claims in the First Amended Complaint and expects the SNR Defendants to produce all nonprivileged documents responsive to these requests.

The SNR Defendants, by contrast, have stated that, for those RFPs to which they agreed to produce requested documents "to the extent such documents exist and can be located in a reasonable search," they will produce documents "relevant to [Relator's] sole remaining 'secret agreement' claim as set forth in the FAC [First Amended Complaint], within the relevant time period, on a rolling basis." The Relator amended their complaint in 2019, dropping theories of liability in the process. ~~As the Court is aware,~~ SNR Defendants note that Relator's sole remaining theory of liability under the Amended Complaint is that defendants allegedly knowingly failed to disclose to the Federal Communications Commission ("FCC") one or more secret agreements made in advance of Auction 97 regarding the relationship between SNR, Northstar, and DISH in relation to the FCC's Auction 97 (Relator's "Secret Agreement Theory"). The Amended Complaint expressly discarded its theory of liability premised on any defendant's interpretation of the FCC's de-facto-control rules or any defendant's claim of eligibility for price discounts as a very small business. *See* FAC ¶ 128; *see also* Dkt. 78 (MTD opp.) at 44; Dkt. 80 (MTD reply) at 2 n.2. ~~The SNR Defendants believe the FAC significantly narrowed Relator's case, reducing it to one theory of liability.~~ According to the SNR Defendants, the only "relevant documents" are those relating to Relator's claim "that Defendants allegedly had a secret agreement regarding the handling/possession of the licenses acquired in Auction 97 that was not fully disclosed to the FCC." December 19, 2022 Letter from Gejaa Gobena, Counsel, SNR Defendants.

The parties disagree about the scope of Relator's claims in the First Amended Complaint, including whether the scope of the claims in the First Amended Complaint is as limited as the SNR Defendants assert. Relator also asserts that: (i) its requests seek discoverable information under F.R.C.P. 26, even under the SNR Defendants' reading of the First Amended Complaint; and (ii) the SNR Defendants' approach to discovery—by which they can withhold documents responsive to Relator's RFPs based on their view of relevancy—is inconsistent with the Federal Rules of Civil Procedure.

As noted below, notwithstanding their objections, SNR Defendants have not withheld any documents to date and has committed to either producing documents responsive to Relator's RFPs or identifying any documents objected to and meeting and conferring further on SNR's objections.

> **Formatted:** Strikethrough
>
> **Commented [Go6]:** I moved this section from below and added this paragraph.

I. **Specific Requests**

The Relator and SNR Defendants have been engaged in discussions regarding the following nine RFPs:

- All documents relating to the creation or formation of SNR (RFP No. 14);

- All documents relating to investment in, funding of, or financing of SNR (RFP No. 15);

- To the extent not already provided, all communications and documents relating to SNR's qualifications or eligibility for a bidding credit as a "very small business" under FCC rules (RFP No. 22);

wiley.law

The Honorable Colleen Kollar-Kotelly
January 20, 2023
Page 3

- All documents related to DISH's or SNR's assessment of SNR's qualifications or eligibility for bidding credits as a "very small business" under FCC rules (RFP No. 23);

- To the extent not already provided, all SNR business plans or strategies, pro forma financial projections, or other documents related to SNR's anticipated operations (including drafts) (RFP No. 29);

- All documents relating to any efforts by SNR to value individual licenses available in or purchased by SNR during Auction 97, including but not limited to any documents evaluating the geographic relationship between individual licenses (RFP No. 32);

- All annual and quarterly cash flow reports, net income statements, profit and loss statements, and balance sheets for SNR (RFP No. 36);

- All documents relating to the determination that DISH is the primary beneficiary of or has financial control of SNR (RFP No. 37); and

- All documents relating to advice provided to DISH or SNR by its internal or external accountants, auditors, or financial advisors regarding the inclusion of SNR in DISH's consolidated financial statements, including the treatment of SNR as a variable interest entity (RFP No. 38).

Relator's Position

The SNR Defendants continue to "stand by their objections" to Request Nos. 14, 15, 22, 23, 29, 32, 36, 37, and 38 to which they stated that, in light of such objections, they "will not produce documents." January 6, 2023 Letter from Gejaa Gobena, Counsel, SNR Defendants. According to the SNR Defendants, Relator's "effort to pin SNR down on whether we will produce documents in response to specific requests is premature. Once we complete or at least make significantly more progress in our review, we will be in a better position to discuss the practical implications of our objections to specific RFPs." Id.

The parties disagree whether this approach to discovery—by which the SNR Defendants are "standing by" their relevancy objections while reserving the right to produce responsive documents at some point in the future notwithstanding such objections—is consistent with the Federal Rules of Civil Procedure and the case schedule set forth by this Court.

