# EXHIBIT 10

| | |
|---|---|
| **From:** | Gobena, Gejaa <gejaa.gobena@hoganlovells.com> |
| **Sent:** | Monday, February 6, 2023 9:05 AM |
| **To:** | Ross, Bennett L. |
| **Cc:** | Diesenhaus, Jonathan L.; Obermeier, Stephen; Sweet, Mark; Sainati, Tatiana; Tuteur, Rachel; Theis, Michael C. |
| **Subject:** | RE: Vermont National Tel. Co. v. Northstar Wireless, LLC (Case 1:15-cv-00728-CKK) - Relator's Motion to Compel |
| **Attachments:** | 2023-02-06 SNR Wireless Corporate Defendants' Amended Response to Relator's first RFPs.pdf; 2023-02-06 Muleta's Amended Response to Relator's 1st RFPs.pdf |

**External Email**

Hello Bennett,

See the attached amended RFP responses.

The short answer to your two proffered interpretations is that we won't adopt them. But, we will (continue to) tell you what we are producing. And, I have lost track how many times I have said this already, but no documents have been withheld notwithstanding our objections.

We are amending our responses to clarify any confusion on what we have been and will continue to produce. What we are not going to do is engage in word games clearly anchored in litigation tactics. This matter is a non-intervened *qui* tam case about a supposed "secret" agreement where all agreements the government needed to make the decision not to award discounts to our client were disclosed to the government. The relator is an unhappy competitor who filed suit on a theory and hopes to find evidence of their claims in discovery. Your discovery effort is aimed at uncovering a "secret" that does not exist; we've told you repeatedly that we have not held documents back on the basis of a particular objection, and therefore I do not see the need to amend anything we have said to date beyond what is in the attached and what we have told you in correspondence unless the purpose is to manipulate any response to litigate this fiction from some other angle.

We are focused on searching for and providing responsive, non-privileged documents in SNR's custody, possession and control as described in our responses to VTel's RFPs. If you are aware of a specific document or documents not in the thousands we have produced to date that you think we missed, identify it or them and we will follow up on it as part of our ongoing search. For reasons you haven't shared, you chose to ignore our multiple offers to negotiate search terms and opted to pursue a court order that we produce some universe of documents we've told you we aren't withholding.  I am not sure any frustration here is rightly pointed at us.

Thanks.

**From:** Ross, Bennett L. <BRoss@wiley.law>
**Sent:** Saturday, February 04, 2023 2:54 PM
**To:** Gobena, Gejaa <gejaa.gobena@hoganlovells.com>
**Cc:** Diesenhaus, Jonathan L. <jonathan.diesenhaus@hoganlovells.com>; Obermeier, Stephen <SObermeier@wiley.law>; Sweet, Mark <MSweet@wiley.law>; Sainati, Tatiana <TSainati@wiley.law>; Tuteur, Rachel <RTuteur@wiley.law>

**Subject:** RE: Vermont National Tel. Co. v. Northstar Wireless, LLC (Case 1:15-cv-00728-CKK) - Relator's Motion to Compel

**[EXTERNAL]**

Gejaa,

Thank you for your prompt response and for giving us a heads up about SNR's amended RFP response.

With our motion to compel due Monday, it is frustrating that we cannot get a straight answer to a simple request.  My email outlined two possible interpretations of SNR's position regarding Relator RFP Nos. 14, 15, 22, and 23 and asked that you let "us know which interpretation is correct." Your email conspicuously failed to provide the requested information.  However, reading between the lines of your email and unless you tell us otherwise, we assume the first interpretation outlined in my email is correct.

While I agree that speaking in real time is often preferable, I am not sure how that helps here.  But if talking on the telephone will allow you to provide a straight answer that you have thus far been unwilling to provide in writing, I am available all weekend.  Furthermore, as you will recall, when we were working on the joint letter brief to file with the Court, I specifically asked you in writing if SNR would be willing to amend its responses to Relator's RFP Nos. 14, 15, 22, and 23, and your response was "no." I am skeptical that your answer would have been different had my request been posed orally.

Have a nice weekend.

Bennett


Bennett L. Ross
Attorney at Law
bross@wiley.law

Wiley Rein LLP • 2050 M Street NW • Washington, DC 20036
o:  202.719.7524 • m:  202.674.0582
Download V-Card | wiley.law | Bio

---

**From:** Gobena, Gejaa <gejaa.gobena@hoganlovells.com>
**Sent:** Friday, February 3, 2023 5:17 PM

**To:** Ross, Bennett L. <BRoss@wiley.law>
**Cc:** Diesenhaus, Jonathan L. <jonathan.diesenhaus@hoganlovells.com>; Obermeier, Stephen <SObermeier@wiley.law>; Sweet, Mark <MSweet@wiley.law>; Sainati, Tatiana <TSainati@wiley.law>; Tuteur, Rachel <RTuteur@wiley.law>
**Subject:** RE: Vermont National Tel. Co. v. Northstar Wireless, LLC (Case 1:15-cv-00728-CKK) - Relator's Motion to Compel

