# Exhibit 2

WILMERHALE

December 22, 2022

**Jonathan E. Paikin**

+1 202 663 6703 (t)
+1 202 663 6363 (f)
jonathan.paikin@wilmerhale.com

Mark B. Sweet
Wiley Rein LLP
2050 M St. NW
Washington, DC 20036
msweet@wiley.law

**Via Email**

Re: *United States ex rel. Vermont National Telephone Co. v. Northstar Wireless, LLC*—
DISH's Responses to Relator's First Set of Document Requests

Dear Mr. Sweet,

We received your December 15 letter summarizing relator's positions on various discovery issues. We appreciate the ongoing dialogue and willingness to consider reasonable compromises on both sides to ensure that relator obtains documents relevant to the claims and defenses in this case without imposing an unreasonable or disproportionate burden on defendants.

For the reasons previously explained, we continue to disagree with relator's contention that its amended complaint did not narrow in any way the theories of fraud being advanced in this case, and in turn the scope of permissible discovery. That said, DISH has agreed to move forward with reviewing documents from the custodians identified in DISH's initial disclosures (plus Mrs. Ergen) for production in response to relator's document requests. Specifically, DISH has agreed to produce non-privileged documents that hit on search terms designed to capture relevant internal communications concerning Auction 97; DISH's communications with Northstar, SNR, and their known representatives concerning Auction 97; any relevant agreements, instruments, or understandings with Northstar and SNR concerning Auction 97; and DISH's communications with the FCC and DOJ concerning Auction 97. As agreed, if we identify documents (or categories of documents) within these buckets that we believe are not relevant to relator's claims, we will flag those for you and confer about how to handle them.

As to the relevant time period, we have agreed to begin our search for responsive documents from July 1, 2013. As to the end date, we continue to believe that documents after October 25, 2015, are highly unlikely to be relevant to the claims and defenses in this case. The vast majority of them are also likely to be privileged. We understand that Northstar and SNR have proposed a compromise under which they would review and produce post-October 2015 documents relating to (1) the entities' business plans concerning the spectrum they won at auction; and (2) discussions about exercising their contractual put rights. This strikes us as a reasonable compromise, and DISH is similarly willing to search for communications post-dating October 25, 2015, concerning Northstar's and SNR's exercise of their contractual put rights.

WILMERHALE



Again, we appreciate the ongoing engagement and productive dialogue on these issues, and we remain open to further discussions.

Best regards,

*s/ Jonathan E. Paikin*

Jonathan E. Paikin