# Exhibit 3

Mark B. Sweet
202.719.4649
msweet@wiley.law

wiley

Wiley Rein LLP
2050 M St NW
Washington, DC 20036
Tel: 202.719.7000

wiley.law

**VIA EMAIL**

December 23, 2022

Jonathan E. Paikin
Michael J.P. Hazel
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
jonathan.paikin@wilmerhale.com
michael.hazel@wilmerhale.com

Re: *U.S. ex rel. Vermont Nat'l Tel. Co. v. Northstar Wireless, LLC*—December 22, 2022 Letter

Dear Mr. Paikin and Mr. Hazel:

Thank you for your letter of December 22, 2022 regarding the responses to Relator's document requests by Defendants DISH Network Corporation, DISH Wireless Holding LLC, American AWS-3 Wireless I LLC, American AWS-3 Wireless II LLC, American AWS-3 Wireless III LLC; Charles W. Ergen; and Cantey M. Ergen (collectively, "DISH"). We appreciate DISH's continued cooperation in responding to Relator's first requests for production.

Regarding the relevant time period for Relator's document requests, we do not agree that SNR and Northstar's proposal to produce two categories of documents during the post-default October 2015 time period is workable. As we have explained to both SNR and Northstar, Relator cannot accept this proposal because these two categories do not include all documents relevant to Relator's claims, as explained in my December 15, 2022 letter. This approach also would permit Defendants to withhold documents supportive of Relator's claims based solely on their unilateral decision that such documents did not fall within one of these categories without any transparency into or accountability for such decisions.

As we have explained previously, the entire business and operations of SNR and Northstar from their inception through the exercise of their put rights – including the accounting of their licenses and negotiations of their agreements with DISH and other investors – are tied to Auction 97 and are relevant to the allegations in the Amended Complaint. These facts may be revealed in any form of internal documents or external communications. As Relator lacks visibility into all aspects of SNR and Northstar's business and operations, it has no way of knowing each category of record in which the agreements and understandings that SNR and Northstar fraudulently failed to disclose may be contained or the falsity of its representations to the FCC may be reflected. For that reason, Relator has more appropriately identified a combination of potential sources and topics of such documents, which necessarily should result in a broad search.

Defendants' position about the relevant time period also is belied by their own requests. In Defendants' document requests to Relator, Defendants have included multiple requests that broadly seek documents extending up through the present, including Request Nos. 1, 2, 5, and 15.

We also believe that Defendants' proposed approach to handling post-October 25, 2015 documents and communications would prolong unnecessarily the document production process. It presumably would take additional time and effort for Defendants to analyze and identify nonprivileged documents to determine whether they fell within one of the two categories outlined in your letter and thus should be produced. This time and effort would be unnecessary if Defendants would simply produce all nonprivileged documents responsive to Relator's requests for production.

I also would appreciate your letting us know DISH's position on three additional issues raised in my December 15, 2022 letter that were not addressed in your letter of December 22, 2022. First, is DISH willing to produce documents responsive to Requests Nos. 26 and 27 if Relator forgoes Request No. 25? Second, does DISH intend to withhold documents responsive to Request Nos. 45-47? Third, does DISH intend to search for any communications with DOJ responsive to Request Nos. 50-51, including government personnel other than DOJ attorneys who reviewed Relator's complaint, and provide Relator with additional details about any responsive documents being withheld and the grounds for so doing?

Thank you, and best wishes this holiday season.

Best regards,

Mark Sweet

Mark B. Sweet

*Counsel for Relator Vermont National Telephone Co.*