# Exhibit 5

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* VERMONT NATIONAL TELEPHONE COMPANY,<br><br>　　　　　　　Plaintiff,<br><br>　　　v.<br><br>NORTHSTAR WIRELESS, LLC, *et al.*,<br><br>　　　　　　　Defendant. | Civil Action No. 15-00728(CKK) |

**VERMONT NATIONAL TELEPHONE COMPANY'S**
**SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**
**TO THE DISH DEFENDANTS**

Relator Vermont National Telephone Company ("Relator"), by counsel and pursuant to Federal Rules of Civil Procedure 26 and 34, serves the following Second Set of Requests for Production of Documents to Defendants DISH Network Corporation; DISH Wireless Holding L.L.C.; American AWS-3 Wireless I L.L.C.; American AWS-3 Wireless II L.L.C.; American AWS-3 Wireless III L.L.C.; Charles W. Ergen; and Cantey M. Ergen for response within 30 days. These Requests shall be deemed to be continuing to the fullest extent permitted by the Rules and shall be supplemented consistent with Federal Rule of Civil Procedure 26(e).

**DEFINITIONS AND INSTRUCTIONS**

The following Requests are subject to the definitions and instructions set forth below:

1.　　"Relator" or "Vermont National" shall mean, unless otherwise expressly indicated by the particular context, the named plaintiff-relator, Vermont National Telephone Company, and shall include all of Vermont National's officers, directors, employees, agents, independent contractors, attorneys, and representatives.

2. "You" and "Your" mean, unless otherwise expressly indicated by the particular context, DISH Network Corporation; DISH Wireless Holding L.L.C.; American AWS-3 Wireless I L.L.C.; American AWS-3 Wireless II L.L.C.; American AWS-3 Wireless III L.L.C.; Charles W. Ergen; and/or Cantey M. Ergen and their agents, attorneys, representatives, and all persons acting or purporting to act on their behalf.  For those entities that are organizations, "you" and "your" additionally includes each of their officers, directors, employees, independent contractors, and members.

3. "Auction 66" means the auction of Advanced Wireless Services licenses in the 1710-1755 and 2110-2155 MHz bands that was announced by the Federal Communications Commission on or about January 31, 2006, and was held from on or about August 9, 2006 to on or about September 18, 2006.

4. "Auction 96" means the auction of H Block licenses in the 1915-1920 MHz and 1995-2000 MHz bands that was announced by the Federal Communications Commission on or about July 15, 2013, and was held from on or about January 22, 2014 to on or about February 27, 2014.

5. "Communication" means information (in the form of facts, ideas, or otherwise) transmitted between persons, including, without limitation, meetings, discussions, conversations, recordings, telephone calls, memoranda, letters, telecopies, telexes, conferences, e-mails, text messages, WhatsApp messages, notes, facsimiles, social media postings, correspondence, or seminars.

6. "Date" means the exact day, month, and year, if ascertainable, or if not, the best approximation, including the relationship to other events.

7. "DISH" shall mean DISH Network Corporation, DISH Wireless Holding L.L.C.,

American AWS-3 Wireless I L.L.C., American AWS-3 Wireless II L.L.C., and American AWS-3 Wireless III L.L.C., Charles W. Ergen, and/or Cantey M. Ergen, and each of their officers, directors, employees, members, representatives, agents, attorneys, and all persons acting or purporting to act on their behalf.

8. "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term and the term "tangible thing" in the Federal Rules of Civil Procedure and Local Civil Rules. Each comment, or addition to, or deletion from, a document shall constitute a separate document within the meaning of this term.

9. "Electronically stored information" means all documents that are stored in any electronic medium from which information can be obtained.

10. "Including" means including but not limited to.

11. "Investors" means ADK Spectrum LP; ADK Spectrum GP LLC; ADK Spectrum II GP LLC; ADK Spectrum II LP; ADK Spectrum II Holdings LLC; BlackRock, Inc.; BlackRock Holdco 2, Inc.; BlackRock Financial Management, Inc.; ASG Airwaves Holdings, LLC; ASG Airwaves Holdings, Inc.; ASG Airwaves Holdings, L.P.; Caribou Creek Partners, LLC; Catalyst Investors QP III LP; Catalyst Investors III LP; Catalyst Investment Partnership III LP; Catalyst Investors Partners III LLC; Catalyst Investors Partners III LP; Caribou Creek Partners, LLC; Chugach Alaska Corporation; The Chugach Alaska Corporation Shareholder Trust; Dahtsaa, LLC; Doyon Foundation; TFNP Partners (Spectrum), LLC; or any other entity that holds or held a minority interest in SNR or Northstar; and each of their officers, directors, employees, members, representatives, agents, attorneys, and all persons acting or purporting to act on their behalf.

