```
                     UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF COLUMBIA


    * * * * * * * * * * * * * * *    )
    VERMONT NATIONAL TELEPHONE       )    Civil Action
    COMPANY,                         )    No. 15-00728
                                     )
                 Plaintiff,          )
                                     )
      vs.                            )
                                     )
    NORTHSTAR WIRELESS, LLC, et al., )    Washington, D.C.
                                     )    March 7, 2023
                 Defendants.         )    1:06 p.m.
                                     )
    * * * * * * * * * * * * * * *    )




                  TRANSCRIPT OF DISCOVERY HEARING
                        CONDUCTED VIA ZOOM
         BEFORE THE HONORABLE COLLEEN KOLLAR-KOTELLY,
                   UNITED STATES DISTRICT JUDGE



    APPEARANCES:

    FOR THE PLAINTIFF:      BENNETT ROSS, ESQ.
                            STEPHEN J. OBERMEIER, ESQ.
                            MARK B. SWEET, ESQ.
                            BERT W. REIN, ESQ.
                            WILEY REIN, LLP
                            2050 M Street, Northwest
                            Washington, D.C. 20036


    FOR SNR DEFENDANTS:     GEJAA T. GOBENA, ESQ.
                            JONATHAN L. DIESENHAUS, ESQ.
                            HOGAN LOVELLS US, LLP
                            555 Thirteenth Street, Northwest
                            Washington, D.C. 20004

                            MICHAEL C. THEIS, ESQ.
                            HOGAN LOVELLS US, LLP
                            1601 Wewatta Street
                            Suite 900
                            Denver, Colorado 80202
```

```
 1      APPEARANCES, CONT'D:

 2      FOR ADK:                  WHITNEY L. TOLAR, ESQ.
                                  THOMAS E. WALLERSTEIN, ESQ.
 3                                VENABLE, LLP
                                  101 California Street
 4                                Suite 3800
                                  San Francisco, California 94111
 5

 6      REPORTED BY:              LISA EDWARDS, RDR, CRR
                                  Official Court Reporter
 7                                United States District Court for the
                                    District of Columbia
 8                                333 Constitution Avenue, Northwest
                                  Room 6706
 9                                Washington, D.C. 20001
                                  (202) 354-3269
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1                THE COURTROOM DEPUTY:  Civil Case 15-728, Vermont
2    National Telephone Company versus Northstar Wireless, LLC,
3    et al.
4                Counsel, would you please identify yourself for
5    the record, starting with the Plaintiff.
6                THE COURT:  If the Plaintiffs could do it slowly
7    so I can find you on this screen.
8                MR. OBERMEIER:  Good afternoon, your Honor.  Steve
9    Obermeier on behalf of Relator.  With me today are Mark
10   Sweet, Bennett Ross and Bert Rein.  And Mr. Ross will be
11   taking the lead today.
12               THE COURT:  Okay.  And for SNR?
13               MR. GOBENA:  Good afternoon, your Honor.  This is
14   Gajaa Gobena.  I'm joined by my colleagues Jonathan
15   Diesenhaus and Mike Theis on behalf of SNR Defendants.
16               THE COURT:  Did I miss you?  Where are you?
17               MR. GOBENA:  I'm right here.
18               THE COURT:  It shows a different thing.
19               MR. GOBENA:  I'm sorry.
20               THE COURT:  Could you give your name again, sir?
21   I missed that.  It's not on my list.
22               MR. GOBENA:  Sure.  Gajaa Gobena from Hogan
23   Lovells on behalf of the SNR Defendants.
24               THE COURT:  You'll be the speaker?
25               MR. GOBENA:  Yes, your Honor.

1            THE COURT:  I do know we have someone on from ADK,
2    although they're not members of the Court, but I did ask
3    them to be on so at least they could hear what was going on.
4            MS. TOLAR:  Hi.  Yes, your Honor.  This is Whitney
5    Tolar.  I'm here for ADK -- on behalf of ADK, your Honor.
6    And with me today is my colleague, Tom Wallerstein, who will
7    just be listening in.
8            THE COURT:  This is a discovery dispute, and
9    there's just a couple of questions that I have.  So I'm
10   going to keep it short.
11           As I understand it, it's documents related to --
12   that Relator has requested from the third party, which is
13   ADK, and it appears that the documents are communications
14   relating to ADK and SNR.  And so my first question to the
15   Relator is:  Why can't you get these documents from SNR as
16   opposed to the third party?
17           MR. ROSS:  Your Honor, Ben Ross on behalf of the
18   Relator.
19           To be clear, the documents that we requested from
20   ADK are actually internal documents related to its
21   investment in SNR.  So we are not seeking -- we've been very
22   clear with ADK that we are not looking for communications
23   between ADK and SNR.  The Relator, who is very cognizant of
24   its obligations under Rule 45, has tried to be very
25   cooperative in working with ADK to limit the disclosures at

1    this point in time to simply internal documents that SNR by
2    definition does not have.
3             THE COURT:  So is that correct, SNR?  You would
4    not have these documents?
5             MR. GOBENA:  We would have documents that reflect
6    communications between SNR and ADK, which we've produced a
7    significant number of those thus far in discovery.  The
8    internal -- any internal ADK documents we would not have.
9             However, we're not sure how it bears upon the
10   case, given that it's a matter about whether or not SNR has
11   some sort of arrangement with Dish.  Any kind of discussions
12   about --
