UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* VERMONT NATIONAL TELEPHONE COMPANY,<br><br>       Plaintiff,<br><br>  v.<br><br>NORTHSTAR WIRELESS, LLC, *et al.*,<br><br>       Defendants. | No. 15-cv-728-CKK-MAU |

## ORDER

Upon consideration of the May 18, 2023, joint letter brief submitted by Plaintiff Vermont National Telephone Company ("Relator") and the DISH Defendants[1] (together, the "Parties") and the arguments the Parties made on the record during the June 21, 2023, hearing in this matter, and for good cause shown, it is hereby **ORDERED**:

  1.  With respect to Relator's Requests for Production ("RFPs") Nos. 45–47, which concern DISH Defendants' treatment of SNR Wireless LicenceCo, LLC ("SNR") and Northstar Wireless, LLC ("Northstar") for tax and financial reporting purposes, DISH Defendants shall produce responsive documents for the time period from February 1, 2014, to June 30, 2015, subject to the following parameters:

    (a)  DISH Defendants shall provide Relator with the names of the employee or employees at the company with primary responsibility for the company's accounting and tax treatment of SNR and Northstar during the February 1,

---

[1]  "DISH Defendants" refers to Defendants American AWS-3 Wireless I LLC, American AWS-3 Wireless II LLC, American AWS-3 Wireless III LLC, DISH Wireless Holding LLC, Dish Network Corp., Charles W. Ergen, and Cantey M. Ergen.

        2014, to June 30, 2015, time period.  The DISH Defendants will search the files of the Chief Financial Officer and one employee from the names provided for documents potentially responsive to RFP Nos. 45–47.  The Parties shall confer regarding the potential addition of a third custodian, who shall be added to the list of custodians whose files shall be searched if the DISH Defendants and Relator both agree it is appropriate to do so.  In no event shall the DISH Defendants be required to search more than three custodians in connection with these particular requests;

    (b)    The Parties shall confer and agree to reasonable search terms to be applied to identify documents related to DISH's analysis of whether it was the primary beneficiary of Northstar or SNR for financial reporting purposes; DISH's analysis of whether it held financial control of Northstar or SNR for financial reporting purposes; and DISH's analysis of whether to include Northstar or SNR in DISH's consolidated financial statements (including treatment of Northstar and SNR as variable interest entities); as well as DISH's communications with outside auditors about these topics.

    2.    With respect to Relator's RFP Nos. 26 and 27, which concern DISH Defendants' assessment of SNR's and/or Northstar's qualifications or eligibility for bidding credits as a "very small business" under rules of the Federal Communications Commission ("FCC"), the DISH Defendants and Relator shall exchange the search terms they each used to identify potentially responsive materials.  In the event Relator believes the search terms utilized by the DISH Defendants were not sufficient to identify documents responsive to RFP Nos. 26 and 27, the Parties shall meet and confer in person to discuss whether additional search terms should be applied by

DISH Defendants to ensure that a reasonable search for materials potentially responsive to RFP Nos. 26 and 27 have been or will be produced or logged as privileged. Relator has agreed to withdraw RFP No. 25, and thus no response to this request is required from DISH Defendants.

3. With respect to the custodians to be searched by DISH Defendants, the Court overrules DISH's proportionality objection with respect to Rob Dravenstott. Regarding DISH Defendants' burden objection due to Mr. Dravenstott's departure from the company and the migration of his emails to an archived server, by June 30, 2023, DISH Defendants shall:

    (a) Identify the two primary subordinates of Mr. Dravenstott who were involved in developing software bidding tools that DISH Defendants employed in Auction 97 and developing simulations of the bidding and outcomes in the auction; and

    (b) Provide Relator with a detailed estimate of the cost and time required to retrieve Mr. Dravenstott's documents from the archived server.

The Parties shall then meet and confer in person no later than July 14, 2023, about whether DISH Defendants should include Mr. Dravenstott or his two primary subordinates as custodians whose files should be searched for documents responsive to Relator's RFPs, including whether the costs should be borne by the DISH Defendants or Relator.

4. With respect to materials post-dating October 25, 2015, DISH Defendants shall be required to search for and produce communications and documents responsive to Relator's RFPs within the following categories:

    (a) DISH Defendants shall produce communications and documents from October 26, 2015, to June 30, 2018, reflecting (i) DISH Defendants' business strategy or plans for using any spectrum that SNR or Northstar obtained in Auction 97; (ii) the use or non-use of SNR's or Northstar's spectrum; (iii) DISH

        Defendants' financial projections regarding its use of any spectrum that SNR or Northstar obtained in Auction 97; and (iv) the buildout of or commercial use by DISH Defendants of SNR's or Northstar's spectrum;

(b)     DISH Defendants shall produce all documents from June 1, 2021, to October 22, 2022, referring or relating to SNR's or Northstar's exercise of their put rights;

(c)     DISH Defendants shall produce communications from January 1, 2018, to June 30, 2018, in connection with the cure process that relate to (i) renegotiation of SNR's and Northstar's put rights; or (ii) SNR's or Northstar's qualifications or eligibility for a bidding credit as a "very small business" under FCC rules (excluding draft or final agreements exchanged by the parties during the cure process); and

(d)     DISH Defendants shall produce documents from January 1, 2018, to June 30, 2018, referring or relating to any analyses of or opinions about DISH Defendants' accounting and tax treatment of SNR and Northstar generally or the spectrum they obtained in Auction 97 specifically in light of the Defendants' agreements that were renegotiated as part of the cure process.

For purpose of the searches described in items 4(a) and 4(c), DISH Defendants shall search the following custodians: Charles Ergen, Tom Cullen, Mariam Sorond, Jason Kiser, Jeff Blum, Alison Minea, and Ted Henderson. For purpose of the search described in item 4(b), DISH Defendants shall provide Relator with the names of the senior managers with knowledge of and involvement in SNR's and Northstar's exercise of their put rights, after which the Parties will agree on no more than two custodians whose files DISH Defendants will search for potentially responsive

documents.  For purpose of the search described in item 4(d), DISH Defendants shall use the same approach to which the Parties agree in connection with Item 1(a) above.  DISH Defendants shall provide a privilege log of any responsive post-October 2015 documents they withhold under a claim of privilege.  The Parties shall meet and confer in person regarding the means to be used to minimize the burden of reviewing post-October 25, 2015, documents for privilege.

5. With respect to Relator's Interrogatory No. 10, which concerns the identification of communications between DISH Defendants and the SNR and/or Northstar Investors regarding Auction 97 or AWS-3 Spectrum, DISH Defendants shall provide a supplemental response to this Interrogatory providing the requested information, with the exception that they need not identify communications that involve the exchange of draft agreements between Defendants or their counsel on which SNR Investors and/or Northstar Investors may have been copied.

**SO ORDERED.**

Dated:  July 6, 2023

Moxila A. Upadhyaya
U.S. Magistrate Judge