**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. VERMONT NATIONAL TELEPHONE CO.,<br><br>Plaintiff,<br><br>v.<br><br>NORTHSTAR WIRELESS, LLC, et al.<br><br>Defendants. | Civil Action No. 1:15-cv-00728-CKK |

**DEFENDANTS' MOTION FOR LEAVE TO RE-FILE**
**MOTION FOR PARTIAL SUMMARY JUDGMENT ON ACTUAL DAMAGES**

Defendants respectfully seek leave to re-file their motion for partial summary judgment on the issue of actual damages. *See* Dkt. 157. On August 25, 2023, the Federal Communications Commission—the supposed victim in this False Claims Act case—provided a declaration (Ex. A) establishing not only that there are no disputed material facts on the question of actual damages, but also that there simply are no actual damages. Addressing the question of actual damages now, before millions of dollars more are spent on discovery, makes good sense. As relator's own counsel observed: "Defendants presumably will move for partial summary judgment on this issue *before* the parties spend the time and expense of taking dozens of depositions." 9/15/2023 Wiley Letter to Defendants (emphasis added).

The Court denied defendants' motion for partial summary judgment without prejudice on September 26, stating that, "per the Court's [March 20, 2023] Amended Scheduling and Procedures Order," the Court would not consider any such motion "until after the parties' post-discovery status conference, currently scheduled for March 11, 2024." As shown by relator's letter, none of the parties previously understood the Court's scheduling order to preclude the

filing of the partial-summary-judgment motion; had defendants had that understanding, they would have sought leave before filing.

Defendants also seek leave to file because circumstances have changed. Specifically, since defendants originally filed their motion, the Court has granted the parties' request to extend the discovery schedule—a request driven in no small part by the United States' need for more time to fulfill its discovery obligations (and more clarity regarding relator's legal theory, *see* Dkt. 157-9). Under the revised schedule, the deadline for discovery has moved from March 6 to June 6, 2024, and the post-discovery status conference has moved from March 11 to June 11, 2024. Dkt. 160 at 5.

In light of the extended discovery schedule, defendants submit that leave to re-file their motion for partial summary judgment should be granted. At the time that the partial-summary-judgment motion was filed originally, the scheduling order anticipated only a short amount of time remaining for discovery, and thus early consideration of the damages question appeared to provide limited efficiencies. But now there are approximately eight months of discovery remaining, during which relator seeks to impose enormous costs on defendants, third parties, and the United States, via expansive discovery that relator justifies on the ground that this case could result in "billions of dollars" in actual damages. *See* Dkt. 144 (March 10, 2023 Hearing Tr.) 34:16; *see also* Dkt. 108 at 2 (announcing the need for more than 35 depositions because this case involves "at least $3.3 billion" in actual damages). Relator seeks this expansive discovery even though (or perhaps because) it has yet to identify with specificity *any* agreement between DISH and either Northstar or SNR that was not encompassed in the agreements disclosed to the FCC as required by Auction 97 rules. And as defendants' motion for partial summary judgment demonstrates, the FCC's August 25, 2023 declaration (Ex. A) forecloses *any* award of actual

damages.  Resolving this issue promptly would enable the parties to avoid the cost and other burdens of expert discovery concerning relator's theory (debunked by the declaration) that the FCC suffered "billions" in damages.  Prompt resolution would also relatedly clarify whether relator's proportionality rationale justifies the expansive discovery that it continues to seek.

Relator opposes this motion, for which a proposed order is submitted herewith.

October 24, 2023

Gejaa T. Gobena (#463833)
Jonathan L. Diesenhaus (#423753)
HOGAN LOVELLS US LLP
555 Thirteenth Street N.W.
Washington, D.C. 20004
202-637-5600
gejaa.gobena@hoganlovells.com
jonathan.diesenhaus@hoganlovells.com

*Counsel for SNR Wireless LicenseCo, LLC,
SNR Wireless Holdco, LLC, SNR Wireless
Management, LLC, Atelum LLC, and John
Muleta*

Respectfully submitted,

*/s/ Daniel S. Volchok*

Howard M. Shapiro (#454274)
Jonathan E. Paikin (#466445)
Daniel S. Volchok (#466889)
WILMER CUTLER PICKERING
HALE AND DORR LLP
2100 Pennsylvania Avenue N.W.
Washington, D.C. 20037
202-663-6000
howard.shapiro@wilmerhale.com
jonathan.paikin@wilmerhale.com
daniel.volchok@wilmerhale.com

*Counsel for American AWS-3 Wireless I LLC,
American AWS-3 Wireless II LLC, American
AWS-3 Wireless III LLC, DISH Wireless
Holding LLC, DISH Network Corporation,
Charles W. Ergen, and Cantey M. Ergen*

Peter B. Hutt II (#427331)
Benjamin C. Block (#479705)
Dennis B. Auerbach (#418982)
Amee M. Frodle (#1602371)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street N.W.
Washington, D.C. 20001
202-662-6000
phuttjr@cov.com
bblock@cov.com
dauerbach@cov.com
afrodle@cov.com

*Counsel for Northstar Wireless, LLC,
Northstar Spectrum, LLC, Northstar
Manager, LLC, Doyon, Limited, Miranda
Wright, and Allen M. Todd*