# Exhibit B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* VERMONT NATIONAL TELEPHONE COMPANY,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>NORTHSTAR WIRELESS, LLC, *et al.*,<br><br><br>　　　　　　　　　Defendants. | Civil Action No. 15-00728 (CKK) |

**NOTICE OF 30(b)(6) DEPOSITION**

PLEASE TAKE NOTICE that pursuant to Rules 26 and 30(b)(6) of the Federal Rules of Civil Procedure, Defendants American AWS-3 Wireless I LLC, American AWS-3 Wireless II LLC, American AWS-3 Wireless III LLC, DISH Wireless Holding LLC, DISH Network Corporation, Charles W. Ergen, and Cantey M. Ergen (collectively "DISH" or the "DISH Defendants"); SNR Wireless LicenseCo, LLC, SNR Wireless HoldCo, LLC, SNR Wireless Management, LLC, Atelum LLC, and John Muleta (collectively "SNR" or the "SNR Defendants"); Northstar Wireless, LLC, Northstar Spectrum, LLC, Northstar Manager, LLC, Doyon, Limited, Miranda Wright, and Allen M. Todd (collectively "Northstar" or "the Northstar Defendants") by their counsel, will take the deposition of a designee of relator Vermont National Telephone Company ("VTel"), at a time and location as may be agreed upon by counsel.

The deposition will take place before a court reporter or other person authorized by law to administer oaths under the Federal Rules of Civil Procedure. The oral examination will be recorded by stenographic means and may be audiotaped, videotaped, or transcribed using real

time interactive transcription and will continue until completed. The deposition will comply with the deposition protocol to which the parties previously agreed.

## EXHIBIT A

Pursuant to Federal Rule of Civil Procedure 30(b)(6), Defendants provide that the subject matters of the deposition will include the following topics. Each topic is to be construed independently, and no topic shall limit the scope of any other topic. Moreover, discovery is ongoing, and Defendants reserve the right to add additional subject matter areas for examination.

## DEFINITIONS

Except as specifically defined below, the following terms shall be construed and defined in accordance with the Federal Rules of Civil Procedure, wherever applicable. Any terms not defined shall be given their ordinary meaning.

1. "Auction 97" refers to the auction the FCC held for 1,614 licenses in the 169-1710 MHz, 1755-1780 MHz, and 2155-2180 MHz Advanced Wireless Service bands, which began on November 13, 2014, and ended on January 29, 2015.

2. "Communication" includes, without limitation, any transmission or exchange of information (in the form of facts, ideas, inquiries, or otherwise), regardless of form (e.g., email, letter, notes, telephone conversation).

3. "Complaint" refers to the first amended complaint filed by VTel in this litigation.

4. "Concerning," "constituting," "reflecting," or "relating to" are synonymous and mean referring to, describing, evidencing, discussing, mentioning, identifying, dealing with, explaining, consisting of, or being in any other way connected with or involved in the matters set forth in whole or in part directly or indirectly.

5. "Document" is defined to be synonymous in meaning and equal scope to the term "document" as used under Federal Rule of Civil Procedure 34(a), including electronic or computerized data compilations, electronic chats, texts, app-based records, email communications, other electronically stored information from personal computers, voice recordings, handwritten notes, and hard copy documents.

6. "FCC" refers to the United States Federal Communications Commission and, where applicable, its employees, agents, and representatives.

7. The term "Bidder" refers to any entity included on the FCC's list of "Qualified bidders" dated October 30, 2014. *See* 29 FCC Rcd. 13465 (17), http://www.fcc.gov/document/auction-97-aws-3-qualified-bidders. It includes but is not limited to AT&T, T-Mobile and Verizon.

8. The term "any" shall be construed to include the word "all" and vice versa.

9. The terms "and" and "or" shall be construed either disjunctively or conjunctively, as necessary, to bring within the scope of these requests all responses that might otherwise be construed to be outside their scope.

10. The terms "include" or "including" shall each be interpreted in every instance as being illustrative of the information requested; shall be read as meaning "including but not limited to"; and shall not be interpreted to exclude any information otherwise within the scope of the requests.

11. "VTel" refers to Vermont Telephone Company, Inc. and all its subsidiaries and affiliates, including any agents or representatives or anyone acting on its behalf or at its direction.

12. "You" or "Your" refers to VTel, as defined above, or to any of its members.

13. Each term defined in the foregoing paragraphs encompasses both the capitalized and non-capitalized versions of that term.

14. The use of the singular form of any word includes the plural and vice versa.

## DEPOSITION TOPICS

1. The factual basis supporting VTel's allegation that Defendants had an undisclosed arrangement, agreement, or understanding that Northstar Wireless and SNR Wireless would serve as vehicles to acquire discounted spectrum for DISH.

2. The factual basis supporting VTel's allegation that Defendants had an undisclosed arrangement, agreement, or understanding that DISH would dictate the parties' bidding strategy in Auction 97 and select the AWS-3 licenses on which Northstar Wireless and SNR Wireless would bid and the amounts of their bids.

