UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* VERMONT NATIONAL TELEPHONE CO., <br>   Plaintiff-Relator, <br> v. <br> NORTHSTAR WIRELESS LLC, *et al.*, <br>   Defendants. | Civil Action No. 15-0728 (CKK) |

**MEMORANDUM OPINION AND ORDER**
(January 29, 2024)

Pursuant to Local Civil Rule 72.2(a), this case was referred to Magistrate Judge Moxila Upadhyaya for the resolution of several discovery disputes. *See* Nov. 6, 2023 Order, ECF No. 162 (referring ECF No. 163 to the Magistrate Judge); Dec. 8, 2023 Order, ECF No. 172 (referring ECF No. 171 to the Magistrate Judge). On December 21, 2023, Magistrate Judge Upadhyaya issued her rulings after holding two discovery hearings and reviewing the parties' briefing. *See* Magistrate Judge's Order ("Order"), ECF No. 179.

Pending before the Court is Plaintiff-Relator Vermont National Telephone Company's ("Relator's") [180] Objections to the Magistrate Judge's Order. Relator argues that two rulings in the Magistrate Judge's Order were contrary to law. *See generally* Relator's Objs. Upon consideration of the pleadings and the record as a whole,[1] the Court **OVERRULES** Relator's Objections and **AFFIRMS** Magistrate Judge Upadhyaya's Order.

---

[1] The Court's consideration has primarily focused on:

- Transcript of Discovery Hearing on December 8, 2023 ("12/8/2023 Tr."), ECF No. 175;
- Transcript of Discovery Hearing on December 19, 2023 ("12/19/2023 Tr."), ECF No. 178;
- Magistrate Judge Upadhyaya's Order, ECF No. 179;
- Relator's Objections to the Magistrate Judge's Order ("Relator's Objs."), ECF No. 180;
- Defendants' Opposition to Relator's Objections to the Magistrate Judge's Order ("Defs.' Opp'n"), ECF No. 181; and
- Relator's Reply in Support of its Objections to the Magistrate Judge's Order ("Relator's Reply"), ECF No. 182.

1

## I.     BACKGROUND

The Court assumes the reader's familiarity with this case and refers the reader to its previous memorandum opinion for further background. *U.S. ex rel. Vt. Nat'l Tel. Co. v. Northstar Wireless, LLC, et al.*, Civ. No. 15-0728, 2023 WL 7407301 (D.D.C. Nov. 9, 2023) (CKK).

In November and December 2023, the parties submitted two informal letter briefs, requesting the resolution of their discovery disputes. ECF No. 163 ("Joint Letter Requesting Conference Regarding Disputes Between Relator and Defendants Over Privilege Logs"); ECF No. 171 ("Letter Requesting Conference Regarding Dispute Over Defendants' Rule 30(b)(6) Deposition Topics"). This Court referred the discovery disputes to Magistrate Judge Upadhyaya for resolution on November 6 and December 8, 2023, respectively. ECF No. 162; ECF No. 172.

On December 8, 2023, the Magistrate Judge held a discovery hearing and subsequently directed the parties to file supplements to their briefing prior to a second discovery hearing on December 19, 2023. *See* Dec. 8, 2023 Minute Entry; Dec. 19, 2023 Minute Entry. On December 21, 2023, Magistrate Judge Upadhyaya issued her Order. *See* Order, ECF No. 179. Therein, Magistrate Judge Upadhyaya made five rulings, two of which are at issue here. *Id.*; *see also* Relator's Objs. (objecting to two of the rulings). The Magistrate Judge first denied without prejudice Relator's requests in Issue I (ECF No. 163 at 7–18). Order, ECF No. 179, at 1. Magistrate Judge Upadhyaya also ordered Relator to produce a witness to testify pursuant to Federal Rule of Civil Procedure 30(b)(6) ("Rule 30(b)(6)") on Topics 1–8, 10, and 11 in Defendants' November 9, 2023 Notice of 30(b)(6) Deposition. *Id.* at 2.

Relator filed its Objections on January 4, 2024. ECF No. 180. Defendants filed their response on January 16, 2024, ECF No. 181, and Relator filed its reply on January 23, 2024, ECF No. 182. With the briefing complete, the Court turns to its resolution.

