UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* VERMONT NATIONAL TELEPHONE COMPANY,<br><br>                Plaintiff,<br><br>   v.<br><br>NORTHSTAR WIRELESS, LLC, *et al.*,<br><br>                Defendants. | Civil Action No. 15-00728 (CKK) |

### RELATOR'S MOTION TO HOLD SECOND AMENDED SCHEDULING AND PROCEDURES ORDER IN ABEYANCE AND TO SET BRIEFING SCHEDULE

Relator Vermont National Telephone Company ("Relator") respectfully moves the Court to hold in abeyance all remaining deadlines set forth in the Court's Second Amended Scheduling and Procedures Order dated October 5, 2023 ("Scheduling Order") and set a briefing schedule with respect to the Government's anticipated motion to dismiss and Relator's motion for a share of alternate recovery. In support of this Motion, Relator submits as follows:

1. Under the Scheduling Order, Relator's initial expert disclosures are due on February 28, 2024, with all expert disclosures and reports due and all discovery to be completed by May 6, 2024, and June 6, 2024, respectively. Dkt. 160.

2. Even though discovery is just months from completion—and despite the D.C. Circuit's holding in *United States, ex rel. Vermont Nat'l Tel. Co. v. Northstar Wireless, LLC*, 34 F.4th 29, 38 (D.C. Cir. 2022), that Relator has adequately pled claims under the False Claims Act ("FCA"), and despite the Government having previously ***opposed*** dismissal of this case based on the public disclosure bar (a position it reaffirmed just months ago, Dkt. 164)—the Government recently indicated its intention to intervene to seek dismissal of this case under 31 U.S.C. § 3730(c)(2)(A).

1

3.      Specifically, on February 8, 2024, the Government notified Defendants that it intended to seek dismissal.  The Government provided this notice while Relator was in the midst of deposing a senior DISH executive (and DISH Rule 30(b)(6) witness) and preparing to conduct several key depositions—including Defendants Charles Ergen, Cantey Ergen, and John Muleta—in the following two weeks.

4.      Upon learning of the Government's intentions, Defendants' counsel sought immediate confirmation from Relator "that all depositions in the case … are canceled and will not take place as currently scheduled."[1]  Even though it had not spoken directly with the Government, Relator agreed to postpone the remaining depositions in the case with the expectation the Government's motion to intervene and motion to dismiss would be filed imminently, as Defendants' counsel had suggested.  However, that has not been the case.  And during a meet and confer held on February 26, 2024, the Government advised Relator (for the first time) that it did not expect to move to intervene or file its motion to dismiss until March 8, 2024 at the earliest.  All fact depositions would have been completed by that date, and Relator would have insisted on completing those depositions had the Government disclosed the timing of its dismissal filing.

5.      The reasons for the Government's sudden about-face regarding this case remain unclear, and the process and timing of the Government's decision to move to dismiss raise serious questions about whether dismissal is being sought in good faith.  Nevertheless, it is Relator's understanding that the Government's intention to seek dismissal is based, at least in part, on the Government's apparent decision to accept Defendants' approximately $516 million

---

[1]     Email from Daniel S. Volchok, Counsel to DISH (Feb. 8, 2024) (copy attached as Appendix 1).

in default payments recovered in administrative proceedings before the Federal Communications Commission in lieu of further prosecution of this *qui tam* case. Accordingly, in addition to opposing the Government's motion to dismiss, Relator has informed the Government that it intends to move, pursuant to 31 U.S.C. §§ 3730(c)(5) and (d)(1), for a 25 percent share of the Government's alternative recovery.

6. The Government's motion to dismiss and Relator's motion for a share of an alternate remedy will entail analysis of legal and factual issues that would benefit from an orderly briefing schedule and will require a hearing. *See, e.g.*, *United States, ex rel. Polansky v. Exec. Health Res., Inc.*, 599 U.S. 419, 436 (2023) ("[T]he FCA requires notice and an opportunity for a hearing before a [section 3730(c)(2)(A)] dismissal can take place"); *United States, ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 342 F.3d 634, 651 (6th Cir. 2003) (holding that relator was entitled to an evidentiary hearing on its claim under section 3730(c)(5) for a share of government's alternate remedy).

