UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* VERMONT NATIONAL TELEPHONE COMPANY,<br><br>                        Plaintiff,<br><br>        v.<br><br>NORTHSTAR WIRELESS, LLC, *et al.*,<br><br>                        Defendants. | Civil Action No. 15-00728 (CKK) |

## RELATOR'S OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE MEMORANDUM OF POINTS AND AUTHORITIES

Relator Vermont National Telephone Company ("Relator") respectfully opposes the Defendants' Motion for Leave to file a Memorandum of Points and Authorities on Relator's Motion for Share of Alternate Remedy and the Government's Motion to Dismiss. Defendants' motion is devoid of ***any*** justification for their request to weigh in on the merits of the Government's and Relator's motions at this late juncture and should be denied.

As a threshold matter, Defendants mischaracterize the relief they seek, which actually requests a modification to the Court's March 1, 2024 Minute Order that established the briefing schedule governing Relator's Motion and the Government's Motion—a schedule that does not permit any filings by Defendants. Defendants do not mention the Court's briefing schedule, let alone offer any reason why the Court should revisit that schedule at this juncture.

Defendants also do not explain the tardiness of their request, regardless of how it is characterized. The Court set its briefing schedule in response to a motion filed by Relator on February 27, 2024, which contemplated filings only by Relator and the Government. Dkt. 184, at 4. Defendants did not oppose that motion. Nor did Defendants ask the Court to establish a

briefing schedule that would permit Defendants to file a legal memorandum in connection with either motion.

Consistent with the Court's briefing schedule, Relator filed its opposition to the Government's Motion to Dismiss and its Motion for Share of Alternate Remedy on April 22, 2024, more than six weeks ago.  If Defendants truly believed it was so important that they be heard on the merits of the Government's and Relator's motions, they could and should have brought their concerns to the Court's attention long before now.  But Defendants failed to do so for reasons they do not bother to elucidate.  Nor did Defendants seek to meet and confer on their proposed motion for leave until one day before they filed it, even though Defendants had plainly already drafted the brief and sought and obtained the Government's consent.  At this late date, Defendants' request to submit a legal memorandum on the merits of motions that have been contemplated for months is untimely and thus should be denied.

Even had Defendants timely requested the opportunity to be heard on the merits of the Government's Motion and Relator's Motion, which is not the case, Defendants have no standing or right to participate with respect to either motion.  To the extent that Defendants have any arguments to make on a motion to dismiss, the Defendants already made, and lost, those arguments.  *See United States ex rel. Vermont Nat'l Tel. Co. v. Northstar Wireless, LLC*, 34 F.4th 29, 38 (D.C. Cir. 2022).  Defendants now ask the court to allow them an extremely belated and improper second bite at the apple.  Thus, the Court should deny Defendants' motion on this basis alone.

With respect to Relator's Motion for a Share of Alternate Remedy, it is well-established that a defendant has "no legal standing or right to participate in the proceedings" on the relator's share of the proceeds in a *qui tam* action.  *United States ex rel. Taxpayers Against Fraud v. Gen.*

2

*Elec. Co.*, 41 F.3d 1032, 1046 (6th Cir. 1994); *United States ex rel. Chiba v. Guntersville Breathables, Inc.*, 421 F. Supp. 3d 1241, 1251 n.3 (N.D. Ala. 2019) ("A defendant has no standing to challenge a relator's share of the proceeds"); *see also Miller v. Holzmann*, 575 F. Supp. 2d 2, 26 (D.D.C. 2008) ("[T]he defendant has no 'right to participate' in relator's share negotiations between the relator and the government") (quoting *Taxpayers Against Fraud*, 41 F.3d at 1046), *amended in part, vacated in part sub nom. United States ex rel. Miller v. Bill Harbert Int'l Const., Inc.*, 786 F. Supp. 2d 110 (D.D.C. 2011). Defendants' motion contravenes these legal authorities, which Defendants neither cite nor distinguish.

Moreover, consistent with *United States ex rel. Polansky v. Exec. Health Res., Inc.*, 599 U.S. 419, 422 (2023), the Government's Motion to Dismiss over Relator's objection is governed by Rule 41(a)(2). As the Supreme Court explained in *Polansky*, in contrast to non-FCA cases in which the analysis under Rule 41(a)(2) "focuses on the defendant's interests," the assessment of whether the good-faith standard for voluntary dismissal has been met in the FCA context "is more likely to involve the relator" and requires the Court to consider the burdens on and benefits to the government from continued litigation. *Id.* at 437. Under this Rule 41(a)(2) framework Defendants have no standing or right to be heard on the Government's Motion to Dismiss.

For the foregoing reasons, Defendants' motion for leave to file a Memorandum of Points and Authorities should be denied. However, if the Court is inclined to grant Defendants' motion, Relator respectfully requests the opportunity to file a surreply in response to Defendants' memorandum.

Dated: June 7, 2024                                  Respectfully submitted,

                                                               By: */s/ Stephen J. Obermeier*
                                                                   Stephen J. Obermeier (D.C. Bar # 979667)
                                                                   Bennett L. Ross (D.C. Bar # 978122)
                                                                   Bert W. Rein (D.C. Bar #067215)
                                                                   Mark B. Sweet (D.C. Bar # 490987)

3

Kathleen C. Cooperstein (D.C. Bar # 1017553)
**WILEY REIN LLP**
2050 M Street, NW
Washington, DC 20036
(202) 719-7000
sobermeier@wiley.law

*Counsel for Relator Vermont National Telephone Company*

4