# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. VERMONT NATIONAL TELEPHONE CO., <br><br> Plaintiff, <br><br> v. <br><br> NORTHSTAR WIRELESS, LLC, et al. <br><br> Defendants. | Civil Action No. 1:15-cv-00728-CKK |

### DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE MEMORANDUM OF POINTS AND AUTHORITIES ON RELATOR'S MOTION FOR SHARE OF ALTERNATE REMEDY AND GOVERNMENT'S MOTION TO DISMISS

Relator's contention that defendants have no right to be heard at all regarding the possible dismissal of claims against them seeking *$10 billion* in damages is facially absurd. Nor is relator correct that defendants cannot be heard on relator's motion for a share of the supposed alternate remedy. Consistent with the foundational principle of our adversarial judicial system, the Court should have the benefit of all parties' views before ruling on the pending motions. Defendants' motion for leave should therefore be granted.

Relator gets off on the wrong foot in asserting (Opp.1) that defendants seek "a modification to the Court's … briefing schedule." Defendants merely seek leave to file their memorandum of points and authorities regarding the pending motions in this action against them. They have not asked (and do not ask) the Court to change any extant deadlines. Relator is of course free to address defendants' submission in the context of its reply due on July 8.

More fundamentally, relator is wrong that "Defendants have no standing or right to participate" (Opp.2) at this juncture. Subsection 3730(c) of the False Claims Act, which outlines the "[r]ights of the parties to qui tam actions," nowhere limits defendants' right to participate.

To the contrary, it states that "the court may limit the participation" of the party who "initiat[ed] the action," 31 U.S.C. §3730(c)(2)(D)—i.e., "limit the participation" of the *relator*.

Relator argues, however (Opp.3), that defendants "have no standing or right to be heard" because the Supreme Court has stated that a court's assessment of a motion to dismiss under 31 U.S.C. §3730(c)(2)(A) is "'likely to involve the relator,'" Opp.3 (quoting *United States ex rel. Polansky v. Executive Health Resources, Inc.*, 599 U.S. 419, 437 (2023)). But the fact that a court's assessment will likely *include* the relator does nothing to justify *excluding* other parties. In fact, *Polansky* recognized that courts addressing government motions to dismiss "should endeavor to ensure that substantial justice is accorded to *all* parties," 599 U.S. at 437 (emphasis added). Substantial justice for defendants here surely includes an opportunity to explain that, far from *supporting* relator's allegations, discovery in this case only confirmed that there were no undisclosed agreements.

Relator is likewise wrong in contending (Opp.2) that defendants are seeking a "second bite at the apple" on the motion to dismiss they filed in 2019. In 2019, defendants moved to dismiss on the ground that relator's complaint was foreclosed by the FCA's government-action bar and otherwise failed to state a claim upon which relief could be granted. *See* Dkt. 77. The issue presented by the government's pending motion to dismiss, by contrast, is whether the government has "a reasonable argument for why the burdens of continued litigation outweigh its benefits," *Polansky*, 599 U.S. at 438. Defendants' proposed filing speaks to that question—not to the government-action bar or relator's failure to state a claim—by confirming that the government has reason to "not believe there is sufficient evidence supporting" relator's allegations, Dkt. 188 at 16. (And of course the 2019 motion to dismiss has nothing to do with whether relator is entitled to a share of the supposed alternate remedy.)

As to the alternate-remedy motion, relator cites no authority for blocking defendants' ability to be heard.  Relator cites cases (Opp.2-3) holding that "defendant[s] had no 'right to participate' in … share negotiations between the relator and the government," *Miller v. Holzmann*, 575 F.Supp.2d 2, 26 (D.D.C. 2008) (quoting *United States ex rel. Taxpayers Against Fraud v. General Electric Co.*, 41 F.3d 1032, 1046 (6th Cir. 1994)); *see also United States ex rel. Chiba v. Guntersville Breathables, Inc.*, 421 F.Supp.3d 1241, 1251 n.3 (N.D. Ala. 2019).  Those cases are irrelevant, as defendants here do not seek to participate in any negotiations between relator and the government.  Defendants' proposed filing contends that there is no alternate remedy here in which relator could share.

Because relator identifies no legitimate basis on which to silence defendants in this proceeding against them, the motion for leave should be granted.

| | |
|---|---|
| June 10, 2024 | Respectfully submitted, |
| | /s/ Jonathan E. Paikin |
| Gejaa T. Gobena (#463833) | Howard M. Shapiro (#454274) |
| Jonathan L. Diesenhaus (#423753) | Jonathan E. Paikin (#466445) |
| Michael C. Theis (*pro hac vice*) | Daniel S. Volchok (#466889) |
| Courtney Caruso (*pro hac vice*) | Joseph M. Meyer (#1718940) |
| HOGAN LOVELLS US LLP | WILMER CUTLER PICKERING HALE AND DORR LLP |
| 555 Thirteenth Street N.W. | 2100 Pennsylvania Avenue N.W. |
| Washington, D.C. 20004 | Washington, D.C. 20037 |
| 202-637-5600 | 202-663-6000 |
| gejaa.gobena@hoganlovells.com | howard.shapiro@wilmerhale.com |
| jonathan.diesenhaus@hoganlovells.com | jonathan.paikin@wilmerhale.com |
| michael.theis@hoganlovells.com | daniel.volchok@wilmerhale.com |
| courtney.caruso@hoganlovells.com | joseph.meyer@wilmerhale.com |
| *Counsel for SNR Wireless LicenseCo, LLC, SNR Wireless HoldCo, LLC, SNR Wireless Management, LLC, Atelum LLC, and John Muleta* | *Counsel for American AWS-3 Wireless I LLC, American AWS-3 Wireless II LLC, American AWS-3 Wireless III LLC, DISH Wireless Holding LLC, DISH Network Corporation, Charles W. Ergen, and Cantey M. Ergen* |

Peter B. Hutt II (#427331)
Benjamin C. Block (#479705)
Dennis B. Auerbach (#418982)
Amee M. Frodle (#1602371)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street N.W.
Washington, D.C. 20001
202-662-6000
phuttjr@cov.com
bblock@cov.com
dauerbach@cov.com
afrodle@cov.com

*Counsel for Northstar Wireless, LLC, Northstar Spectrum, LLC, Northstar Manager, LLC, Doyon, Limited, Miranda Wright, and Allen M. Todd*