UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* VERMONT NATIONAL TELEPHONE COMPANY,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>NORTHSTAR WIRELESS, LLC, *et al.*,<br><br>　　　　　　　　　Defendants. | Civil Action No. 15-00728 (CKK) |

### RELATOR'S MOTION FOR SHARE OF ALTERNATE REMEDY

Pursuant to 31 U.S.C. §§ 3730(c)(5) and (d)(2), Relator Vermont National Telephone Company ("Relator") respectfully moves the Court to require the United States ("the government") to remit to Relator $128,888,798, representing a 25 percent share of the alternate remedy obtained by the government in relation to this matter, and to award Relator its expenses, attorney's fees, and costs in amounts to be determined by the Court.

Under the False Claims Act ("FCA"), the government may elect to pursue "any alternate remedy available to the Government …." 31 U.S.C. § 3730(c)(5). Such alternate remedy would be one pursued outside the confines of any FCA action (such as this case).

In the event the government makes such an election, the relator "shall have the same rights in such [alternate] proceeding as such person would have had if the action had continued under this section." *Id.* § 3730(c)(5). The relator's rights include receipt of a share of the alternative remedy as well as an award of its expenses, attorney's fees, and costs. *Id.* § 3730(d)(2).

In this case, the government has pursued an alternate remedy through Federal Communications Commission ("FCC") administrative proceedings, namely default payments totaling $515,555,190 paid by Defendants Northstar Wireless, LLC ("Northstar") and SNR

Wireless LicenseCo, LLC ("SNR") when they were found ineligible for bidding credits by the FCC and their subsequent and inevitable default on various licenses they could not afford once those credits were denied.

The government has now moved to dismiss Relator's FCA complaint. Dkt. No. 188. Relator has opposed the government's Motion and believes it could recover damages on behalf of the government above and beyond the default payments paid by Northstar and SNR, should this case be allowed to proceed.

In the event this Court is inclined to grant the government's Motion to Dismiss, Relator is at the very least entitled under the FCA to its share of the proceeds from the default payments paid to the FCC. Those amounts could have been recovered in this case, but the government has instead accepted those monies through an alternate remedy in the FCC proceedings.

In support of this Motion, Relator submits a Memorandum of Points and Authorities. For the reasons outlined therein, Relator respectfully requests that this Court award it a 25 percent share of the government's alternate remedy, in the amount of $128,888,798, as well as its expenses, attorney's fees, and costs in amounts to be determined by the Court.

Pursuant to Local Civil Rule 7(m), Relator certifies that it conferred with the Department of Justice ("DOJ") regarding Relator's request for its share of the government's alternate remedy, and the DOJ opposes Relator's request.

Dated: June 13, 2024

Respectfully submitted,

By: */s/ Stephen J. Obermeier*
    Stephen J. Obermeier (D.C. Bar # 979667)
    Bennett L. Ross (D.C. Bar # 978122)
    Bert W. Rein (D.C. Bar #067215)
    Mark B. Sweet (D.C. Bar # 490987)
    Kathleen C. Cooperstein (D.C. Bar # 1017553)
    **WILEY REIN LLP**
    2050 M Street, NW
    Washington, DC 20036
    (202) 719-7000
    sobermeier@wiley.law

    *Counsel for Relator Vermont National Telephone Co.*