UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.*, VERMONT NATIONAL TELEPHONE CO., <br><br> Plaintiff, <br><br> v. <br><br> NORTHSTAR WIRELESS, LLC, e*t al.*, <br><br> Defendants. | Civil Action No. 1:15-cv-0728 (CKK) |

**APPENDIX OF EXHIBITS TO RELATOR'S REPLY IN SUPPORT OF RELATOR'S MOTION FOR HEARING**

Bennett L. Ross
202.719.7524
bross@wiley.law



Wiley Rein LLP
2050 M Street NW
Washington, DC 20036
Tel:  202.719.7000

wiley.law

February 28, 2024

Kenneth Hendricks
Chief, FOIA and Privacy Office
Civil Division
Department of Justice
Room 8314
1100 L Street, NW
Washington, DC 20530-0001
**BY EMAIL (Civil.routing.FOIA@usdoj.gov) AND CERTIFIED MAIL**

Arla Witte-Simpson
FOIA Public Liaison
Executive Office for United States Attorneys
Department of Justice
175 N Street, NE
Suite 5.400
Washington, DC 20530-0001
**BY ONLINE FOIA REQUEST PORTAL AND CERTIFIED MAIL**

Re:  Expedited Freedom of Information Act (FOIA) Request

Dear Mr. Hendricks and Ms. Witte-Simpson:

Pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Department of Justice's ("DOJ") implementing rules, 28 C.F.R. § 16.1, *et seq.*, Vermont National Telephone Company requests that the DOJ make available the following records from the period January 1, 2023 to the present:

(1) All documents (including emails, text messages, and other communications) sent to or received from anyone associated with or employed by Wilmer Cutler Pickering Hale and Dorr LLP that refer or relate to: (i) Vermont National Telephone Company, its affiliates, officers, directors, employees, agents, members, attorneys, representatives, or other persons acting or purporting to act on its behalf (collectively, "VTel"); (ii) DISH Network Corporation, DISH Wireless Holding L.L.C., American AWS-3 Wireless I L.L.C., American AWS-3 Wireless II L.L.C., American AWS-3 Wireless III L.L.C., Charles Ergen, Cantey Ergen, or their officers, directors, employees, agents, members, attorneys, representatives, or other persons acting or purporting to act on their behalf (collectively, "DISH"); (iii) SNR Wireless LicenseCo, L.L.C., SNR Wireless HoldCo, L.L.C., SNR Wireless Management, L.L.C., Atelum L.L.C., John Muleta, or their officers, directors, employees, members, representatives, agents, attorneys, or other persons acting or purporting to act on their behalf (collectively, "SNR"); (iv) Northstar Wireless, L.L.C., Northstar Spectrum, L.L.C., Northstar Manager, L.L.C., Doyon, Limited, Miranda Wright, Allen M. Todd, or their officers, directors, employees, members, representatives, agents, attorneys, or others persons acting or purporting to act on their behalf (collectively, "Northstar"); or (v) *United States ex rel. Vermont National*

A-1

Kenneth Hendricks
Arla Witte-Simpson
February 28, 2024
Page 2

> *Tel. Co. v. Northstar Wireless LLC*, Civil Action No. 15-0728 (CKK) (the "FCA Action"); and
>
> (2) All documents (including emails, text messages, and other communications) sent to or received from anyone associated with or employed by Hogan Lovells U.S., LLP that refer or relate to: (i) VTel; (ii) DISH; (iii) SNR; (iv) Northstar; or (v) the FCA Action; and
>
> (3) All documents (including emails, text messages, and other communications) sent to or received from anyone associated with or employed by Covington & Burling LLP that refer or relate to: (i) VTel; (ii) DISH; (iii) SNR; (iv) Northstar; or (v) the FCA Action; and
>
> (4) All documents (including emails, text messages, and other communications) sent to or received from anyone associated with or employed by the Executive Office of the President, 5 U.S.C. § 552(f), or the White House Office, as that term is used in the January 1, 1993 FOIA Memo on White House Records (available at https://www.justice.gov/oip/blog/foia-update-foia-memo-white-house-records) that refer or relate to (i) VTel; (ii) DISH; (iii) SNR; (iv) Northstar; or (v) the FCA Action.

