**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* VERMONT NATIONAL TELEPHONE COMPANY,<br><br>                      Plaintiff,<br><br>    v.<br><br>NORTHSTAR WIRELESS, LLC, *et al.*,<br><br>                      Defendants. | Civil Action No. 15-00728 (CKK) |

### RELATOR'S MOTION FOR LEAVE TO INTRODUCE FURTHER EVIDENCE RELEVANT TO THE GOVERNMENT'S MOTION TO DISMISS

**I.    INTRODUCTION AND SUMMARY**

Pursuant to Fed. R. Civ. P. 72(b)(3) and LCvR 72.3(c), Relator Vermont National Telephone Company ("Relator") hereby moves for leave to introduce further evidence relevant to the Department of Justice's ("DOJ") pending motion to dismiss. Dkt. 189. The DOJ's motion to dismiss rests heavily on its representations to the Court about the "significant resource drain" on the government associated with the allegedly "significant discovery burdens" facing the Federal Communications Commission ("FCC") and "five other agencies" that, according to the DOJ, had "yet to complete their response to subpoenas issued in this case." Dkt. 189 at 20.

A document produced by the DOJ just last month in response to Relator's two-year old Freedom of Information Act ("FOIA") request confirms that these representations were misleading at best and untrue at worst. That document, which is a January 22, 2024 email to the DOJ from Defendants' counsel, indicates that three (and possibly four) of those agencies *had already completed their responses to Defendants' subpoenas when the DOJ moved to dismiss* in March 2024. Under the circumstances, these agencies do not face any "discovery burdens"—let

alone a "significant resource drain"—from continued litigation of Relator's case, notwithstanding the DOJ's representations otherwise.

The DOJ refused Relator's invitation to correct the record. Therefore, Relator moves to introduce as further evidence the attached Declaration of Bennett L. Ross ("Ross Declaration").

In accordance with LCvR 7(m), undersigned counsel conferred with counsel for the DOJ before filing this motion. The DOJ opposes the motion.

## II.     LEGAL STANDARD

Rule 72(b) of the Federal Rules of Civil Procedure sets forth the procedure for review of dispositive motions that have been referred to a magistrate judge for a Report and Recommendation. Following the submission of a Report and Recommendation, any party may file objections to the proposed findings and recommendations and the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). Although an objecting party may not present "new initiatives" to the district judge, *Taylor v. District of Columbia*, 205 F. Supp. 3d 75, 79 (D.D.C. 2016), a district court has the discretion to consider evidence outside the record before the magistrate judge. *See* Fed. R. Civ. P. 72(b)(3) ("The district judge may ... receive further evidence").

In *Goodwin v. Syrian Arab Republic*, Case No. 23-00267 (CKK/GMH), 2025 U.S. Dist. LEXIS 67002 (D.D.C. April 8, 2025), this Court exercised its discretion to receive further evidence when reviewing a report and recommendation. In that case, following the Court's referral, the magistrate judge issued a report and recommendation on the plaintiff's motion for default judgment against the Syrian Arab Republic ("Syria"). The magistrate judge recommended that the motion be denied for lack of subject-matter jurisdiction because the

2

plaintiff had not overcome Syria's sovereign immunity to suit under the Foreign Sovereign Immunities Act ("FISA").

The plaintiff objected, arguing that new evidence not presented to the magistrate judge—which consisted of facts in a supplemental declaration from the plaintiff elaborating on his experiences in Syria—deprived Syria of its sovereign immunity. *Id.* at *19. While finding that these facts "should have been included in [the plaintiff's] original affidavit in support of his motion for default judgment," the Court exercised its discretion under Rule 72(b)(3) to "receive further evidence," reasoning that denying the plaintiff's motion would "hinder the interests of justice" and that Syria was "not prejudiced" by the acceptance of the new evidence. *Id.* at *20–21. The Court agreed that the record before the magistrate judge was insufficient to establish subject-matter jurisdiction but concluded that the plaintiff's "newly proffered evidence compels a different result" because it had subject-matter jurisdiction based "[o]n the record as now supplemented." *Id.* at 2.

