**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

<table>
<tr>
<td>

UNITED STATES OF AMERICA *ex rel.*
VERMONT NATIONAL TELEPHONE
COMPANY,

       Plaintiff,

    v.

NORTHSTAR WIRELESS, LLC, *et al.*,

       Defendants.

</td>
<td>

Civil Action No. 15-0728 (CKK)

</td>
</tr>
</table>

**ORDER**
(July 2, 2026)

This *qui tam* action under the False Claims Act arises from a 2014 auction for wireless spectrum licenses issued by the Federal Communications Commission.  The Relator, Vermont National Telephone Company, has alleged that the Defendants in this case defrauded the United States in this auction by falsely claiming certain credits intended for small businesses.

After nearly a decade of litigation, the Government moved to dismiss this case pursuant to 31 U.S.C. § 3730(c)(2)(A).  The Relator opposes the Government's motion.  The Relator has also moved for a share of certain payments that the Government has received from the Defendants, which the Relator argues are an "alternate remedy" that the Government has secured based on the claims at issue in this case.  The Government opposes the Relator's motion.

This Court referred this matter to Magistrate Judge Moxila A. Upadhyaya for a Report and Recommendation.  After considering the parties' thorough briefing and holding a hearing on the issues presented in the parties' motions, Magistrate Judge Upadhyaya recommended that this Court grant the Government's motion to dismiss and deny the Relator's motion for a share of the Defendants' allegedly related payments to the Government.

The Relator filed objections to Magistrate Judge Upadhyaya's Report and Recommendation, which the Government and the Defendants oppose. The Relator later filed a motion for leave to submit additional evidence in support of the Relator's objections, which the Government and the Defendants oppose. These submissions are fully briefed and ripe for decision.

One of the disputed issues that Magistrate Judge Upadhyaya addressed in her thorough and well-reasoned Report and Recommendation is the extent to which further proceedings in this case would impose burdensome discovery obligations on the Government. The Relator objects to Magistrate Judge Upadhyaya's recommendation that this Court grant the Government's motion to dismiss in part based on the Government's representations about discovery burdens. In its motion for leave to submit additional evidence, the Relator proposes to supplement the record with additional information about this issue.

With the consent of the Government, the Relator now moves the Court to (1) hold in abeyance the determination of objections to Magistrate Judge Upadhyaya's Report and Recommendation, and (2) amend the scheduling and procedures order governing this action to allow a six-month period of discovery between the Relator and the Defendants, to be followed by a two-month period in which the Government will evaluate whether to proceed with or to withdraw its motion to dismiss. Relator's Mot., Dkt. No. 240. Under the Relator's proposal, during the six-month period of discovery between the Relator and the Defendants, there would be no discovery of the Government, and the parties would be required to negotiate in good faith stipulations of fact to narrow or eliminate the need for any such discovery. *Id.* The Relator proposes that, if the Government elects to withdraw its motion to dismiss after discovery between the Relator and the Defendants is complete, the Defendants would then have three months to complete discovery from the Government. *Id.*

The Government consents to the Relator's proposal, but the Defendants oppose it and intend to file a response.  The Government also intends to file a response after reviewing the Defendants' submission.

Upon consideration of the Relator's [240] Motion, the relevant legal authority, and the entire present record, it is **ORDERED** that further proceedings on the Government's [189] Motion to Dismiss and the Relator's [233] Motion for Leave to Introduce Further Evidence are hereby **STAYED** pending resolution of the Relator's recently filed [240] Motion.

It is further **ORDERED** that the Defendants shall file a response to the Relator's [240] Motion on or before **July 14, 2026**.  The Government shall file any response to the Relator's [240] Motion and the Defendants' responsive submission on or before **July 21, 2026**.  The Relator shall file any reply in support of its [240] Motion on or before **July 28, 2026**.

Until further order of the Court, the existing scheduling and procedures orders remain in effect and no further discovery shall take place in this action.

**SO ORDERED.**

**Dated:**  July 2, 2026

_____
COLLEEN KOLLAR-KOTELLY
United States District Judge