The Relator does not agree with the SNR Defendants' characterization of the claims in the Amended Complaint set forth below. However, Relator is not responding to this issue here consistent with the Court's admonition that "[t]he letter brief would simply describe the issues; it would not offer any legal argument."

> **Commented [Go7]:** This is your section, but I suggest changing this to "above" based on my moving the section on scope up.

SNR Defendants' Position

SNR Defendants seek to preserve their objections to these nine requests because they are good faith objections rooted in a threshold matter that is central to this litigation. ~~The Relator amended their complaint in 2019, dropping theories of liability in the process. As the Court is aware, Relator's sole remaining theory of liability under the Amended Complaint is that defendants allegedly knowingly failed to disclose to the Federal Communications Commission ("FCC") one~~

wiley.law

The Honorable Colleen Kollar-Kotelly
January 20, 2023
Page 4

~~or more secret agreements made in advance of Auction 97 regarding the relationship between SNR, Northstar, and DISH in relation to the FCC's Auction 97 (Relator's "Secret Agreement Theory"). The Amended Complaint expressly discarded its theory of liability premised on any defendant's interpretation of the FCC's de-facto-control rules or any defendant's claim of eligibility for price discounts as a very small business. See FAC ¶ 128; *see also* Dkt. 78 (MTD opp.) at 44; Dkt. 80 (MTD reply) at 2 n.2.~~ Since Relator's pre-Auction Secret Agreement Theory is the lone remaining theory of liability in this case, discovery seeking information well beyond the bounds of that theory is neither relevant nor proportional to the needs of this case. SNR Defendants object to these requests on the grounds that they go beyond the scope of permissible discovery.

Regardless, SNR Defendants disagree that any actual dispute exists with respect to any documents that may be responsive to one or more of the nine identified RFPs. After repeatedly explaining the basis for the objection to Relator (as each Defendant has), SNR Defendants have informed Relator's counsel that, to date, the SNR Defendants have not in the course of their document review identified any document responsive to these requests that is being withheld based on their objections. SNR Defendants have repeatedly stated that if they were to identify any such documents, they would be willing to meet and confer with Relator with respect to those specific documents in dispute.

In addition, with respect to RFPs 22, 23, and 29, SNR Defendants' objections state that these requests are overlapping and unreasonably duplicative of other RFPs propounded by Relator, and to which defendant has agreed to produce documents. Accordingly, documents responsive to these requests would indeed be produced under the other cumulative requests identified in SNR Defendants' objections. And, despite the SNR Defendants' objections, it has produced documents responsive to other of the nine requests, including Requests 14 and 15. For all of the remaining requests, SNR Defendants are in the process of determining what in their possession may relate to those requests and are willing to either produce the documents or confer further with Relator on those requests.

> **Commented [RBL8]:** If SNR is producing documents responsive to RFPs 22, 23, and 29 – albeit in response to other requests for production – SNR's statement that it "will not produce documents" responsive to these RFPs is inaccurate. If SNR will supplement its response accordingly, the dispute as to these RFPs would be resolved.
>
> **Commented [Go9R8]:** Our objection clearly states that. No need to amend it. Now that you understand that, I agree that we can move on from these RFPs.
>
> **Commented [RBL10]:** Same point as above.

In an effort to resolve these matters and to reach resolutions with respect to disputed discovery requests, SNR Defendants have repeatedly offered to negotiate search terms with Relator that would be applied to search for and identify potentially responsive documents. Relator has refused any effort to negotiate terms despite having made agreements with respect to search terms with other Defendants. The vast majority of the issues identified by Relator could be resolved by developing agreed-upon search terms.

> **Commented [RBL11]:** Why are search terms necessary for a single custodian? Furthermore, some of the remaining requests seek discrete types of documents (e.g., financial statements, accounting records) that do not lend themselves to search terms.
>
> **Commented [Go12R11]:** Because they go to subject matter and topics related to your pending claims. The fact that it is one custodian has no bearing on the value of search terms; VTel is not entitled to everything in Mr. Muleta's possession, custody or control or to force us to review everything in his possession, custody or control to see if it relates to this case.

**Time Period of Relator's Document Requests**

The time period for Relator's document requests is "January 1, 2013 to the present" (unless otherwise indicated). For those requests to which they have agreed to produce documents, the SNR Defendants have agreed that responsive documents should be produced for the period beginning on January 1, 2013.

However, the parties disagree about the end date of the relevant time period. Relator believes that the SNR Defendants should produce responsive documents through the present in light of the relevance of their continuing activities. The SNR Defendants contend that only documents created through October 2015, when SNR selectively defaulted on certain of its licenses won in Auction 97, are relevant.

wiley.law

The Honorable Colleen Kollar-Kotelly
January 20, 2023
Page 5

Notwithstanding this contention, the SNR Defendants have offered to produce two categories of documents during the post-October 2015 time period.  These categories consist of: (1) post-October 2015 business plans relating to the licenses SNR acquired in Auction 97; and (2) post-October 2015 documents relating to SNR's consideration of whether to exercise its put rights with DISH.  December 19, 2022 Letter from Gejaa Gobena, Counsel, SNR Defendants.