**External Email**

Hello Bennett,

We will be amending our RFP response to reflect the reality that we have or will be producing documents responsive to all the RFPs where we initially said we might not produce documents, as you all no doubt saw in the 3000+ documents we produced on Tuesday. We plan to provide the amended RFP response by Monday at 10AM. As I noted in one of our many letters back and forth, a lot of this could have been resolved weeks ago by picking up the phone and talking it out and/or giving us time to see what we had and the interplay between your often overlapping/duplicative requests (clearly we have been doing that work all along as reflected in our recent significant production). Whether the court will be burdened by a motion to compel is up to you and your decision to avoid conferring and/or negotiating search terms as you did with the other defendants. Our intention to provide responsive documents has been clearly reflected in our multiple productions consisting of tens of thousands of pages of documents. Our document review for responsive documents continues.

Thanks.

**Gejaa Gobena**
Partner

**Hogan Lovells US LLP**
Columbia Square
555 Thirteenth Street, NW
Washington, DC 20004-1109
Tel:      +1 202 637 5600
Direct:  +1 202 637 5513
Fax:     +1 202 637 5910
Email:   gejaa.gobena@hoganlovells.com
            www.hoganlovells.com

**From:** Ross, Bennett L. <BRoss@wiley.law>
**Sent:** Friday, February 03, 2023 12:56 PM
**To:** Gobena, Gejaa <gejaa.gobena@hoganlovells.com>
**Cc:** Diesenhaus, Jonathan L. <jonathan.diesenhaus@hoganlovells.com>; Obermeier, Stephen <SObermeier@wiley.law>; Sweet, Mark <MSweet@wiley.law>; Sainati, Tatiana <TSainati@wiley.law>; Tuteur, Rachel <RTuteur@wiley.law>
**Subject:** RE: Vermont National Tel. Co. v. Northstar Wireless, LLC (Case 1:15-cv-00728-CKK) - Relator's Motion to Compel

**[EXTERNAL]**
Gejaa,

So that we can avoid burdening the Court with discovery issues over which the parties have no actual dispute, we would appreciate your clarifying the SNR Defendants' position regarding Relator RFP Nos. 14, 15, 22, and 23.

The SNR Defendants previously stated in their Responses and Objections that they "will not produce" materials in response to certain requests, including without limitation RFP Nos. 14, 15, 22, and 23.  And just last month, you indicated that the SNR Defendants continue to "stand by their objections" to RFP Nos. 14, 15, 22, and 23.

Nevertheless, in the joint letter brief submitted to the Court, the SNR Defendants indicated that documents responsive to RFP Nos. 14, 15, 22, and 23 would be produced either in response to these particular requests or "under the other RFPs."  And your January 31, 2023 production cover letter states that the produced materials are "generally responsive" to a broad swath of requests for production, including without limitation RFP Nos. 14, 15, 22, and 23.

In our view, there are two possible ways to interpret these apparently conflicting positions.

First, the SNR Defendants will produce all nonprivileged documents responsive to RFP Nos. 14, 15, 22, and 23 and thus are no longer standing by their written responses and objections to these requests in which they indicated that no responsive documents would be produced.  In this situation, we do not have a dispute as to these particular requests that requires the Court's attention.

Second, while the SNR Defendants have produced (and may continue producing) some documents responsive to RFP Nos. 14, 15, 22, and 23, they reserve the right to withhold responsive documents in the future based on their prior objections.  In this situation, we intend to ask the Court to resolve the merits of these objections so that we do not have to revisit this issue in the future.

We would appreciate your letting us know which interpretation is correct.

Best regards,

Bennett



Bennett L. Ross
Attorney at Law
bross@wiley.law

4

Wiley Rein LLP • 2050 M Street NW • Washington, DC 20036
o:  202.719.7524 • m:  202.674.0582
Download V-Card | wiley.law | Bio

CONFIDENTIALITY: This email and any attachments are confidential, except where the email states it can be disclosed, and it may also be privileged. If received in error, please do not disclose the contents to anyone, but notify the sender and delete this email and any attachments.

---

**About Hogan Lovells**
Hogan Lovells is an international legal practice that includes Hogan Lovells US LLP and Hogan Lovells International LLP. For more information, see www.hoganlovells.com.

CONFIDENTIALITY. This email and any attachments are confidential, except where the email states it can be disclosed; it may also be privileged. If received in error, please do not disclose the contents to anyone, but notify the sender by return email and delete this email (and any attachments) from your system.

PRIVACY. Hogan Lovells processes personal data, including data relating to email communications, in accordance with the terms of its privacy policy which is available at www.hoganlovells.com/en/privacy.