12. "Northstar" means Northstar Wireless, L.L.C.; Northstar Spectrum, L.L.C.; and/or Northstar Manager, L.L.C.; and each of their officers, directors, employees, members,

3

representatives, agents, attorneys, and all persons acting or purporting to act on their behalf, including Doyon, Limited, Miranda Wright, and Allen M. Todd.

13. "Person" means any natural person or any business, legal, or governmental entity or association.

14. "Regarding," "relating to," "in connection with," "concerning," or any similar terms mean referring to, incorporating, comprising, touching upon, indicating, evidencing, concerning, affirming, denying, concerned with, relevant to, or likely to lead to admissible evidence.

15. "SNR" means SNR Wireless LicenseCo, L.L.C.; SNR Wireless HoldCo, L.L.C.; and/or SNR Wireless Management, L.L.C.; and each of their officers, directors, employees, members, representatives, agents, attorneys, and all persons acting or purporting to act on their behalf, including Atelum L.L.C. and John Muleta.

16. "Defendants" means Northstar Wireless, L.L.C.; Northstar Spectrum, L.L.C.; Northstar Manager, L.L.C.; Doyon, Limited; Miranda Wright; Allen M. Todd; SNR Wireless LicenseCo, L.L.C.; SNR Wireless HoldCo, L.L.C.; SNR Wireless Management, L.L.C.; Atelum L.L.C.; John Muleta; American AWS-3 Wireless I L.L.C.; American AWS-3 Wireless II L.L.C.; American AWS-3 Wireless III L.L.C.; DISH Wireless Holding L.L.C.; DISH Network Corporation; Charles W. Ergen; and Cantey M. Ergen.

17. "Non-DISH Defendants" means Northstar Wireless, L.L.C.; Northstar Spectrum, L.L.C.; Northstar Manager, L.L.C.; Doyon, Limited; Miranda Wright; Allen M. Todd; SNR Wireless LicenseCo, L.L.C.; SNR Wireless HoldCo, L.L.C.; SNR Wireless Management, L.L.C.; Atelum L.L.C.; and John Muleta.

18. The connectives "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Request any information and documents which might otherwise be outside its scope.

19. The term "any" shall be understood in either its most or least inclusive sense as necessary to bring within the scope of the Request any information and documents which might otherwise be outside its scope.

20. Wherever appropriate, the singular form of a word shall be interpreted in the plural and the plural shall be interpreted in the singular as necessary to bring within the scope of a Request any information and documents which might otherwise be outside its scope.

21. All words not otherwise defined above shall be interpreted in accordance with their definition in any relevant documents signed by the parties, their ordinary dictionary definition, and the meaning given to them by cases interpreting the relevant law.

22. These requests cover all documents, including electronically stored information, in, or subject to, Your possession, custody, or control including all documents or electronically stored information that You have the ability to obtain that are responsive, in whole or in part, to these requests. All documents, including electronically stored information, should be produced in the manner in which they are kept in the usual course of business or organized and labeled to correspond to the categories specified herein to which they are responsive.

23. All documents shall be produced in a format consistent with the instructions stated in Appendix A and/or as agreed to by the parties.

24. In responding to these discovery requests:
   a. If a document was, but no longer is, in Your possession, custody, or control, state:
      i. how the document was disposed of;

      ii. the name, current address, telephone number, and electronic mail address of the person who currently has possession, custody, or control of the document;

      iii. the date of disposition; and

      iv. the name, current address, telephone number and electronic mail address of each person who authorized said disposition or who had knowledge of said disposition.

    b. If documents cannot be located, describe with particularity the efforts made to locate the documents and the specific reason for their disappearance or unavailability.

25. If any portion of a document is responsive to a document request, the entire document shall be produced.

26. If You assert that any portion of a request is objectionable, identify what You are withholding on the basis of Your objection and produce documents responsive to those remaining parts of the request to which You do not object.