13            THE COURT:  At this point, we're getting into ADK
14   claiming that the documents should be sought from SNR.  And
15   so my first question was whether these documents were
16   something that SNR would have.  If they're internal
17   documents to ADK, then it's your position, Mr. Ross, that
18   SNR would not have them?
19            MR. ROSS:  Yes, your Honor.  I personally have
20   reviewed every document produced by SNR to date.  The
21   documents that we've asked ADK to produce, namely its
22   internal communications regarding its investment in SNR,
23   have not been produced by SNR, nor would they expect them to
24   be produced.
25            THE COURT:  Let me just ask, from your

1    perspective, even though you're not a member of the Court,
2    in terms of ADK, does that sound right?
3              MS. TOLAR:  Thank you, your Honor.
4              I -- first, to Mr. Ross's point about Relator
5    limiting the documents that they're seeking to internal
6    documents of ADK, that was not my understanding of what came
7    out of our meet-and-confer efforts.  The last offer to limit
8    the subpoena to ADK's internal documents that Relator
9    provided seemed to be a phased sort of offer of us -- of ADK
10   producing documents wherein we would first collect and
11   produce documents that were internal to ADK and then they
12   would assess the need for other documents that they had not
13   had in SNR Defendants' production.
14             However, if there is a limitation now that
15   Mr. Ross has personally reviewed every document that SNR
16   produced and that further limits the subpoena, we're open to
17   hearing about that.
18             I would just note, however, that the way that the
19   requests in the subpoena are drafted are already facially
20   overbroad in that they --
21             THE COURT:  We'll get to that in a minute.  My
22   only question -- so it sounds like at least in terms of the
23   issue of whether they should be getting them from SNR, that
24   at least on the record I have at this point it sounds as if
25   based on Mr. Ross's description that it would be limited to

1     internal documents.
2             I think you should have further discussions and
3     just make sure if that's the case, then ADK should be
4     producing them at least in terms of the subpoena.  It's not
5     something that should be going to SNR, but it should be
6     something that ADK -- if you don't think that they're
7     documents that are internal, then I think you need to have
8     some further discussions.  And we can talk about it.
9             Let me move to -- if you're going to get the
10    documents from ADK, then Questions 1 and 5, "any and all,"
11    that's always overbroad.  You need to make it narrower.
12    That's too broad.
13            Also, the other question is that if ADK has to
14    comply with the subpoena, which at least it sounds like on
15    this record you may need to, instead of saying it's all
16    privileged, you need to provide a privilege log.  I mean,
17    nobody's going to be able to figure out if these are
18    privileged unless you do a privilege log.
19            Is there any reason not to?
20            MS. TOLAR:  No, your Honor.  We can do that.
21            THE COURT:  Does that resolve everything?  It
22    seems to me it does.
23            It looks like you get them from ADK as long as
24    they're internal documents.  If they don't view them that
25    way, you can get back to me.  And "any and all" is way too

1    broad.  You need to make that a much -- a more focused
2    request.  And they need to produce a privilege log.
3           MR. ROSS:  Your Honor, the only question I have
4    is -- and this is the issue that we've had with ADK
5    regarding limiting the initial production to just internal
6    documents, which we're prepared to do.  But then ADK has
7    insisted that that's it.
8           THE COURT:  Well, I'm not going to get into that.
9    My issue that you called about related to getting internal
10   documents.  Once you get the internal documents, then -- and
11   you have the documents from SNR, you get the internal
12   documents, and then see what else you need.
13          MR. ROSS:  Okay.  That's fine.  I didn't want
14   to --
15          THE COURT:  I don't see moving to the next stage
16   until you've actually gotten the documents and you look at
17   them and see if you need anything else.
18          MR. ROSS:  That's fair.  Thank you, your Honor.
19          THE COURT:  I think that's it, at least from the
20   limited amount you've provided me.  If they're limited to
21   internal documents, you should set up a time to get those
22   documents provided according to the subpoena.  And you need
23   to do a privilege log.
24          Please do a full one so we don't go back and forth
25   about it, having enough details so we can figure it out.

```
 1                MS. TOLAR:  Okay.  Understood, your Honor.
 2                THE COURT:  If there's nothing else, at least
 3   based on what you've called about, I'll excuse everybody.
 4                MR. ROSS:  Thank you, your Honor.
 5                THE COURT:  The parties are excused.
 6                I'll do a short, very short minute entry that says
 7   all of this.
 8                MR. ROSS:  Thank you for your time.
 9                THE COURT:  Take care.  The parties are excused.
10   Be well.
11                (Proceedings concluded.)
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

**CERTIFICATE**

        I, LISA EDWARDS, RDR, CRR, do hereby certify that the foregoing constitutes a true and accurate transcript of my stenographic notes, and is a full, true, and complete transcript of the proceedings produced to the best of my ability.

        Dated this 13th day of March, 2023.

/s/ Lisa Edwards, RDR, CRR
Official Court Reporter
United States District Court for the
  District of Columbia
333 Constitution Avenue, Northwest
Washington, D.C. 20001
(202) 354-3269