3. The factual basis supporting VTel's allegation that Defendants had an undisclosed arrangement, agreement, or understanding that Northstar Wireless and SNR Wireless would transfer spectrum acquired in Auction 97 to DISH after five years when the FCC's unjust enrichment period had lapsed.

4. The factual basis supporting VTel's allegation that Defendants had an undisclosed arrangement, agreement, or understanding that DISH would own SNR Wireless' and Northstar Wireless' AWS-3 spectrum for accounting and financial reporting purposes, and that such ownership allowed DISH to take advantage of financial benefits.

5. The factual basis supporting VTel's allegation that Defendants had an undisclosed arrangement, agreement, or understanding that SNR Wireless and Northstar Wireless would not use the AWS-3 spectrum they won in Auction 97 to provide wireless services.

6. The factual basis supporting VTel's allegation that DISH, SNR, and/or SNR's investors had an undisclosed arrangement, agreement, or understanding that minority investors in

4

SNR Wireless could transfer their interests despite contrary language in the parties' disclosed agreements.

7. The factual basis supporting VTel's allegation that the agreements disclosed by Northstar and SNR to the FCC in connection with their short form and long form applications for Auction 97 fraudulently misrepresented their relationships with DISH.

8. The factual basis supporting VTel's October 16, 2023 Supplemental Responses to Defendants' Interrogatories.

9. VTel's prior applications for designated entity status in FCC auctions.

10. The investigation VTel conducted of Auction 97 results.

11. VTel's communications with the FCC about Auction 97, including communications relating to VTel's investigation of Auction 97 results or the factual basis supporting VTel's undisclosed agreement allegations.

12. VTel's communication with AT&T and Verizon related to the results of Auction 97 and DISH's participation therein, including but not limited to communication referenced in VN_00002248.

Nov. 9, 2023                                                                 Respectfully submitted,

*/s/ Daniel S. Volchok*
Daniel S. Volchok (#497341)
Jonathan E. Paikin (#466445)
Samuel H. Allen (*pro hac vice*)

WILMER CUTLER PICKERING
HALE AND DORR LLP
2100 Pennsylvania Avenue N.W.
Washington, D.C. 20037
202-663-6000
daniel.volchok@wilmerhale.com
jonathan.paikin@wilmerhale.com
samuel.allen@wilmerhale.com

*Counsel for defendants American AWS-3 Wireless I LLC, American AWS-3 Wireless II LLC, American AWS-3 Wireless III LLC, DISH Wireless Holding LLC, DISH Network Corporation, Charles W. Ergen, and Cantey M. Ergen*

*/s/ Jonathan Diesenhaus*
Jonathan Diesenhaus (#423753)
Gejaa T. Gobena (#463833)
Michael C. Theis
HOGAN LOVELLS U.S., L.L.P.
555 Thirteenth Street, N.W.
Washington, D.C. 20004-1190
202-637-5600
jonathan.diesenhaus@hoganlovells.com
gejaa.gobena@hoganlovells.com
michael.theis@hoganlovells.com

*Counsel for Defendants SNR Wireless Licenseco, LLC, SNR Wireless Holdco, LLC, SNR Wireless Management, LLC, Atelum LLC, and John Muleta*

*/s/ Peter B Hutt*
Peter B. Hutt II (#427331)
Benjamin C. Block (#479705)
Dennis B. Auerbach (#418982)
Amee M. Frodle (#1602371)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, N.W.
Washington, D.C. 20001-4956
202-662-6000
phuttjr@cov.com
bblock@cov.com
dauerbach@cov.com
afrodle@cov.com

*Counsel for Defendants Northstar Wireless, LLC, Northstar Spectrum, LLC, Northstar Manager, LLC, Doyon, Limited, Miranda Wright, and Allen M. Todd*

6

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Notice in the above-captioned matter was served on counsel of record on Nov. 9, 2023, in accordance with the Federal Rules of Civil Procedure.

>   Stephen J. Obermeier (D.C. Bar # 979667)
>   Mark Sweet (D.C. Bar # 490987)
>   Bennett L. Ross (D.C. Bar # 978122)
>   Bert W. Rein (D.C. Bar # 067215)
>   Wiley Rein LLP
>   2050 M Street NW
>   Washington, DC 20036
>   Phone: (202) 719-7000
>   Facsimile: (202) 719-7049
>   sobermeier@wiley.law
>   msweet@wiley.law
>   bross@wiley.law
>   brein@wiley.law
>
>   *Counsel for Realtor*
>   *Vermont National Telephone Company*

Dated: Nov. 9, 2023

*/s/ Daniel S. Volchok*
Daniel S. Volchok

*Counsel for Defendants American AWS-3 Wireless I LLC, American AWS-3 Wireless II LLC, American AWS-3 Wireless III LLC, DISH Wireless Holding LLC, DISH Network Corporation, Charles W. Ergen, and Cantey M. Ergen*