2

## II.  LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 72(a) and Local Civil Rule 72.2(b), a party may "serve and file objections" to a magistrate judge's ruling within fourteen days after being served with the magistrate judge's order. *See* Fed. R. Civ. P. 72(a); LCvR 72.2(b). "When a party objects under Rule 72 to a magistrate judge's determination with respect to a non-dispositive matter, the Court must modify or set aside all or part of the magistrate judge's orders if it is 'clearly erroneous' or 'contrary to law.'" *Intex Rec. Corp. v. Team Worldwide Corp.*, 42 F. Supp. 3d 80, 86 (D.D.C. 2013) (PLF) (quoting Fed. R. Civ. P. 72(a)). For non-dispositive matters, a magistrate judge's determination is entitled to "great deference." *Nunnally v. Dist. of Columbia*, 243 F. Supp. 3d 55, 63 (D.D.C. 2017) (PLF). The district court reviews objections to the magistrate judge's factual findings or discretionary decisions "for clear error." *United States v. All Assets Held at Bank Julius*, 234 F. Supp. 3d 115, 119 (D.D.C. 2017) (PLF) (quoting *Am. Ctr. for Civ. Just. v. Ambush*, 794 F. Supp. 2d 123, 129 (D.D.C. 2011) (PLF)). The district court will affirm the magistrate judge's factual findings or discretionary decisions unless the court is "left with the definite and firm conviction that a mistake has been committed." *Id.* (quoting *Neuder v. Battelle Pac. Nw. Nat'l Lab'y*, 194 F.R.D. 289, 292 (D.D.C. 2000) (RMU)). Conversely, the "contrary to law" standard requires a district court to review the magistrate judge's legal conclusions, including "any asserted misapplication" of the law, *de novo*. *Nunnally*, 243 F. Supp. at 63; *see also Am. Ctr. for Civ. Just.*, 794 F. Supp. 2d at 129.

## III.  DISCUSSION

The Court has carefully reviewed the Magistrate Judge's Order, as well as the transcripts of the proceedings before the Magistrate Judge on December 8 and 19, 2023. *See* ECF No. 179 (Order); ECF No. 175 (transcript of December 8, 2023 proceeding); ECF No. 178 (transcript of December 19, 2023 proceeding). For the reasons set forth below, the Court has found nothing in

3

Magistrate Judge Upadhyaya's resolution of the two discovery disputes at issue that is "clearly erroneous" or "contrary to law." Fed. R. Civ. P. 72(a).

### A.  Issue I

Relator first takes issue with Magistrate Judge Upadhyaya's resolution of Issue I. *See* Relator's Objs. at 2–14. As stated in the parties' letter brief, Issue I concerns "whether Defendants have waived attorney-client privilege with respect to 869 communications." Nov. 3, 2023 Letter Brief, ECF No. 163, at 7. There, Relator argued that Defendants "waived the attorney-client privilege over certain withheld and/or redacted materials," or the materials in question lacked privilege from the offset. *Id.* at 7–14. Defendants, on the other hand, disagreed and maintained that the withheld documents are shielded from discovery. *Id.* at 14–17.

At the December 8, 2023 discovery hearing, the Magistrate Judge heard oral arguments and permitted the parties to submit supplemental briefing with respect to Issue I. *See* 12/8/2023 Tr. at 62:15–18 ("But I will allow a very brief submission on the waiver issue. I do find that it's a significant enough issue as well that I will allow that so that we can just try to get this issue settled by the next hearing."). The parties did so in December 2023. *See* ECF No. 173 (Defendants' supplemental brief); ECF No. 176 (Relator's supplemental brief). Subsequently, at the December 19, 2023 discovery hearing, Magistrate Judge Upadhyaya determined that the record was insufficiently developed to issue a ruling on whether a waiver of privilege has occurred. *See* 12/19/2023 Tr. at 10:3–6 ("I'm going to defer the ruling on this waiver question until and unless a more fulsome factual record has been presented to me."); *id.* at 10:10–17 ("But simply on these declarations, without the Relator having the opportunity to probe them or present any sort of factual record that's not one-sided, then at this stage I'm not going to rule—I'm not going to rule in favor of the Relator that these communications were waived nor am I going to rule that they fall within

4

the cloak of privilege, because I simply do not have enough facts before me to make that ruling[.]"); *id.* at 11:10–14 ("So what I will say, given that there is simply not a record here to find a waiver or frankly that the privilege even applies, the parties are free to develop those issues in discovery and present it to the Court at that time.").

Here, Relator claims that the Order was contrary to law with respect to Issue I because Defendants were not ordered to produce the documents at issue. Relator's Objs. at 1, 5; *see also* Order, ECF No. 179, at 1. Relator claims that Magistrate Judge Upadhyaya "found that Defendants failed to carry their privilege burden" when she stated that a ruling "could not be made on this record." Relator's Objs. at 5; *see also* 12/19/2023 Tr. at 9:23–24. Because Defendants "failed to carry their privilege burden," the Magistrate Judge should have ordered Defendants to produce the documents in question. Relator's Objs. at 5. Not so.