7. The Government's motion to dismiss will necessitate a fact-intensive inquiry under Federal Rule of Civil Procedure 41(a)(2) into its bad faith and prejudice to Relator. *See, e.g.*, *Guttenberg v. Emery*, 68 F. Supp. 3d 184, 187 (D.D.C. 2014) (quoting *Conafay v. Wyeth Labs.*, 793 F.2d 350, 353 (D.C. Cir. 1986)); *see also Polansky*, 599 U.S. at 437 (explaining that, in the FCA context, prejudice is assessed with respect to the relator rather than the defendant). It also will require careful consideration of "constitutional constraints on Government action." *Polansky*, 599 U.S. at 437 n.4; *see Borzilleri v. Bayer Healthcare Pharms., Inc.*, 24 F.4th 32, 42–43 (1st Cir. 2022).

8. Moreover, in deciding Relator's motion for its share of an alternate recovery, "**any** alternative" to pursuing a relator's *qui tam* allegations through intervention may qualify,

*Bledsoe*, 342 F.3d at 647 (emphasis added), so long as "the claim pursued in the alternate remedy is of the type that could have been pressed under the False Claims Act." *United States v. Novo A/S*, 5 F.4th 47, 54 (D.C. Cir. 2021). That is precisely the case here.

9. Relator thus seeks the following briefing schedule to properly address the issues raised by both motions.

| PLEADING | DEADLINE |
| --- | --- |
| Government's motion to intervene and motion to dismiss | March 8, 2024, or seven days from the date this Motion is granted, whichever is later |
| Relator's opposition to Government's motion to dismiss<br><br>Relator's motion for share of alternate remedy | 45 days from service of Government's motion to dismiss |
| Government's reply in support of motion to dismiss | 45 days from service of Relator's opposition to Government's motion to dismiss |
| Government's opposition to Relator's motion for share of alternate remedy | 45 days from service of Relator's motion for share of alternate remedy |
| Relator's reply in support of motion for share of alternate remedy | 30 days from service of Government's opposition to Relator's motion for share of alternate remedy |
| Hearing | To be determined by the Court |

10. Furthermore, because the Government effectively shut down discovery over the last month without being prepared to file its motion, and in the interests of judicial economy, Relator also seeks all remaining discovery and case management deadlines set forth in the Scheduling Order (Dkt. 160) be held in abeyance pending resolution of the Government's motion to dismiss and Relator's motion for share of alternate remedy. For avoidance of doubt, this request includes the February 28, 2024, April 10, 2024, and May 6, 2024 expert disclosure deadlines, the June 6, 2024 discovery cutoff, and the June 11, 2024 Status Hearing. In the event this case is not resolved by the forthcoming motions, the parties will promptly submit a new schedule for the Court's approval.

Pursuant to Local Civil Rule 7(m), Relator certifies that it reached out to both Defendants and the Department of Justice ("DOJ") to determine whether they opposed Relator's Motion and, if so, to narrow the areas of disagreement. Defendants do not oppose suspension of the current case schedule or the proposed due date for the Government's motion to intervene and motion to dismiss. Defendants believe that any motions should be briefed in accordance with the timelines set forth in Local Civil Rule 7, but do not otherwise intend to file an opposition to relator's motion for briefing schedule. Even though Relator negotiated the briefing schedule with the DOJ, the DOJ did not timely respond to Relator's outreach.

Dated: February 27, 2024

Respectfully submitted,

By: */s/ Stephen J. Obermeier*
Stephen J. Obermeier (D.C. Bar # 979667)
Bennett L. Ross (D.C. Bar # 978122)
Bert W. Rein (D.C. Bar #067215)
Mark B. Sweet (D.C. Bar # 490987)
WILEY REIN LLP
2050 M Street NW
Washington, DC 20036
Phone: (202) 719-7000
sobermeier@wiley.law
bross@wiley.law
brein@wiley.law
msweet@wiley.law

*Counsel for Relator Vermont National Telephone Company*