We believe the officials most likely to have the requested records, or know where to locate them, include the following: Michael Granston, Deputy Assistant Attorney General, Commercial Litigation Branch (Michael.Granston@usdoj.gov); Jamie Yavelberg, Director, Fraud Section, Civil Division (Jamie.Yavelberg@usdoj.gov); Patricia Hanower, Assistant Director, Fraud Section, Civil Division (Patricia.Hanower@usdoj.gov); Benjamin Wei, Senior Trial Counsel (Benjamin.C.Wei@usdoj.gov); and Darrell C. Valdez, Assistant United States Attorney (darrell.valdez@usdoj.gov).  And to the extent it aids your search, the email domains of the law firms in question are @wilmerhale.com, @hoganlovells.com, and @cov.com.

As a reminder, FOIA requires agencies to release information unless it is specifically exempt from disclosure.  FOIA also requires agencies to release all reasonably segregable nonexempt portions of documents, *i.e.*, to redact exempt portions of documents and release the rest. *See* 5 U.S.C. § 552(a)(8).

To the extent possible, we prefer to receive documents in electronic format.  We agree to pay reasonable fees associated with this request. If these fees exceed $1,000, however, please notify me for approval.

We respectfully ask that this FOIA request be processed on an expedited basis.  This request qualifies for expedition under three of the four situations outlined by the Department on its website, https://www.justice.gov/oip/make-foia-request-doj.

*First*, the information requested is urgently needed to inform the public concerning some actual or alleged federal government activity, and the request is made by a person primarily engaged in disseminating information to the public. The records sought by this FOIA request will reveal whether the government is acting in good faith in seeking to dismiss the FCA Action, and Vermont

Kenneth Hendricks
Arla Witte-Simpson
February 28, 2024
Page 3

National Telephone Company, as a *qui tam* relator, is actively engaged in opposing such dismissal in federal district court.

*Second*, absent expedition, Vermont National Telephone Company will suffer the loss of substantial due process rights because it will be forced to oppose dismissal of the FCA Action without critical evidence of that bears directly on the government's good faith or lack thereof.

*Third*, the subject of the request is of widespread and exceptional media interest and the information sought involves possible questions about the government's integrity which affect public confidence. As stated, the communications sought by this request raise serious issues about the government's conduct in seeking dismissal of the FCA Action.

Please contact me via telephone or email if you have questions regarding this request. Thank you for your assistance and prompt reply.

Sincerely,

*Bennett L. Ross*

Bennett L. Ross

*Counsel for Relator Vermont National Telephone Co.*

Cc:   Michael Granston
      Jamie Yavelberg
      Patricia Hanower
      Benjamin Wei
      Darrell Valdez

wiley.law

A-3



**U.S. Department of Justice**

Executive Office for United States Attorneys

Freedom of Information and Privacy Staff   Suite 5.400, 3CON Building   (202) 252-6020
175 N Street, NE
Washington, DC 20530

March 01, 2024

VIA

Bennett Ross
Wiley Rein, LLP
2050 M Street NW
Washington, DC 20036

      Re: Request Number: EOUSA-2024-001342
      Date of Receipt:     March 01, 2024
      Subject of Request: Third party information (Items 1-4)

Dear Bennett Ross:

    This letter acknowledges receipt of your Freedom of Information Act/Privacy Act (FOIA) request in the Executive Office for United States Attorneys (EOUSA). Your request has been assigned tracking number EOUSA-2024-001342. Please refer to this number in any future correspondence with this Office.

    You have requested records concerning a third party. To the extent that non-public responsive records exist, without consent, proof of death, or an overriding public interest, disclosure of law enforcement records concerning an individual could reasonably be expected to constitute an unwarranted invasion of personal privacy. *See* 5 U.S.C. § 552(b)(6) & (b)(7)(C). Because any non-public records responsive to your request would be categorically exempt from disclosure, this Office is not required to conduct a search for the requested records. Please be advised that we have considered the foreseeable harm standard when reviewing records and applying FOIA exemptions.

    Should you obtain the written authorization and consent of the third party for release of the records to you, please submit a new request for the documents accompanied by the written authorization. A form is enclosed to assist you in providing us the authorization and consent of the subject of your request. Your name should appear in the section titled "Optional." The authorization must be notarized or signed under penalty of perjury pursuant to 18 U.S.C. § 1001. Please send your new request to 175 N Street, NE, Suite 5.400, Washington, DC 20530.