## III.   DISCUSSION

Consistent with its reasoning in *Goodwin*, the Court should exercise its discretion to receive the Ross Declaration as further evidence in considering the DOJ's motion to dismiss. First, the interests of justice are served by the Court having the truth about the discovery burdens purportedly facing the government if Relator's case were to continue. *See, e.g.*, *United States v. Norris*, 873 F.2d 1519, 1526 (D.C. Cir. 1989) ("The trial judge is properly governed by the interest of justice and truth[] and is not compelled to act as if he were merely presiding at a sporting match") (quotation omitted), *cert. denied*, 493 U.S. 835 (1989).

In seeking dismissal of Relator's case, the DOJ repeatedly represented that continued litigation "will impose a significant resource drain on the United States." Dkt. 189 at 19.

According to the DOJ, the "significant resource drain" on the government was associated with the allegedly "significant discovery burdens" facing the FCC and "*five other agencies*" that "*have yet to complete their response to subpoenas issued in this case.*" Dkt. 189 at 19–20 (emphasis added).  According to the DOJ, the five federal agencies that had yet to complete their responses to Defendants' subpoenas were the Department of Interior, Department of the Navy, Department of Commerce, Department of the Army, and Department of the Air Force.  *Id.* at 20.

The DOJ repeated this representation in its Response to Relator's Objections to the Magistrate's Report and Recommendation.  In this filing, the DOJ pointed to the purported "burden created by the need for the FCC and *five other government agencies* (Department of Interior, Department of Commerce, Department of the Army, Department of the Navy, and Department of the Air Force) *to respond to discovery requests* and to prepare government witnesses for depositions."  Dkt. 227 at 15–16 (emphasis added).[1]

The DOJ's representations about the discovery burdens facing the five government agencies other than the FCC are squarely contradicted by a January 17, 2024 email from Jonathan Diesenhaus, counsel to the SNR Defendants, to Ben Wei with the Civil Division and a member of the U.S. Attorney's Office for the District of Columbia whose name was redacted ("January 2024 Email").  Exhibit BR-2.  Relator recently received the January 2024 Email when the Civil Division provided Relator with a copy on January 22, 2026, in response to Relator's FOIA request submitted to the DOJ two years ago.  Ross Declaration ¶ 8; Exhibit BR-1.

In the January 2024 Email, Mr. Diesenhaus provided the DOJ with an "update" on the status of responses to written discovery from "government third parties" "from whom

---

[1] All the purported discovery burdens facing the government arise from Defendants' discovery requests.  Relator did not subpoena any documents from the FCC or any other government agency in this case.

4

Defendants subpoenaed documents." Ross Declaration ¶ 10; Exhibit BR-2. According to the January 2024 Email, the Department of Interior and the Department of the Navy had each "completed its response" to Defendants' subpoena. So too had the Department of Commerce, specifically the National Oceanic and Atmospheric Administration ("NOAA"), other than a privilege log that NOAA had agreed to provide "within the next week." Exhibit BR-2. The January 2024 Email also reflects that the Department of the Army had "indicated that it will make its document production within the next two weeks," or by the end of January 2024. *Id.* According to the January 2024 Email, the only government agency that had "made no production" was the Department of the Air Force. Ross Declaration ¶ 11; Exhibit BR-2.

The January 2024 Email belies the DOJ's representations about the status of written discovery, at least with respect to the Department of Interior, the Department of Commerce, and the Department of the Navy. As far as Defendants were concerned, these three government agencies had, in fact, "completed" their responses to Defendants' subpoenas, except for the production of a single privilege log from NOAA that was expected shortly. Under the circumstances, continued litigation of Relator's *qui tam* action would not impose any "discovery burdens" on these three agencies—let alone result in a "significant resource drain"—because they had already completed their responses to Defendants' subpoenas when the DOJ moved for dismissal in March 2024. Ross Declaration ¶ 12; Exhibit BR-2.

The DOJ's representations regarding the "significant discovery burdens" and "significant resource drain" facing the government appear dubious in other respects. For example, in its motion to dismiss, the DOJ represented that Defendants expected NOAA "to perform additional searches and productions relating to internal communications with technical experts." Dkt. 188 at

5

14. However, nothing in the January 2024 Email reflects any such expectation on Defendants' part. Ross Declaration ¶ 13; Exhibit BR-2.

Likewise, based on the timeframes outlined in the January 2024 Email, NOAA likely provided its privilege log, and the Department of the Army likely completed its document production prior to the DOJ moving for dismissal. If that is the case, the truthfulness of the DOJ's contention about "discovery burdens" is even more questionable. Ross Declaration ¶ 14.