Relator declined this offer because it believes this approach: (1) would not capture all documents relevant to Relator's claims; (2) would delay the production process by requiring the SNR Defendants to conduct an additional level of review to determine whether such documents fall within these two categories; and (3) would permit the SNR Defendants to withhold documents supportive of Relator's claims based solely on its determination that such documents did not fall within one of these two categories.

SNR Defendants' position on this matter is consistent with that of the other Defendants in this case.  The time frame and accompanying parameters proposed by the defendants are consistent with Relator's lone remaining theory of liability of a pre-Auction secret agreement, and collection of documents well beyond this scope would be irrelevant and unduly burdensome.

**Scope of Relator's Document Requests**

Relator's RFPs generally seek documents relating to: (1) the relationship between the SNR Defendants and the other defendants; (2) Auction 97 conducted by the Federal Communications Commission; (3) the creation, formation, financing of, and investment in the SNR corporate entities; and (4) the buildout, use, transfer, sale, and accounting of the spectrum licenses acquired by the SNR corporate entities in Auction 97. Relator believes that all its RFPs are relevant to the claims in the First Amended Complaint and expects the SNR Defendants to produce all nonprivileged documents responsive to these requests.

The SNR Defendants, by contrast, have stated that, for those RFPs to which they agreed to produce requested documents "to the extent such documents exist and can be located in a reasonable search," they will produce documents "relevant to [Relator's] sole remaining 'secret agreement' claim as set forth in the FAC [First Amended Complaint], within the relevant time period, on a rolling basis." The SNR Defendants believe the FAC significantly narrowed Relator's case, reducing it to one theory of liability.  According to the SNR Defendants, the only "relevant documents" are those relating to Relator's claim "that Defendants allegedly had a secret agreement regarding the handling/possession of the licenses acquired in Auction 97 that was not fully disclosed to the FCC."  December 19, 2022 Letter from Gejaa Gobena, Counsel, SNR Defendants.

The parties disagree about the scope of Relator's claims in the First Amended Complaint, including whether the scope of the claims in the First Amended Complaint is as limited as the SNR Defendants assert.  Relator also asserts that: (i) its Relator's requests seek discoverable information under F.R.C.P. 26, even under the SNR Defendants' reading of the First Amended Complaint; , and (ii) whether the SNR Defendants' approach to discovery—by which they can withhold documents responsive to Relator's RFPs based on their view of relevancy—is inconsistent with the Federal Rules of Civil Procedure.

> **Commented [Go13]:** Note for Wiley: We should begin with this.
>
> **Commented [RBL14R13]:** If we begin with this argument, do you propose to move the "Secret Agreement Theory" discussion here?
>
> **Commented [Go15R13]:** See the reorganization and edits above.

wiley.law

The Honorable Colleen Kollar-Kotelly
January 20, 2023
Page 6

**Custodians**

To date, the SNR Defendants have identified one custodian, John Muleta, whose files they have searched ~~plan to search~~ for documents responsive to Relator's RFPs.

According to Relator, the ~~The~~ SNR Defendants have raised the possibility of two unnamed individuals as additional custodians but have not confirmed whether they will in fact search the files of those individuals for responsive documents.  Relator has additionally requested that the SNR Defendants search the files of their outside counsel, but the SNR Defendants have not agreed to do so.

From the perspective of the SNR Defendants, John Muleta is the only relevant custodian in this case.  SNR Defendants are related business entities, each with one employee – Mr. Muleta.  Accordingly, any and all relevant documents would be contained in Mr. Muleta's files.  To the extent Relator seeks documents outside of Mr. Muleta's possession, custody, or control—such as independent consultants' documents—it must separately seek third party discovery of those individuals and/or entities.

Furthermore, discussions between Defendants as a group and Relator's counsel concerning the files of parties' outside lawyers are ongoing.  Defendants have articulated a proposal for the scope of such a search under Relator's RFPs.  Discussions are also under way with respect to the production of records by Relator's outside counsel under a Rule 45 subpoena defendants served on Wiley on November 11, 2022.  As such, this issue too is not ripe for decision by the Court.

> **Commented [RBL16]:** Please point to the email or letter that embodies the proposal to which you are referring.
>
> **Commented [Go17R16]:** It was sent on 1/20 at 11:15AM, after this draft was sent to you (but was clearly on minds).

Respectfully submitted,


Bennett L. Ross

*Counsel for Relator Vermont National Telephone Co.*

wiley.law