27. If You withhold any documents on grounds of a claim of attorney-client privilege, work-product doctrine, or other protection or immunity, identify each such document and, with respect to each such document, state the specific basis for the claim of privilege or protection in the manner required by federal law, the Federal Rules of Civil Procedure, and the Local Rules of the Court.

28. Unless otherwise indicated, these Requests are limited to the time period from January 1, 2006 to the present.

**DOCUMENT REQUESTS**

1. All communications with Council Tree Investors or Stephen Hillard related to Auction 66.

2. All documents related to any agreements, arrangements, or understandings with Council Tree Investors, Stephen Hillard, Northstar Spectrum Manager, any of the Non-DISH Defendants, or any of the Investors in connection with Auction 66.

3. All documents relating to DISH's potential or actual use or funding of small businesses, very small businesses, or other designated entities to acquire wireless spectrum in Auction 66.

4. All communications with Council Tree Investors or Stephen Hillard related to Auction 96.

5. All documents related to any agreements, arrangements, or understandings with Council Tree Investors, Stephen Hillard, Northstar Spectrum Manager, any of the Non-DISH Defendants, or any of the Investors in connection with Auction 96.

6. All documents relating to DISH's potential or actual use or funding of small businesses, very small businesses, or other designated entities to acquire wireless spectrum in Auction 96.

Dated: January 23, 2023　　　　　　　　　　By counsel,

　　　　　　　　　　　　　　　　　　　　　*/s/ Mark B. Sweet*
　　　　　　　　　　　　　　　　　　　　　Stephen J. Obermeier (D.C. Bar No. 979667)
　　　　　　　　　　　　　　　　　　　　　Bennett L. Ross (D.C. Bar No. 978122)
　　　　　　　　　　　　　　　　　　　　　Bert W. Rein (D.C. Bar No. 067215)
　　　　　　　　　　　　　　　　　　　　　Mark B. Sweet (D.C. Bar. No. 490987)
　　　　　　　　　　　　　　　　　　　　　WILEY REIN LLP
　　　　　　　　　　　　　　　　　　　　　2050 M Street NW
　　　　　　　　　　　　　　　　　　　　　Washington, DC 20036
　　　　　　　　　　　　　　　　　　　　　(202) 719-7000

        sobermeier@wiley.law
        bross@wiley.law
        brein@wiley.law
        msweet@wiley.law

*Counsel for Relator*
*Vermont National Telephone Company*

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 23rd day of January 2023, I have caused a true and correct copy of the foregoing document to be served by email on the following counsel of record:

Jonathan E. Paikin (#466445)
Daniel S. Volchok (#497341)
WILMER CUTLER PICKERING
HALE AND DORR LLP
1875 Pennsylvania Avenue N.W.
Washington, D.C. 20006
202-663-6000
jonathan.paikin@wilmerhale.com
daniel.volchok@wilmerhale.com

*Counsel for defendants American AWS-3 Wireless I LLC; American AWS-3 Wireless II LLC; American AWS-3 Wireless III LLC; DISH Wireless Holding LLC; DISH Network Corporation; Charles W. Ergen; and Cantey M. Ergen*

Gejaa T. Gobena (#463833)
Jonathan Diesenhaus (#423753)
HOGAN LOVELS U.S., LLP
555 Thirteenth Street N.W.
Washington, D.C. 20004-1190
202-637-5600
gejaa.gobena@hoganlovells.com
jonathan.diesenhaus@hoganlovells.com

*Counsel for defendants SNR Wireless Licenseco, LLC; SNR Wireless Holdco, LLC; SNR Wireless Management, LLC; Atelum LLC; and John Muleta*

Peter B. Hutt II (#427331)
Benjamin C. Block (#479705)
Dennis B. Auerbach (#418982)
Amee M. Frodle (#1602371)
COVINGTON & BURLING LLP
850 Tenth Street N.W.
Washington, D.C. 20001-4956
202-662-6000
phuttjr@cov.com
bblock@cov.com
dauerbach@cov.com
afrodle@cov.com

*Counsel for defendants Northstar Wireless, LLC; Northstar Spectrum, LLC; Northstar Manager, LLC; Doyon, Limited; Miranda Wright; and Allen M. Todd*

/s/ Mark B. Sweet
Mark B. Sweet

*Counsel for Relator Vermont National Telephone Company*