It is undisputed that the party asserting a privilege bears the burden of proving the applicability of that privilege. *See, e.g.*, *In re Lindsey*, 158 F.3d 1263, 1270 (D.C. Cir. 1998). Consequently, if the party asserting the privilege fails to satisfy their burden, then the documents must be produced. *See, e.g.*, *Mischler v. Novagraaf Grp. BV*, Civ. No. 18-2002, 2019 WL 6135447, at *8 (D.D.C. Nov. 19, 2019) (GMH) ("[Defendants] have failed to meet their burden to show that the documents should not be produced. . . . Therefore, Document Nos. 1–3 shall be produced to Plaintiff[.]"). Here, however, there was no ruling that Defendants failed to satisfy their burden. A review of the transcript reveals that Magistrate Judge Upadhyaya *did not rule for either party* on the issue of waiver of privilege. *See* 12/19/2023 Tr. at 10:3–6 ("I'm going to defer the ruling on this waiver question until and unless a more fulsome factual record has been presented to me."); *id.* at 11:10–14 ("[G]iven that there is simply not a record here to find a waiver or frankly that the privilege even applies, the parties are free to develop those issues in discovery and present

5

it to the Court at that time."). And, Magistrate Judge Upadhyaya's *factual* determination that the record was insufficient is not the same as a *legal* conclusion that Defendants failed to meet their burden of privilege. Courts can—and indeed this Court has—refrain from ruling on an issue until the record is more fully developed. *See U.S. Equal Emp. Opportunity Comm'n v. George Wash. Univ.*, Civ. No. 17-1978, 2021 WL 7907064, at *1 (D.D.C. Sept. 23, 2021) (CKK) ("In turn, the Court will defer a ruling on the EEOC's implied waiver [of privilege] argument until the record is further developed."); *see also Paavola v. Hope Vill.*, Civ. No. 19-1608, 2021 WL 4033101, at *1 (D.D.C. Sept. 4, 2021) (JDB) (denying plaintiff's motion without prejudice and allowing plaintiff to file a new motion "based on a more fully developed record").

Furthermore, the D.C. Circuit has made clear that "[a] claim of privilege 'must be presented to a district court with appropriate deliberation and precision' *before* a court can rule on the issue[.]" *S.E.C. v. Lavin*, 111 F.3d 921, 928 (D.C. Cir. 1997) (emphasis added) (quoting *Friedman v. Bache Halsey Stuart Shields, Inc.*, 738 F.2d 1336, 1342 (D.C. Cir. 1984)); *In re Subpoena Duces Tecum Issued to Commodity Futures Trading Comm'n*, 439 F.3d 740, 750 (D.C. Cir. 2006) (same); *see also Lavin*, 111 F.3d at 928 (emphasis added) ("Regardless of the context of the claim, the district court is obligated to resolve the question of privilege on a record that is both fairly *and sufficiently developed*.").

Overall, Relator has failed to show that the Magistrate Judge committed a "clear error" or acted "contrary to law." As Relator states, "courts within the D.C. Circuit routinely rule against the party asserting privilege *when* it does not meet its burden." Relator's Objs. at 7 (emphasis added) (citing case law). As evinced above, that determination has not occurred yet as the Magistrate Judge deferred her ruling. *See* 12/19/2023 Tr. at 10:3–6 ("I'm going to defer the ruling on this waiver question until and unless a more fulsome factual record has been presented to me.").

6

Because Magistrate Judge Upadhyaya did not rule that Defendants failed to satisfy their burden of privilege, there was no basis to order Defendants to produce the requested documents and therefore the ruling was not "contrary to law." Fed. R. Civ. P. 72(a).  The Court also notes that the Magistrate Judge denied Relator's requests in Issue I without prejudice.  *See* Order, ECF No. 179, at 1. Therefore, Relator can renew its request at a later point in the proceedings once the record is more fully developed.  *See Lavin*, 111 F.3d at 934.

### B. Rule 30(b)(6) Deposition

Relator next takes issue with the Magistrate Judge's Order regarding the Rule 30(b)(6) deposition.  In the Order, Magistrate Judge Upadhyaya ordered Relator to produce a witness to testify according to Rule 30(b)(6) on Topics 1–8, 10, and 11 in Defendants' November 9, 2023 Notice of 30(b)(6) Deposition.  Order, ECF No. 179, at 2.