    This is the final action on this above-numbered request. If you are not satisfied with my response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an

account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal.  Your appeal must be postmarked or electronically transmitted within 90 days of the date of my response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

      You may contact our FOIA Public Liaison at the Executive Office for United States Attorneys (EOUSA) for any further assistance and to discuss any aspect of your request.  The contact information for EOUSA is 175 N Street, NE, Suite 5.400, Washington, DC 20530; telephone at 202-252-6020.  Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001; e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

      Sincerely,

      Kevin Krebs
      Assistant Director

Enclosure

A-5

U.S Department of Justice                    Certification of Identity               

FORM APPROVED OMB NO 1103-0016
EXPIRES 05 31 2023

Privacy Act Statement. In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S Department of Justice systems of records are not wrongfully disclosed by the Department. Requests will not be processed if this information is not furnished. False information on this form may subject the requester to criminal penalties under 18 U.S.C Section 1001 and/or 5 U.S.C Section 552a(i)(3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to the Office of Information and Regulatory Affairs, Office of Management and Budget Public Use Reports Project (1103-0016), Washington, DC 20503.

Full Name of Requester [1] _____

Citizenship Status [2] _____  Social Security Number [3] _____

Current Address _____

Date of Birth _____  Place of Birth _____

OPTIONAL: Authorization to Release Information to Another Person

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. Section 552a(b), I authorize the U.S Department of Justice to release any and all information relating to me to

_____
Print or Type Name

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C 552a(i)(3) by a fine of not more than $5,000.

Signature [4] _____  Date _____

---

[1] Name of individual who is the subject of the record(s) sought

[2] Individual submitting a request under the Privacy Act of 1974 must be either "a citizen of the United States or an alien lawfully admitted for permanent residence," pursuant to 5 U.S.C Section 552a(a)(2). Requests will be processed as Freedom of Information Act requests pursuant to 5 U.S.C Section 552, rather than Privacy Act requests, for individuals who are not United States citizens or aliens lawfully admitted for permanent residence

[3] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number the Department may be unable to locate any or all records pertaining to you.

[4] Signature of individual who is the subject of the record sought

A-6

FORM DOJ-361

Bennett L. Ross
202.719.7524
bross@wiley.law



Wiley Rein LLP
2050 M Street NW
Washington, DC 20036
Tel:  202.719.7000

March 4, 2024

Director
Office of Information Policy
United States Department of Justice
441 G Street, NW, 6th Floor,
Washington, D.C. 20530
**BY OIP FOIA STAR PORTAL AND CERTIFIED MAIL**

Re:  Freedom of Information Act Appeal - EOUSA-2024-001342

Dear Sir or Madam:

By letter dated February 28, 2024, Vermont National Telephone Company ("Vermont National") submitted to the Executive Office for United States Attorneys ("EOUSA") a request for records under the Freedom of Information Act ("FOIA"). Received on March 1, 2024, the EOUSA denied Vermont National's request that same day, purportedly because it requested "records concerning a third party" that are exempt from disclosure under FOIA Exemptions 6 and 7(C) ("EOUSA Decision").

Vermont National respectfully appeals the EOUSA Decision. Although the EOUSA did not bother to identify the "third party" that the requested records allegedly concern, Vermont National's FOIA request seeks documents sent to or received from three law firms as well as the White House relating or referring to specific topics involving various corporate and related entities and litigation to which these entities and Vermont National are parties. None of these records are exempt from disclosure under FOIA Exemptions 6 and 7(C).  In finding otherwise, the EOUSA Decision misconstrues both exemptions and contravenes the Department of Justice's Guide to the Freedom of Information Act ("DOJ FOIA Guide").

**FOIA Exemption 6**

According to the DOJ FOIA Guide, (p.1), "Exemption 6 protects information about individuals in 'personnel and medical files and similar files' when the disclosure of such information 'would constitute a clearly unwarranted invasion of personal privacy.'" Under the four-step analysis in which courts require an agency to engage in determining whether Exemption 6 protects against disclosure (which is nowhere addressed in the EOUSA Decision), the first step is to "determine whether the information at issue is a personnel, medical, or 'similar file.'" *See id.* (citing 5 U.S.C. § 552(b)(6)). Because "each step of the Exemption 6 analysis is dependent upon the prior step being satisfied," Exemption 6 is inapplicable when "the information in question does not satisfy the threshold requirement"—that is, it is not a personnel, medical, or similar file. *Id.* at 2; *see also New York Times Co. v. NASA*, 920 F.2d 1002, 1004 (D.C. Cir. 1990) (noting that "the tape must first satisfy the threshold requirement of being a 'similar file,'" and "[b]ecause the district court held that the tape did not constitute such a file, it never reached the second stage of the Exemption 6 analysis—whether the release of the file would result in a clearly unwarranted invasion of privacy").