Second, and in contrast to *Goodwin*, the further evidence Relator seeks to introduce was not available when Relator filed its opposition to the DOJ's motion to dismiss or when it filed its objections to the Magistrate Judge's Report and Recommendation. The Civil Division only produced the January 2024 Email on January 22, 2026, even though Mr. Wei was a recipient of the January 2024 Email and thus the Civil Division had been in possession of this document for two years. Ross Declaration ¶ 21. And the untimely production of the January 2024 Email occurred despite the Civil Division repeatedly representing to the Magistrate Judge to whom this Court referred Relator's FOIA action that the Civil Division had responded fully and completely to Relator's FOIA request. Ross Declaration ¶¶ 6–7.[2]

Finally, the DOJ is not prejudiced by the Court's consideration of evidence that Relator should have been able to present in opposing the DOJ's motion to dismiss, had the DOJ complied with its FOIA obligations. Indeed, in seeking dismissal of Relator's case, the DOJ did

---

[2] The DOJ's failure to timely produce the January 2024 Email is not an isolated occurrence. Indeed, just last week, the Civil Division acknowledged that it had located an additional 193 pages responsive to Relator's FOIA request that had not been produced previously. Ross Declaration ¶ 22; Exhibit BR-5. It is impossible to know at this juncture whether any of these additional documents, which the Civil Division has yet to produce, also bear on the merits of the DOJ's motion to dismiss. But at the very least, the Civil Division's failure to produce nearly 200 pages of documents makes untrue the DOJ's repeated representation to the Magistrate Judge that the Civil Division had located and produced all responsive agency records. Ross Declaration ¶ 23.

6

not characterize its burden rationale as forward-looking or speculative; rather it made specific assertions about the status and burdens of discovery currently facing specific federal agencies (albeit without any evidentiary support).  If the factual bases of those assertions are inaccurate or incomplete—as the January 2024 Email reflects is the case—the Court should know that before resolving the motion to dismiss.

The lack of prejudice to the DOJ is further underscored by the agency's refusal to correct the record, despite Relator's urging that it do so.  Ross Declaration ¶ 15; Exhibit BR-3.  Instead of simply admitting its mistake, the DOJ seeks to excuse its misrepresentations to the Court by insisting that they are "legally irrelevant."  Ross Declaration ¶ 16; Exhibit BR-4, at 2.  But it is not for a litigant to determine whether its own misrepresentations to this Court are material.  And the DOJ's position cannot be reconciled with its obligation to ensure that its factual contentions have evidentiary support—particularly contentions *that are directly relevant to one of the key arguments purportedly supporting dismissal*.  At the end of the day, the DOJ's indifference to the underlying facts demonstrates precisely the problem with its position that the DOJ is entitled to dismissal whenever it pleases without evidence or support.[3]

---

[3]   While declining Relator's invitation to correct the record before the Court, the DOJ makes no attempt to reconcile the January 2024 Email with the accuracy of its representations about the status of written discovery from the five government agencies in question.  Instead, the DOJ mischaracterizes the January 2024 Email. Ross Declaration ¶¶ 17-18. The DOJ also posits about other discovery burdens on these five agencies "such as depositions or trial testimony," even though: (1) its motion to dismiss focused solely on the burdens associated with the production of documents and made no mention of depositions or trial testimony from these agencies; and (2) the only relevancy of discovery from these agencies relates to matters about which Defendants themselves can testify, which obviates the need for any depositions of or trial testimony from the government.  Ross Declaration ¶¶ 19-20.

## IV.  CONCLUSION

For the foregoing reasons, the Court should grant Relator's motion and accept as further evidence the attached Declaration of Bennett L. Ross.

Dated: February 23, 2026                                   Respectfully submitted,

By: */s/ Stephen J. Obermeier*
Stephen J. Obermeier (D.C. Bar # 979667)
Bennett L. Ross (D.C. Bar # 978122)
Bert W. Rein (D.C. Bar #067215)
Mark B. Sweet (D.C. Bar # 490987)
Kathleen C. Cooperstein (D.C. Bar # 1017553)
**WILEY REIN LLP**
2050 M Street, NW
Washington, DC 20036
(202) 719-7000
sobermeier@wiley.law

*Counsel for Relator Vermont National Telephone Co.*