Pursuant to Rule 30(b)(6), "a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with particularity the matters for examination." Fed. R. Civ. P. 30(b)(6).  "Rule 30(b)(6) is intended to streamline the discovery process." *McKesson Corp. v. Islamic Republic of Iran*, 185 F.R.D. 70, 79 (D.D.C. 1999) (TAF).  It permits a designated agent to speak on behalf of an entity on noticed topics and is intended to "to curb the bandying by which officers or managing agents of a corporation are deposed in turn but each disclaims knowledge of the facts that are clearly known to the organization." *Id.* (citation omitted).  As such, the designated agent should be able to testify about matters "which the receiving entity has reasonable knowledge and access." *Id.* Rule 30(b)(6) depositions, however, are meant to enable a party to uncover facts, not an opposing party's "contentions or legal theories." *Lockheed Martin Corp. v. United States*, Civ. No. 08-1160, 2013 WL 1968372, at *3 (D.D.C. May 13, 2013) (AK) (citing case law for support).

7

Here, Relator objects to providing a Rule 30(b)(6) witness to testify on Topics 1–8. *See* Relator's Objs. at 14.  As stated in Defendants' Notice of 30(b)(6) Deposition, these topics are:

1. The factual basis supporting VTel's allegation that Defendants had an undisclosed arrangement, agreement, or understanding that Northstar Wireless and SNR Wireless would serve as vehicles to acquire discounted spectrum for DISH.
2. The factual basis supporting VTel's allegation that Defendants had an undisclosed arrangement, agreement, or understanding that DISH would dictate the parties' bidding strategy in Auction 97 and select the AWS-3 licenses on which Northstar Wireless and SNR Wireless would bid and the amounts of their bids.
3. The factual basis supporting VTel's allegation that Defendants had an undisclosed arrangement, agreement, or understanding that Northstar Wireless and SNR Wireless would transfer spectrum acquired in Auction 97 to DISH after five years when the FCC's unjust enrichment period had lapsed.
4. The factual basis supporting VTel's allegation that Defendants had an undisclosed arrangement, agreement, or understanding that DISH would own SNR Wireless' and Northstar Wireless' AWS-3 spectrum for accounting and financial reporting purposes, and that such ownership allowed DISH to take advantage of financial benefits.
5. The factual basis supporting VTel's allegation that Defendants had an undisclosed arrangement, agreement, or understanding that SNR Wireless and Northstar Wireless would not use the AWS-3 spectrum they won in Auction 97 to provide wireless services.
6. The factual basis supporting VTel's allegation that DISH, SNR, and/or SNR's investors had an undisclosed arrangement, agreement, or understanding that minority investors in SNR Wireless could transfer their interests despite contrary language in the parties' disclosed agreements.
7. The factual basis supporting VTel's allegation that the agreements disclosed by Northstar and SNR to the FCC in connection with their short form and long form applications for Auction 97 fraudulently misrepresented their relationships with DISH.
8. The factual basis supporting VTel's October 16, 2023 Supplemental Responses to Defendants' Interrogatories.

*See* Defs.' Opp'n, Ex. B, ECF No. 181-2, at 5–6.  Relator contends that the above topics relate to its "contentions and legal theories" about: (1) "the arrangements, agreements, or understandings" Defendants allegedly failed to disclose to the FCC; and (2) the "fraudulent misrepresentations" that were allegedly contained in the agreements Defendants did disclose to the FCC.  Relator's Objs. at 15.  The Magistrate Judge disagreed.  At the December 19, 2023 discovery hearing,

8

Magistrate Judge Upadhyaya opined that these topics concern the "core allegations" being made in this case (i.e., that there were "secret agreements, fraud and/or collusion" between Defendants). 12/19/2023 Tr. at 33:13–17.  Counsel for Defendants also explained to the Magistrate Judge that the Rule 30(b)(6) deposition was not going to be used as an opportunity to reopen this Court's prior decision, *id.* at 29:10–12, nor are Defendants seeking to obtain Relator's "legal theories," *id.* at 30:14–19.  Accordingly, with Defendants' representations, Magistrate Judge Upadhyaya "tentatively" ruled in favor of permitting the questioning on Topics 1–8, *id.* at 33:24–34:4, which she subsequently affirmed in the Order, *see* Order, ECF No. 179, at 2.