Director
Office of Information Policy
March 4, 2024
Page 2

This threshold requirement, which the EOUSA Decision fails to consider, is not met here because Vermont National is not seeking records that involve personal information. Rather, Vermont National has requested business records contained in the business files of the agency. As the DOJ FOIA Guide makes clear, when the requested information "pertains to federal government employees but is essentially business in nature, rather than personal," Exemption 6 is inapplicable. *Id.* at 5 (citing *Protect Our Defs. v. DOD*, 401 F. Supp. 3d 259, 287 (D. Conn. 2019) ("The fact that agency work is attributed to a specific individual does not convert the record of that work to a 'similar file'"); *see also Fams. for Freedom v. U.S. Customs & Border Prot.*, 797 F. Supp. 2d 375, 388-89 (S.D.N.Y. 2011) ("[I]nformation that 'merely identifies the names of government officials who authored documents and received documents' does not generally fall within Exemption 6"); *Aguirre v. SEC*, 551 F. Supp. 2d 33, 54 (D.D.C. 2008) ("Correspondence does not become personal solely because it identifies government employees").

Even assuming this threshold requirement were met, which is not the case, "Exemption 6 cannot be invoked to withhold from a requester information pertaining only to him or herself." DOJ FOIA Guide at 7 (citing *DOJ v. Reps. Comm. for Freedom of the Press*, 489 U.S. 749, 771 (1989)). Here, Vermont National has requested records that pertain to Vermont National or that relate to litigation initiated by Vermont National, and such records cannot lawfully be withheld under Exemption 6. *See* H.R. Rep. No. 93-1380, at 13 (1974) ("[D]isclosure of information about a person to that person does not constitute an invasion of his privacy").

Nor can Exemption 6 be invoked to withhold records pertaining to corporations, which "do not possess personal privacy interests under the FOIA." DOJ FOIA Guide at 33 (citing *FCC v. AT&T, Inc.*, 562 U.S. 397, 403 (2011) (finding that in common usage the term "'[p]ersonal' ordinarily refers to individuals" and that the word is not used to "refer[] to corporations or other artificial entities"). Here, Vermont National has requested records that pertain to corporate entities (or their corporate representatives), and such records cannot lawfully be withheld under Exemption 6. *See Sims v. CIA*, 642 F.2d 562, 572 n.47 (D.C. Cir. 1980) ("Exemption 6 is applicable only to individuals"); *Nat'l Parks & Conservation Ass'n v. Kleppe*, 547 F.2d 673, 686 n.44 (D.C. Cir. 1976) (Exemption 6 does not "protect the privacy interests of businesses or corporations").

The EOUSA Decision also fails to acknowledge that any personal privacy interests in the requested records could be adequately protected by redacting "the identities of individuals mentioned in a document, coupled with release of the remaining material …." DOJ FOIA Guide at 81. Indeed, the DOJ FOIA Guide cites numerous cases—including the Supreme Court's decision in *Department of the Air Force v. Rose*, 425 U.S. 352 (1976)—in which courts have required the disclosure of requested records with personally identifying information redacted. *Id.* at 81-82; *see also Carter, Fullerton & Hayes LLC v. FTC*, 520 F. Supp. 2d 134, 148 (D.D.C. 2007) (finding agency properly released text of consumer complaints while redacting personal information pertaining to individual complainants). That the EOUSA failed to even consider the redaction option is sufficient grounds to grant Vermont National's appeal.