In its Objections, Relator contends that the Magistrate Judge's ruling "contravenes the Federal Rules."  Relator's Objs. at 14.  First, Relator argues that this ruling is contrary to law because it would require Relator "to designate and prepare a Rule 30(b)(6) witness to testify about its contentions and legal theories in this case." *Id.*  However, counsel for Defendants informed the Magistrate Judge that they were not seeking Relator's "legal theories" in this case.  *See* 12/19/2023 Tr. at 30:14–19.  Nor did the Magistrate Judge indicate that such questioning would be appropriate during a Rule 30(b)(6) deposition. *See id.* at 31:18–21 (emphasis added) ("The topics are: What's the basis for your argument or your allegation? What's the *factual* basis? *Not the legal*.  What's the factual basis supporting XYZ allegation?").  The phrasing of the topics at issue also suggests that the questions are geared toward uncovering facts.  *See* Defs.' Opp'n, Ex. B, ECF No. 181-2, at 5–6 (requesting "[t]he factual basis" for certain allegations).  As the purpose of a Rule 30(b)(6) deposition is to "discover facts," the Magistrate Judge did not act contrary to law by ordering Relator to designate a witness who would testify as to the facts. *Lockheed Martin Corp.*, 2013 WL 1968372, at *3; *see also Moore v. Hartman*, 241 F.R.D. 59, 64 (D.D.C. 2007) (RMU) ("[T]hough the defendant is concerned that discovery into this matter will open the defendant's defense plan

9

to the plaintiff, the defendant confuses the fact information sought with the attorney strategy for how to construct, frame or explain those facts."). However, should Relator's concerns regarding privilege and/or attorney work product arise during the deposition, *see, e.g.*, Relator's Reply at 13, then Relator may seek relief from the Court, *see* Fed. R. Civ. P. 30(d)(3); *see also Tri-State Hosp. Supply Corp. v. United States*, 226 F.R.D. 118, 126 (D.D.C. 2005) (JMF) ("I will await the conclusion of the 30(b)(6) depositions and entertain, if necessary, any claim that the power to take them was abused by the manner in which the depositions were conducted[.]").

Next, Relator objects to the Order because it would require Relator "to present a witness who can marshal and summarize the evidence in support of its contentions that Relator's counsel has developed through discovery." Relator's Objs. at 16. This argument lacks support in this jurisdiction. *See In re Vitamins Antitrust Litig.*, 216 F.R.D. 168, 173 (D.D.C. 2003) (TFH) (emphasis added) ("Bioproducts is obligated to produce one or more 30(b)(6) witnesses who were thoroughly educated about the noticed deposition topics with respect to *any and all facts known* to Bioproducts *or its counsel*, regardless of whether such facts are memorialized in work product protected documents or reside in the minds of counsel."); *see also United States ex rel. Barko v. Halliburton Co.*, Civ. No. 05-1276, 2015 WL 13670876, at *4 (D.D.C. Jan. 10, 2015) (JSG) ("The fact that KBR conducted an internal investigation and funneled the contents of that investigation through its general counsel office does not absolve KBR from properly responding to the Rule 30(b)(6) notice."); *id.* at *1 (emphasis added) ("During the Rule 30(b)(6) depositions, Barko cannot ask about the content of attorney-client privileged communications. . . . Barko may inquire, however, about the *underlying factual basis* for his claims."); *United States v. All Assets Held in Account Number XXXXXXXX*, Civ. No. 13-1832, 2019 WL 13197264, at *2 (D.D.C. June 12, 2019) (JDB) ("While a Rule 30(b)(6) deponent may assert during a deposition that specific

information is privileged, privilege may not be used as a blanket excuse to justify the designee's failure to learn non-privileged, relevant facts. . . . The fact that information relevant to Topic 7 was within the mind of government's trial counsel does not justify Hicks' refusal to learn about the topic.").

Finally, Relator emphasizes that it is "willing to provide in writing the underlying 'facts' that Defendants ostensibly seek, which would obviate the need for a Rule 30(b)(6) deposition on Topics 1–8." Relator's Objs. at 17. Relator states that this Court "should find that contention interrogatories suffice . . . rather than a Rule 30(b)(6) deposition." *Id.* at 18. The Court does not doubt that preparing a witness to testify on Topics 1–8 in a Rule 30(b)(6) deposition would be time-consuming. But whether a different tool of discovery would be more convenient for one party is not the determination this Court must make. Rather, this Court must determine whether the Magistrate Judge's Order with respect to the Rule 30(b)(6) deposition was "contrary to law." *See* Fed. R. Civ. P. 72(a). For the aforementioned reasons, the Court concludes that it was not. Although Rule 30(b)(6) "does not require absolute perfection in preparation," it "certainly requires a good faith effort" on the designated party. *All Assets Held in Account Number XXXXXXX*, 2019 WL 13197264, at *2.

### IV. CONCLUSION AND ORDER

For the foregoing reasons, the Court **OVERRULES** Relator's [180] Objections and **AFFIRMS** Magistrate Judge Upadhyaya's [179] Order.

**SO ORDERED.**

**Date**: January 29, 2024

                                                      /s/
                                        COLLEEN KOLLAR-KOTELLY
                                        United States District Judge