The EOUSA Decision also ignores that, when an agency engages in its Exemption 6 analysis, "'the presumption in favor of disclosure is as strong as can be found anywhere in the [Freedom of Information] Act.'" DOJ FOIA Guide at 2 (quoting *Multi AG Media LLC v. USDA*, 515 F.3d 1224, 1229 (D.C. Cir. 2008)) (internal quotation omitted); *see also Consumers' Checkbook Ctr. for the Study of Servs. v. HHS*, 554 F.3d 1046, 1057 (D.C. Cir. 2009) (stating that FOIA's

wiley.law

Director
Office of Information Policy
March 4, 2024
Page 3

"'presumption favoring disclosure . . . is at its zenith under Exemption 6'") (quotation omitted). The EOUSA had the burden to justify its withholding under Exemption 6 "since the presumption in favor of disclosure under this exemption is as strong as that with other exemptions." *See Laws.' Comm. for Civ. Rts. of S.F. Bay Area v. Dep't of the Treasury*, No. 07-2590, 2008 WL 4482855, at *20 (N.D. Cal. Sept. 30, 2008). The EOUSA failed to satisfy this burden, and thus Vermont National's appeal must be granted.

**FOIA Exemption 7(C)**

The EOUSA Decision denying Vermont National's FOIA request also cannot be justified under Exemption 7(C), which "is the law enforcement counterpart to the privacy protection afforded under Exemption 6." DOJ FOIA Guide at 1. As an initial matter, Exemption 7 requires that the "records or information [be] compiled for law enforcement purposes," and federal agencies "must meet the threshold requirements of Exemption 7 before they may withhold requested documents on the basis of any of its subparts," including subpart (C). *Id.* (citing *Pub. Emps. for Env't Resp. v. U.S. Section, Int'l Boundary & Water Comm'n, U.S.-Mex.*, 740 F.3d 195, 202-03 (D.C. Cir. 2014) (holding that "[t]o fall within Exemption 7, documents must first meet a threshold requirement: that the records were 'compiled for law enforcement purposes'"). The EOUSA Decision does not address this threshold issue, which is fatal to its withholding of records under Exemption 7(C). *See Pratt v. Webster*, 673 F.2d 408, 420-21 (D.C. Cir. 1982) (reiterating that Exemption 7 is not intended to "include investigatory activities wholly unrelated to law enforcement agencies' legislated functions of preventing risks to the national security and violations of the criminal laws and of apprehending those who do violate the laws").

Even assuming Exemption 7 were otherwise applicable here, which is not the case, there is no significant privacy interest in the records requested by Vermont National under Exemption 7(C), for the same reasons explained above regarding Exemption 6. First, Exemption 7(C) cannot be invoked to withhold records requested by Vermont National that pertain to Vermont National or that relate to litigation initiated by Vermont National. FOIA Update, Vol. X, No. 2, at 5 ("OIP Guidance: Privacy Protection Under the Supreme Court's *Reps. Comm.* Decision") (advising that, as a matter of sound administrative practice, "[a]n agency will not invoke an exemption to protect a requester from himself"). Second, Exemption 7(C) also cannot be invoked to withhold records requested by Vermont National that pertain to corporate entities or their corporate representatives. *See FCC v. AT&T, Inc.*, 562 U.S. 397, 409-10 (2011) ("the protection in FOIA against disclosure of law enforcement information on the ground that it would constitute an unwarranted invasion of personal privacy does not extend to corporations").

Finally, as with Exemption 6, when applying Exemption 7(C), courts have required agencies to address whether they could redact the requested documents to protect individual privacy interests, while releasing the remaining information, which the EOUSA Decision failed to do. *See Am. Immigr. Council v. ICE*, 464 F. Supp. 3d 228, 239 (D.D.C. 2020) (finding "no genuine dispute that the government can adequately protect whatever minimal privacy interests the detainees have in their birthdates by redacting the date but not the month and year …"); *Canning v. DOJ*, No. 01-2215, slip op. at 19 (D.D.C. Mar. 9, 2004) (finding application of Exemption 7(C) to entire documents rather than to personally identifying information within documents to be overly broad); *Prows v. DOJ*, No. 90-2561, 1996 WL 228463, at *3 (D.D.C. Apr. 25, 1996) (concluding that rather

wiley.law

Director
Office of Information Policy
March 4, 2024
Page 4

than withholding documents in full, agency simply can delete identifying information about third-party individuals to eliminate stigma of being associated with law enforcement investigation).

For the foregoing reasons, Vermont National's appeal should be granted, and the requested records should be produced promptly. Thank you for your prompt attention to this matter.

Sincerely,

*Bennett L. Ross*

Bennett L. Ross

*Counsel for Relator Vermont National Telephone Co.*

Cc:     Darrell Valdez

wiley.law

Via Email                                                                                       March 15, 2024

Bennett L. Ross, Esq.                                                     Request No.    145-FOI-20381
Wiley Rein, LLP                                                                                        SBL:KH
2050 M Street, NW
Washington, DC  20036
bross@wiley.law

Dear Mr. Ross:

  This letter acknowledges our receipt of your Freedom of Information Act (FOIA) request dated February 28, 2024, in which you requested records sent to or received by anyone associated with Wilmer Cutler Pickering Hale and Dorr, LLP; Hogan Lovells, Covington & Burling; and the White House concerning VTel, DISH, SNR, Northstar, or *United States ex rel. Vermont National Telephone Company v. Northstar Wireless LLC*, 15-cv-00728 from January 1, 2023, to the present.  Your request was received on March 6, 2024 and assigned case tracking number 145-FOI-20381.

  You requested expedited processing of your FOIA request pursuant to the Department's standard permitting expedition for requests involving "[a]n urgency to inform the public about an actual or alleged federal government activity, if made by a person primarily engaged in disseminating information."  *See* 28 C.F.R. § 16.5(e)(1)(ii).  You also requested expedited processing involving a "loss of substantial due process rights." 28 C.F.R. § 16.5(e)(1)(iii) (2019).  Finally, you requested expedited processing for requests involving "[a] matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence." *See* 28 C.F.R. § 16.5(e)(1)(iv) (2022).

  Based on the information you provided, I have determined that your request for expedited processing under the second and third standards should be denied.  With regard to the second standard, your request did not provide information on how you are primarily engaged in disseminating information under the above-noted standard, nor did it provide sufficient rationale for processing your request on an expedited basis.  As to the third standard, courts only grant expedited processing if a requester can show (1) "that [he] is facing grave punishment [in a criminal proceeding], and (2) that there is reason to believe information will be produced to aid the individual's defense." *See* Freedman v. DOJ, No. 92-0557, slip op. at 4 (D.D.C. Oct. 2, 1992)

A-11

Pursuant to Department policy, we directed your request to the Director of the Department's Office of Public Affairs, who makes the decision whether to grant or deny expedited processing under this standard. *See id.* at § 16.5(e)(2). The Director has determined that your request for expedited processing should be denied. He has determined that your request is not the subject of widespread and exceptional media interest and does not pertain to a matter "in which there exist possible questions about the [federal] government's integrity which affect public confidence." Although we have denied your request for expedited processing, we have assigned it to a Government Information Specialist.

Please be advised that the records you seek require a search in another Office in the Division, and so your request presents "unusual circumstances" under the FOIA. *See* 5 U.S.C. § 552(a)(6)(B)(iii)(I). Because of these unusual circumstances, we are extending the time limit to respond to your request beyond the ten additional days provided by the statute. We have not yet completed a search to determine whether there are records within the scope of your request. The time needed to process your request will necessarily depend on the complexity of our records search and on the volume and complexity of any records located. For your information, this Office assigns incoming requests to one of three tracks: simple, complex, or expedited. Each request is then handled on a first-in, first-out basis in relation to other requests in the same track. Simple requests usually receive a response in approximately one month, whereas complex requests necessarily take longer. At this time, your request has been assigned to the expedited track and will be processed as soon as practicable.

I regret the necessity of this delay, but I assure you that this Office will process your request as soon as possible. If you have any questions or wish to discuss reformulation or an alternative time frame for the processing of your request, you may contact the FOIA Public Liaison by telephone at 202-514-2319 or you may write to civil.routing.foia@usdoj.gov, or the FOIA and Privacy Office, Civil Division, Department of Justice, Room 8314, 1100 L Street NW, Washington, DC 20530. Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

If you are not satisfied with the Civil Division's determination in response to your request for expedited processing, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, DC 20530-0001, or you may submit an appeal through OIP's FOIA STAR portal by creating an account on the following website: https://foiastar.doj.gov. Your appeal must be postmarked or electronically transmitted within 90 days of the date of my response to your

request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

          Sincerely,

          /s/

          Kenneth Hendricks
          Senior Level Attorney Advisor
          FOIA and Privacy, E-Discovery, and
              Litigation Support
          Civil Division

Bennett L. Ross
202.719.7524
bross@wiley.law



Wiley Rein LLP
2050 M Street NW
Washington, DC 20036
Tel: 202.719.7000

wiley.law

**VIA ELECTRONIC MAIL AND CERTIFIED MAIL**

May 17, 2024

Kenneth Hendricks
Senior Level Attorney Advisor
FOIA and Privacy, E-Discovery, and
Litigation Support
Civil Division
950 Pennsylvania Avenue NW
Washington, DC  20530-0001

Re:  FOIA Request No. 145-FOI-20381

Dear Mr. Hendricks:

I am writing regarding the above-referenced request under the Freedom of Information Act ("FOIA") submitted to the Civil Division of the Department of Justice ("DOJ") on February 28, 2024, the receipt of which was acknowledged in your letter dated March 15, 2024.

Under the statute, the DOJ is required to act on FOIA requests within twenty business days unless a "request for clarification has been made" or "an issue is outstanding regarding the payment of fees for processing the FOIA request is pending." 5 U.S.C. § 552(a)(6); 47 C.F.R. § 0.461(g)(1). No such request has been made, nor is any outstanding payment issue pending.  And yet the Civil Division has not provided the requested records.

Your letter purports to extend the deadline for doing so because the request allegedly "presents 'unusual circumstances' under the FOIA" due to the need to "search in another Office in the Division," which office your letter does not identify. However, the "unusual circumstances" under FOIA requires "the need to search for and collect the requested records *from field facilities or other establishments that are separate from the office processing the request*" and only then "to the extent reasonably necessary to the proper processing of the particular requests."  *See* 5 U.S.C. § 552(a)(6)(B)(iii)(I) (emphasis added). The requested records are not contained in any "field facilities" of the DOJ, nor are they to be found in any "establishments that are separate from" the Civil Division.

Even assuming the Civil Division could establish the existence of "unusual circumstances," which is not the case, it only would be permitted to extend the time for responding to this above-referenced request for records with written notice setting forth "the date on which a determination is expected to be dispatched," provided that such date does not "result in an extension for more than ten working days …."  5 U.S.C. § 552(a)(6)(B)(i). Although your letter does not provide a date by which the Civil Division will provide the requested records, the ten-business-day extension lapsed on April 17, 2024.

**A-14**

Kenneth Hendricks
May 17, 2024
Page 2

Under the circumstances, unless the Civil Division makes the requested records available before the end of this month, you will leave us with no choice but to pursue this matter in federal court.

Sincerely,

*Bennett L. Ross*

Bennett L. Ross

*Counsel for Relator Vermont National Telephone Co.*

wiley.law

A-15

Bennett L. Ross
202.719.7524
bross@wiley.law

# wiley

Wiley Rein LLP
2050 M Street NW
Washington, DC 20036
Tel: 202.719.7000

wiley.law

May 17, 2024

**VIA ELECTRONIC MAIL AND CERTIFIED MAIL**

Kevin Krebs
Assistant Director
Freedom of Information and Privacy Staff
Executive Office for United States Attorneys
Department of Justice
Suite 5.400, 3CON Building
175 N Street, NE
Washington, DC 20530

Re: Freedom of Information Act (FOIA) Request EOUSA-2024-001342, Appeal No. 2024-001021

Dear Mr. Krebs:

On May 10, 2024, an unidentified Freedom of Information Act ("FOIA") counselor left me a voice mail message regarding the above-referenced request for records and related appeal. According to this message, the Executive Office for United States Attorneys ("EOUSA") estimates that it will take "roughly four to six weeks" to resolve this appeal.

As noted in my letter of May 9, 2024, the appeal of EOUSA's determination that the requested records were exempt from disclosure under FOIA has been pending for more than two months, even though FOIA requires that appeals be resolved within 20 business days. 5 U.S.C. § 552(a)(6)(A)(ii). There is simply no reason that it should take EOUSA another month or more to resolve this appeal, particularly when there is no lawful basis to conclude that the requested records are exempt from disclosure under FOIA.

Under the circumstances, unless this appeal is resolved and the requested records are made available before the end of this month, you will leave us with no choice but to pursue this matter in federal court.

Sincerely,

*Bennett L. Ross*

Bennett L. Ross

*Counsel for Relator Vermont National Telephone Co.*

A-16